UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMED AMIR,<br><br>       Plaintiff,<br><br>       v.<br><br>UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)     Civil Action No. 08-522 (RMC)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT'S MOTION FOR AN *OPEN AMERICA* STAY

Plaintiff brings this action against the United States Department of Homeland Security ("DHS" or "Defendant"), pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking the immediate production of agency records requested by plaintiff Mr. Mohamed Amir ("Plaintiff") concerning Citizen and Immigration Service's denial of his request for permanent legal residence. Defendant hereby respectfully moves pursuant to 5 U.S.C. § 552(a)(6)(C) and *Open America v. Watergate Spec. Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976), for a twelve month stay of this action to allow Defendant additional time to process Plaintiff's pending FOIA request at issue in this action.

In support of this Motion, Defendant respectfully refers the Court to the accompanying Memorandum of Points and Authorities and exhibits attached thereto. Undersigned counsel contacted Plaintiff's counsel to obtain his position on this Motion, but Plaintiff's counsel was not available.

Dated: May 22, 2008
        Washington, DC

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____/s/_____
ALEXANDER D. SHOAIBI, D.C. BAR #423587
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 514-7236

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MOHAMED AMIR,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 08-522 (RMC)** |
| ) | |
| **DEPARTMENT OF HOMELAND SECURITY,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION FOR AN *OPEN AMERICA* STAY**

For the reasons stated below, Defendant Department of Homeland Security ("DHS," "Agency," or "Defendant") respectfully asks that the Court enter an order staying this action pursuant to 5 U.S.C. § 552(a)(6)(C) and *Open America v. Watergate Spec. Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976), so that Defendant will have sufficient time to process Plaintiff's Freedom of Information Act ("FOIA") request at issue in this action.

**PRELIMINARY STATEMENT**

Plaintiff brings this action under FOIA seeking the immediate production of certain agency records requested by Plaintiff from Defendant regarding Citizen and Immigration Services' denial of his request for permanent legal residence. Complaint at ¶ 1. Upon receipt of Plaintiff's FOIA request, defendant determined the location of the requested records, and determined that, based on the number of earlier pending requests, it will not be able to provide non-exempt responsive documents to Plaintiff for approximately one year. Due to an overwhelming volume of FOIA requests received by Defendant and its good faith due diligence to process them and address its FOIA backlog, the Court should stay this action for twelve months to allow Defendant additional time to process prior pending requests and to provide Plaintiff non-exempt responsive documents.

# BACKGROUND

## I.  SUMMARY OF PLAINTIFF'S COMPLAINT.

Plaintiff brings this action under FOIA seeking the immediate production of agency records requested by Plaintiff from Defendant regarding Plaintiff's application for Adjustment of Status to Lawful Permanent Resident and for Asylum, the material support exemption worksheet relevant to his case, and any other document in his file maintained by Defendant. *See* Complaint at ¶ 1 and January 10, 2008 letter from Plaintiff to Defendant, attached to Complaint.  According to the Complaint, at the time of its preparation on March 26, 2008, more than sixty days had passed since Plaintiff's FOIA request, and no notification had yet been received from Defendant. *See id.* at ¶ 7. Plaintiff asks this Court to declare Defendant's failure to disclose the records unlawful and to order Defendant to make these records available to Plaintiff. *See id.* at p. 2.

## II.  RELEVANT PROCEDURAL HISTORY.

### A.  Plaintiff Files His FOIA Request and NRC Provides an Initial Response.

Plaintiff filed a FOIA request with the National Records Center ("NRC") of the U.S. Citizenship and Immigration Services ("USCIS"), a component of Defendant, on January 10, 2008 (the "FOIA Request").  *See* FOIA Request of 01/10/2008 attached to Complaint.  Plaintiff's FOIA Request sought the release of: (i) Any and all document(s) referring or relating to his application for Adjustment of Status to Lawful Permanent Resident;(ii) Any and all document(s) referring or relating to his application for Asylum; (iii) Any and all document(s) referring or relating to the material support exemption worksheet relevant to his case; and (iv) Any document within his file at the Department of Homeland Security.  *Id.*; *see also* Compl. at ¶ 5.  On January 18, 2008, the

NRC acknowledged receipt of the FOIA request with a letter in which it advised Plaintiff's counsel that requests are processed in the order of their receipt and that the request was assigned control number NRC2008003475. See Exhibit A to Declaration of Jill A. Eggleston ("Eggleston Decl."), which is attached as Exhibit 1.

**B.    Plaintiff's Records are Located.**

On the same date it responded to Plaintiff's FOIA request, January 18, 2008, the NRC, based on Plaintiff's name, alien number, date of birth, and description of sought-after records, conducted an electronic search for responsive files within the agency's system of records known as the Alien File/Central Index System, A-File/CIS 001 (formerly Justice/INS 001A). See Eggleston Decl. at ¶11. The search revealed that the only relevant records were physically located at the USCIS Nebraska Service Center. Id. The file was requested on January 18, 2998, and was scanned into the instant case on January 30, 2008. Id.

**C.    Plaintiff Files this Action.**

As noted in the attached Declaration of Jill E. Eggleston, Plaintiff's FOIA request has been assigned Track II processing. Eggleston Decl. at ¶ 12. Pursuant to applicable DHS regulations, USCIS processes FOIA requests according to their order of receipt on a "first-in, first-out" basis. Id. at ¶13. Based upon this policy, Plaintiff's FOIA request is, as of April 28, 2008, number 51,923 in the queue of 64,785 pending Track II Complex FOIA requests. Id. Ms. Eggleston estimates it will take an additional thirteen months to process and produce non-exempt responsive documents to Plaintiff. Id.

Plaintiff instituted this action on March 26, 2008 -- just over two months after Defendant acknowledged receipt of his initial FOIA request. See Docket Entry No. 1.

### III.    OVERVIEW OF USCIS FOIA PROCESSING.

#### A.    FOIA Requests Overwhelm USCIS and Exceed What Congress Anticipated.

On March 1, 2003, service and benefit functions of the U.S. Immigration and Naturalization Service transitioned into the Department of Homeland Security as USCIS. *See* About USCIS, http://www.uscis.gov/ (Last Checked: May 21, 2008). Since joining DHS, USCIS has received approximately 100,000 FOIA requests per year. *See* USCIS FOIA Annual Reports for FYs 2003 to 2006: Attached Ex. 2 (FY 2003) at 2; Attached Ex. 3 (FY 2004) at 2; Attached Ex. 4 (FY 2005) at 2; Attached Ex. 5 (FY 2006) at 1; Eggleston Decl. at ¶ 14 (FY 2007), Attached Ex. 1. Given this volume, "[a]cross the entire Federal government, USCIS receives the fourth-highest number of requests annually." *See* 2006 DHS FOIA Revised Operational Improvement Plan at 3, Attached Ex. 6.

Although the number of USCIS FOIA requests remained relatively steady from FY 2003 to FY 2005, the amount of money available for USCIS FOIA processes decreased in each of those years:

> FY 2003: $14.6 MM spent;
>
> FY 2004: $13.9 MM; and
>
> FY 2005: $11.3 MM.

*See* USCIS FOIA Annual Reports for FYs 2003 to 2005, Attached Ex. 2 (FY 2003) at 2, Attach E; Attached Ex. 3 (FY 2004) at 2, Attach E; Attached Ex. 4 (FY 2005) at 2, 10. Moreover, USCIS lost nearly 60 FOIA processors from FY 2005 to FY 2006. *See* 2006 DHS FOIA Revised Operational Improvement Plan at 4, Attached Ex. 6.

Given the number of FOIA requests USCIS annually receives and the above noted allocation of resources, FOIA requests overwhelmed USCIS in a manner unanticipated by Congress. Accordingly, a backlog of USCIS FOIA requests developed and increased each year from FY 2003 to 2006. *See id.* at 4.

**B.     DHS and USCIS Are Exercising Due Diligence and Taking Reasonable Steps to Reduce the Backlog**

Recognizing the growing backlog problem at USCIS and the need to promptly process FOIA requests, DHS began a proactive campaign to eliminate the backlog of USCIS FOIA requests. Indeed, in 2006, DHS issued a FOIA Revised Operational Improvement Plan to identify the root causes of DHS's FOIA backlog and present preliminary plans for backlog reduction and elimination. *See id.* at Preface. Recognizing that "the public deserves no less" than timely processing of FOIA requests, the Improvement Plan examined each DHS component's FOIA backlog. *Id.*

With regards to USCIS, the Improvement Plan noted that:

> The majority of USCIS's FOIA requests come from individuals and their representatives seeking information contained within USCIS's Alien Files (A-files). The information garnered from such requests, we presume, are (sic) used to apply for immigration benefits or to represent clients in proceedings pending before an immigration judge. As such, the use of the FOIA process, as a means of discovery in connection with immigration enforcement and court proceedings, and as an information source for genealogy studies are significant contributors to the growing backlog problem.

*Id.* at 3. The Improvement Plan went on to report that USCIS is taking steps to address these "two unique challenges," by "taking requests for genealogy information out of the FOIA process and including it in a newly established administrative information process[, and] establishing a third FOIA processing track for litigation-related information requests." *Id.*

Moreover, USCIS and U.S. Immigration and Customs Enforcement ("ICE") have formulated "a working group to establish a streamlined approach to processing both ICE and USCIS documents that are located in the A-Files." *Id.* at 4. This streamlined approach includes the development of "a guide delineating what sensitive information is protected in ICE documents, allowing USCIS to process any ICE records in the A-file. This process eliminates referring records to ICE for review and determination of releasability, which also results in unnecessary processing delay." *Id.*

Furthermore, in response to recommendations provided by DHS USCIS Ombudsman's office, USCIS has begun to update its FOIA processing technology, institute oversight mechanisms to adequately monitor the backlog, provide managerial accountability, implement adequate staff training, review resource allocation, assess decisions to centralize processing, enhance website usefulness, amend policy guidance, and process evaluations. *See id.* USCIS has also provided estimates to the DHS Chief FOIA Officer in which USCIS estimated that 211 new FOIA processors (in addition to the then existing 206) were needed to eliminate the USCIS backlog. *See id.* at 5.

Results for FY 2007 show that DHS's FOIA improvement initiatives have begun to reduce and address USCIS's FOIA backlog. Specifically, in FY 2007 USCIS received 81,317 new requests and processed 97,492 requests, thereby reducing its FOIA request backlog by 16,000 requests. *See* Eggleston Decl. at ¶ 14, Attached Ex. 1. Ms. Eggleston's Declaration further details the efforts USCIS has taken and will continue to take to reduce its FOIA backlog. *See* Eggleston Decl. at ¶ 15, Attached Ex. 1.[1]

---

[1]   Despite the tremendous strides USCIS has made in addressing its FOIA backlog, its existing resources are still inadequate to process and consider its volume of FOIA requests within the statutory time limits. *See* Eggleston Decl. at ¶ 16, Attached Ex. 1 (noting the median processing times for its FOIA requests).

- 6 -

Lastly, DHS has continued its efforts to improve its FOIA responses by setting processing goals for FOIA requests for upcoming years. Specifically, DHS has set FOIA processing goals for FYs 2008, 2009 and 2010 for each DHS component, including USCIS, in furtherance of Executive Order 13,392, "Improving Agency Disclosure of Information," which called on federal agencies to review their FOIA operations and develop concrete milestones for compliance. *See* DHS Backlog Reduction Goals for FY08, FY09, FY10, Attached Ex. 7.

In sum, DHS has taken aggressive, proactive steps to reduce its FOIA backlog, and formulated processes for promptly addressing future requests.

## ARGUMENT

### I. THE LEGAL STANDARD FOR A STAY OF FOIA PROCEEDINGS.

#### A. Statutory Time Limits.

FOIA requires an agency to determine within 20 days of the receipt of a request for records "whether to comply with such request[,]" and to "immediately notify the person making such request of such determination and the reasons therefor." 5 U.S.C. § 552(a)(6)(A)(i). This time limit can be extended by 10 working days if the agency determines that "unusual circumstances" exist. 5 U.S.C. § 552(a)(6)(B). Moreover, if a requester chooses to appeal an agency's response to a FOIA request, the agency has 20 working days after the agency receives such an appeal to process and decide it. *See* 5 U.S.C. § 552(a)(6)(A)(ii).

Exhaustion of administrative remedies is a prerequisite to filing suit under FOIA (*see Stebbins v. Nationwide Mut. Ins. Co.*, 757 F.2d 364, 366 (D.C. Cir. 1985)), but, as a general rule, if an agency does not respond within the statutory time limit, a plaintiff will be deemed to have "constructively" exhausted administrative remedies, and may proceed directly to court, without

having to actually exhaust.  5 U.S.C. § 552(a)(6)(c).

    **B.**    ***Open America* Stays.**

    Notwithstanding the above time limits, FOIA explicitly contemplates a stay of judicial proceedings in certain circumstances to allow an agency to conclude its FOIA processes. Specifically, 5 U.S.C. § 552(a)(6)(C)(i) provides that "the Government may obtain a stay of proceedings '[i]f the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request.'" *Elec. Frontier Found. v. U.S. Dep't of Justice*, 517 F. Supp. 2d 111, 116 (D.D.C. 2007) (Kollar-Kotelly, J.) (granting one-year *Open America* stay), *quoting* 5 U.S.C. § 552(a)(6)(C)(i).

    The leading case construing Section 552(a)(6)(C) is *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976), accordingly such stays are often referred to as "*Open America* stays."  In *Open America*, the D.C. Circuit held that an agency is entitled to additional time to process a FOIA request under section 552(a)(6)(C) when it:

> is deluged with a volume of requests for information vastly in excess of that anticipated by Congress, when the existing resources are inadequate to deal with the volume of such requests within the time limits of subsection (6)(A), and when the agency can show that it "is exercising due diligence" in processing the requests.

*Id.* at 616, *quoting* 5 U.S.C. § 552(a)(6)(C)).

    Congress embraced the holding of *Open America* in the Electronic Freedom of Information Amendments of 1996.  "The legislative history of the 1996 amendments reveals that Congress, having considered the decision in *Open America*, intended the amendments to be 'consistent with the holding in *Open America*,' and sought only to 'clarify that routine, predictable agency backlogs for FOIA requests do not constitute exceptional circumstances.'"  *Elec. Frontier Found.*, 571 F.

Supp. 2d at 116, *quoting* H.R. Rep. No. 104-795 at 24 (1996). Indeed, Congress codified the holding of *Open America*, but added two subsections to further clarify the grounds for an *Open America* stay:

> (ii) For purposes of this subparagraph, the term "exceptional circumstances" does not include a delay that results from a predictable agency workload of requests under this section, unless the agency demonstrates reasonable progress in reducing its backlog of pending requests.
>
> (iii) Refusal by a person to reasonably modify the scope of a request or arrange an alternative time frame for processing a request (or a modified request) under clause (ii) after being given an opportunity to do so by the agency to whom the person made the request shall be considered as a factor in determining whether exceptional circumstances exist for purposes of this subparagraph.

5 U.S.C. § 552(a)(6)(C)(ii), (iii). In light of this amendment, courts in this circuit have identified a four prong test to determine whether an *Open America* stay may be granted: (1) when an agency is "deluged with a volume of requests for information vastly in excess of that anticipated by Congress" (*Open Am.*, 547 F.2d 616); (2) when agency resources are inadequate to process the requests within the time limits set forth in the statute; (3) when the agency shows it is exercising due diligence; and (4) when the agency shows reasonable progress in reducing its backlog of requests. *See, e.g.*, *Elec. Frontier Found.*, 517 F. Supp. 2d at 120.

Because Defendant has, as detailed below, met the requirements for an *Open America* stay, the Court should stay this action for twelve months to allow Defendant to process Plaintiff's FOIA requests, which could resolve Plaintiff's claim without further litigation in this action or narrow the issues before the Court.

## II.    BASED UPON ITS FOIA WORKLOAD AND ITS EFFORTS TO REDUCE ITS BACKLOG, DEFENDANT HAS SHOWN THAT A STAY IS APPROPRIATE IN THIS CASE.

Defendant more than meets the legal standard for obtaining an *Open America* stay of this action. *First*, as noted above, USCIS receives approximately 100,000 FOIA requests each year. This burden was clearly not anticipated by Congress. Moreover, FOIA was "fundamentally designed to inform the public about agency action rather than to benefit private litigants or to serve as a tool of discovery." *See Mitsubishi Elec. Corp.*, 1976 WL 1310 at *7 (internal quotations omitted). Accordingly, a deluge of requests such as Plaintiff's FOIA Request, was plainly not contemplated by Congress upon the enactment of FOIA.

*Second*, USCIS's resources are clearly insufficient to process its FOIA workload within the statutory time limits. As noted above, despite the significant strides USCIS has made in improving its FOIA processing, the median processing times for its FOIA requests fall largely outside the limits set by the statute. *See, supra*, at n.1. Additionally, the insufficiency of USCIS FOIA resources are further evidenced by USCIS's continued efforts to hire more individuals to process its FOIA requests and appeals. *See* Eggleston Decl. at ¶¶ 15.f, 17, Attached Ex. 1.

*Third*, USCIS is exercising due diligence. As noted in detail above, USCIS has undertaken an improvement plan to more promptly respond to its FOIA workload and streamline its FOIA processing for common FOIA requests, including establishing Track III for A-File requests and planning to revamp its system to respond to genealogical requests. *See, supra*, at 15a-f.

*Lastly*, USCIS has taken and continues to take serious, direct, and good faith efforts to reduce and eliminate its FOIA backlog. The results of these efforts have begun to show as USCIS reduced its FOIA request backlog by 31% in FY 2007. *See also supra*.

Therefore, Defendant has met the requirements for an *Open America* stay in this action.

## **CONCLUSION**

For the foregoing reasons, the Court should stay this action for twelve months.  A proposed order is attached.

Dated: May 22, 2008
        Washington, DC

                                      Respectfully submitted,


                                       /s/
                             JEFFREY A. TAYLOR, D.C. BAR #498610
                             United States Attorney


                                         /s/
                             RUDOLPH CONTRERAS, D.C. BAR #434122
                             Assistant United States Attorney


                                         /s/
                             ALEXANDER D. SHOAIBI, D.C. BAR #423587
                             Assistant United States Attorney
                             555 4th Street, NW
                             Washington, DC 20530
                             (202) 514-7236

                             *Attorneys for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
MOHAMED AMIR,                                       )
                                                    )
                    Plaintiff,                      )
                                                    )
          v.                                        )      Civil Action No. 08-522 (RMC)
                                                    )
UNITED STATES DEPARTMENT OF                         )
HOMELAND SECURITY,                                  )
                                                    )
                    Defendant.                      )
_____             )

## [PROPOSED] ORDER

Upon consideration of Defendant's Motion for an *Open America* Stay, dated May 22, 2008,

and the record before the Court, and for good cause shown, it is hereby:

ORDERED that Defendant's motion is GRANTED;

ORDERED that this action is hereby stayed until May 22, 2009, or such other date as set

forth by further order of the Court.

SIGNED:


_____                        _____
Date                                     ROSEMARY M. COLLYER
                                         United States District Judge

EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| MR. MOHAMED AMIR | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| V. | ) |
| | )    Case No.:    08-0552(RMC) |
| | ) |
| U.S. DEPARTMENT OF HOMELAND | ) |
| SECURITY | ) |
| U.S. CITIZENSHIP & IMMIGRATION | ) |
| SERVICES | ) |
| | ) |

## DECLARATION OF JILL A. EGGLESTON

I, JILL A. EGGLESTON, hereby declare:

1.      I am the Assistant Center Director in the Freedom of Information and Privacy Act

(FOIA/PA) Unit, National Records Center (NRC), United States Citizenship and Immigration

Services (USCIS), within the Department of Homeland Security (DHS), in Lee's Summit,

Missouri. I have held the position of Director since February 4, 2008. I am also an attorney

licensed to practice law by the State of Kansas. I was admitted to the bar in 1983. Prior to

joining DHS in February of this year I served as Associate General Counsel for the Defense

Finance and Accounting Service, a position I held for 19 ½ years. As part of my duties with the

Department of Defense I provided legal advice to the agency on a number of issues, including

the release of information sought under the FOIA and PA statutes.

2.      As FOIA Officer for the NRC, I supervise over 100 information access

professionals who are responsible for the orderly processing of all public, congressional, judicial,

and inter-/intra-agency requests or demands for access to USCIS records and information

1

pursuant to the FOIA, Privacy Act, Executive Orders, departmental directives, regulations and compulsory legal process.

3.    Through the exercise of my official duties, I am generally familiar with Plaintiffs' civil action.  I make the following statements based upon my personal knowledge, upon information made available to me in my official capacity, and upon the advice and counsel of the USCIS Office of Chief Counsel.

4.    This Declaration is submitted in support of Defendant USCIS' Motion to Dismiss in the above-captioned matter, and also describes the exceptional circumstances that precipitated delay in responding to Plaintiffs' FOIA requests as well as the due diligence being exercised by the NRC to mitigate the length of delays.

## STANDARD FOIA OPERATING PROCEDURES

5.    The NRC routinely and consistently processes FOIA requests in compliance with DHS implementing regulations found at 6 C.F.R. Part 5 and Management Directive No. 0460.1: a) After determining the nature, scope, and contours of a valid FOIA request, a preliminary search is conducted to locate potentially responsive records; b) since FOIA requests are generally processed by the NRC on a first-in/first-out basis, the request is logged in the order of its receipt, into a computerized case tracking and retrieval system which automatically assigns a control number and tracks the file created; c) an acknowledgement letter is contemporaneously mailed to the requester, advising of the control number, processing fee arrangement, estimated time of response, processing options, and contact information, and addressing any collateral requests made by requester; d) during any abeyance in processing, periodic system inquiries are conducted to maintain updated information concerning the disposition of agency records that are subject to the pending FOIA request; e) if relevant records are in the possession of an office or

2

agency other than the responding office, a request for the production of the records is sent to the records' custodian(s) at that time; f) during the course of processing, the FOIA request and any responsive records are subjected to rigorous analyses to arrive at the proper final agency determination; and finally; g) the NRC sends its response to the requester, granting or denying, in whole or in part, access to requested records, and advising of any additional rights that may have vested in the requester by virtue of the final response.

6.    In an effort to process FOIA requests in a manner designed to be fair and expeditious, the USCIS has adopted a policy of processing such requests, and any backlog, on a first-in/first-out basis.  This process is further enhanced by the implementation of a regulation providing for expedited processing of requests under given circumstances, and the adoption of a multi-track system of processing which not only allows the agency to process requests on a first-in/first-out basis within each track, but also permits the USCIS to respond to relatively simple requests more quickly than requests involving complex and/or voluminous records.  The NRC's first-in/first-out and multi-track processing is consistent with the requirements set forth in Open America v. Watergate Special Prosecution Force.

7.    As of April 15, 2008, the NRC had 70,726 pending FOIA requests. Of those pending FOIA requests, 4,776 were assigned to the simple track, 65,408 were assigned to the complex/voluminous track, and 543 were assigned to the immigration litigation track.  The NRC processes on average 4,000 complex cases per month.

### FACTS REGARDING MOHAMED AMIR

8.    Plaintiff Mohamed Amir, submitted a FOIA request to the National Records Center (NRC), Lees Summit, Missouri, for:

3

- Any and All documents(s) referring or relating to my application for Adjustment of Status to Lawful Permanent Resident;

- Any and all document(s) referring or relating to my application for Asylum;

- Any and all document(s) referring or relating to the material support exemption worksheet relevant to my case; and

- Any document within my file at the Department of Homeland Security.

Mr. Amir requested that these documents and related correspondence be sent to his legal counsel, Alexander W. Sierck.

9.     On January 16, 2008, the FOIA request was received at the NRC.  Expedited treatment of this FOIA request was not requested.

10.     On January 18, 2008, in accordance with its normal operating procedures, the NRC acknowledged receipt of the FOIA request with an acknowledgment letter in which it advised Plaintiff's attorney that requests are processed in the order of their receipt and that the request was assigned control number NRC2008003475.  *See January 18, 2008 letter, attached hereto as Exhibit A.*

11.     On January 18, 2008, the NRC, based on Plaintiff's name, alien number, date of birth, and description of the sought-after record, conducted an electronic search for responsive files of the agency's system of records known as the Alien File/Central Index System, A-File/CIS – DHS/CIS 001 (formerly, Justice/INS 001A).[1]  The search revealed that the only relevant records were physically located at the USCIS Nebraska Service Center.  The file was requested on January 18, 2008, and was scanned into the instant case on January 30, 2008.

---

[1]     Although the USCIS is the official custodian of the *Alien-File/Central Index System*, as a shared system of records, other contributors to the system's files are ICE, Customs and Border Protection ("CBP"), and U.S. Department of State ("DOS").   Accordingly, Plaintiff's Alien-File contains documented transactions and interactions between Plaintiff and U.S. immigration authorities, whether such actions involved the USCIS, ICE, CBP, DOS, or a combination thereof.

4

12.     As of April 28, 2008, Plaintiff's request is currently 51,923 in the queue of 64,785 pending Track II Complex FOIA requests. Based on the number of requests ahead of Plaintiff's request, the NRC estimates that it will likely process and produce non-exempt responsive documents to Plaintiff within approximately 13 months.

13.     Notwithstanding these exceptional circumstances, Plaintiff's FOIA request has been processed in accordance with Title 28, Part 16 of the Code of Federal Regulations (C.F.R.) and Title 6 C.F.R. Part 5.5, which provides that requests are responded to according to their order of receipt on a first-in-/first-out basis. Defendant, DHS makes every effort to process FOIA requests in a manner designed to be both fair and expeditious. To this end, Plaintiff's FOIA request is being processed by the NRC on a first-in/first out basis in full compliance with Departmental regulations, policy and the law.

### USCIS'S FOIA FY 2007 PROCESSING RESULTS

14.     At the beginning of the Fiscal Year ending September 30, 2007 ("FY 2007"), USCIS had 96,325 FOIA requests pending from the preceding year. During FY 2007, USCIS received 81,317 new FOIA requests, and processed 97,492 requests; thereby reducing its FOIA request backlog by over 16,000 requests.

15.     Pursuant to DHS's FOIA Improvement Plan, during FY 2007, USCIS has taken and is taking the following steps, among others:

   a.  Genealogy cases have been segregated into a separate queue and are ready to be transferred to the newly formed genealogy group at USCIS HQ once the final rule is approved. USCIS estimates approximately 4,200 cases per year are genealogy related. This step will immediately reduce the USCIS FOIA backlog by approximately 3,000 cases.

   b.  USCIS completed the creation and implementation of Track III in March 30, 2007, giving priority processing to requests from individuals scheduled to appear before an immigration judge.

5

c.  USCIS implemented the ICE guidance in processing ICE A-file documents in April 2007, in both a written format to all USCIS FOIA employees as well as conducting on-site training.

d.  USCIS is working with the Office of Chief Counsel to streamline processing guidelines in order to reduce the amount of appeals filed and to ensure that cases are processed within legal parameters.

e.  USCIS reduced its request backlog by 31% in FY07.

f.  For FY08, approximately 43 contractor processors and approximately 13 term employees will be added to the USCIS FOIA processing staff and dedicated to eliminating the USCIS FOIA request backlog.

16.    Currently, USCIS's median processing time for FOIA requests during FY 2008 is as follows: (i) for Simple Track FOIA requests, 282 days; (ii) for Complex Track FOIA requests, 328 days; (iii) for Track III FOIA requests, 43 days; and (iv) for Expedited requests, 55 days. Of 1,559 requests for expedited treatment, USCIS granted expedited treatment to 86 requests.

17.    The USCIS backlog of FOIA requests is currently estimated to be eliminated within 18 - 24 months of the anticipated addition in FY 2008 of approximately 40 or more contractor processors and approximately 13 term employees dedicated to backlog reduction and elimination.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on ___May 7_____, 2008.


_____

Jill A. Eggleston
Assistant Center Director
Freedom of Information Act & Privacy Act
USCIS National Records Center



U.S. Department of Homeland Security
P.O. Box 648010
Lee's Summit, MO 64064-8010

U.S. Citizenship
and Immigration
Services

January 18, 2008

**NRC2008003475**

Alexander W. Sierck
Cameron & Hornbostel LLP
818 Connecticut Avenue NW, Suite 700
Washington, DC 20006

Dear Alexander W. Sierck:

We received your request for information relating to Mohamed Amir on January 18, 2008.

Your request is being handled under the provisions of the Freedom of Information Act (5 U.S.C. § 552). It has been assigned the following control number: NRC2008003475. Please cite this number in any further inquiry about this request.

In accordance with Department of Homeland Security Regulations (6 C.F.R. § 5.3(c)), your request is deemed to constitute an agreement to pay any fees that may be chargeable up to $25.00. Fees may be charged for searching for records sought at the respective clerical, professional, and/or managerial rates of $4.00/$7.00/$10.25 per quarter hour, and for duplication of copies at the rate of $.10 per copy. The first 100 copies and two hours of search time are not charged, and the remaining combined charges for search and duplication must exceed $14.00 before we will charge you any fees. Most requests do not require any fees; however, if fees in excess of $25.00 are required, we will notify you beforehand.

Additionally, we respond to requests on a first-in, first-out basis and on a multi-track system. This is to inform you that your request has been placed in the complex track. Since your request is on the complex track, you may wish to modify it to identify a specific document(s), the exact information sought, and location if known. Upon receipt, we will reconsider your request for eligibility for the faster track.

This office is now able to offer you the option of having your records copied to a Compact Disc (CD) for use on your personal computer. This option is an alternative to paper copies. The CD is readable on all computers through the use of Adobe Acrobat software. A version of Adobe Acrobat will be included on the CD. Your records can be viewed on your computer screen and can be printed onto paper. Only records 15 pages or more are eligible for CD printing. Attorneys automatically receive CDs, unless they contact us to request paper copies. Once an attorney has requested paper copies, all future responsive records will be provided via paper – there is no need to call again. For individuals (i.e., non-attorneys) please call our office at 816-350-5570 to order your record on CD. Once you request your records on either CD or paper, all future records will be furnished in the format you have requested.



NRC2008003475
Page 2

If you have any questions concerning your pending FOIA/PA request, please address them to this office, Attention: FOIA/PA Officer, or call us at 816-350-5570, or fax any FOIA/PA related correspondence to 816-350-5785. If you have questions concerning the status of a pending Application or Petition or any other type of immigration matter, you must contact your local District Office or call the National Customer Service Unit at 1-800-375-5283. The National Records Center cannot assist you concerning any pending Applications or Petitions or any other type of immigration matter. You may also check the status of your FOIA request by e-mailing USCIS.FOIA@DHS.GOV.

Sincerely,

T. Diane Cejka
Director

# EXHIBIT 2

FY 2003 FOIA Annual Report                                    Attachment A
Component Name:  Legacy Immigration and Naturalization Service
## II.  How to Make a FOIA Request

Provide a brief description of the component's response-time ranges.

The legacy Immigration and Naturalization Service (INS) was decentralized.  Legacy INS used a two-track system in its processing of requests (i.e., Track 1 – Simple requests - process in a brief time, 20 working days or less and Track 2 – Complex requests – require more than 20 working days to locate, review and prepare for disclosure).  The overall average age for processing requests for the fiscal year was 45 days.  Although legacy INS was not in compliance with the 20-day requirement, more than 58 percent of the field offices do meet the 20-day timeframe for responding to requests.

## IV.   Exemption 3 Statutes

A.  List of Exemption 3 statutes relied on by component during reporting fiscal year.

Please answer by listing the information in the following chart format.

| Statute/Rule | Type of Information Withheld | Case Citation |
|---|---|---|
| (List Exemption 3 statutes relied on.) | (Provide brief description of type of information withheld.) | (Cite court case that has upheld the statute.  If not upheld, write "None.") |
| 8 USC 1160(B)(6) | Information on Special Agricultural Workers | INS has not been challenged on this issue. |
| 8 USC 1186A(C)(4)(c) | Admission Qualifications for Alien's Travel Control of Citizens and Aliens | Aguila–Cisneros v. INS, C.A.6 2001, 5 Fed. Apprx 415 |
| 8 USC 1304 (B) | Registration of Aliens | U.S. v. Ritter, C.A.9 [Cal.], 1985, 752 F2d 435 |
| Rule 6 (e) of the Federal Rules of Criminal Procedures | Grand Jury Information | Aleman v.  Shapiro, No. 85-3313 (DDC June 30, 1986) |

FY 2003 FOIA Annual Report                                              Attachment B
Component Name: Legacy Immigration and Naturalization Service

## V.  Initial FOIA/PA Access Requests

**A.  Number of initial requests.**

*Total of the numbers in Lines 1 and 2, minus the number in Line 3,
should equal the number in               Line 4.  This should include
all access requests, whether first-party or third-party.*

      **1.  Number of requests pending as of end of preceding fiscal year**
        25,515

      **2.  Number of requests received during current fiscal year**
    144,559

      **3. Number of requests processed during current fiscal year**
        144,748

      **4. Number of requests pending as of end of current fiscal year**
        25,326
           **(Enter this number also in Line VII.B.1.)**

**B.  Disposition of initial requests.**

      **1.  Number of total grants**        54,959

      **2.  Number of partial grants**     50,755

      **3.  Number of denials**          485

        **a.  number of times each FOIA exemption used
           (counting each exemption once per request)**

           **(1)  Exemption 1**      8

           **(2)  Exemption 2**    3234

           **(3)  Exemption 3**     166

           **(4)  Exemption 4**      33

           **(5)  Exemption 5**    11,933

           **(6)  Exemption 6**    34,824

           **(7)  Exemption 7(A)**  7,151

           **(8)  Exemption 7(B)**   26

           **(9)  Exemption 7(C)**  25,207

           **(10) Exemption 7(D)**  1,078

           **(11) Exemption 7(E)**  8,021

           **(12) Exemption 7(F)**   33

FY 2003 FOIA Annual Report                                      Attachment B
Component Name:  Legacy Immigration and Naturalization Service

       (13) **Exemption 8** _____0_____

       (14) **Exemption 9** _____0_____

4.  **Other reasons for nondisclosure (total)** _38,549_

    a.  **No records** _12,063_

    b.  **Referrals** _84_

    c.  **Request withdrawn** _1,555_

    d.  **Fee-related reason** _924_

    e.  **Records not reasonably described** _9,453_

    f.  **Not a proper FOIA request for some other reason** _205_

    g.  **Not an agency record** _1,520_

    h.  **Duplicate request** _9,457_

    i.  **Other (specify)**

        Unable to locate _2,836_
        Old Records _452_

FY 2003 FOIA Annual Report                                    Attachment B
Component Name: Legacy Immigration and Naturalization Service

## VI. Appeals of Initial Denials of FOIA/PA Requests

• This should include all access requests, whether first-party or third-party.

• Both large and small agencies should provide information in the format presented below.

• Agencies may additionally use chart format for breakdown by multiple agency components.

A. Numbers of appeals. (NOTE: Appeals recording for legacy INS started 3/1/03 due to the agency switch to the Department of Homeland Security. The electronic process for maintaining these statistics was not completed until July '03. Therefore, the final totals are low. Further, as per the Department of Justice, Office of Information and Privacy, they will record any statistics prior to 03/01/03.)

    1. Number of appeals received during fiscal year   940

    2. Number of appeals processed during fiscal year   140

B. Disposition of appeals.

    1. Number completely upheld   1

    2. Number partially reversed   0

    3. Number completely reversed  0

      a. number of times each FOIA exemption used

      (counting each exemption once per appeal)

        (1) Exemption 1        N/A

        (2) Exemption 2        N/A

        (3) Exemption 3        N/A

        (4) Exemption 4        N/A

        (5) Exemption 5        N/A

        (6) Exemption 6        N/A

        (7) Exemption 7(A)   N/A

        (8) Exemption 7(B)     N/A

(9) Exemption 7(C)     <u>N/A</u>

(10) Exemption 7(D)     <u>N/A</u>

(11) Exemption 7(E)     <u>N/A</u>

(12) Exemption 7(F)     <u>N/A</u>

(13) Exemption 8     <u>N/A</u>

(14) Exemption 9     <u>N/A</u>

4. Other reasons for nondisclosure (total)   <u>139</u>

a. no records   <u>1</u>

b. referrals   <u>N/A</u>

c. request withdrawn   <u>N/A</u>

d. fee-related reason   <u>N/A</u>

e. records not reasonably described   <u>N/A</u>

f. not a proper FOIA request for some other reason   <u>N/A</u>

g. not an agency record     N/A

h. duplicate request   <u>N/A</u>

i. other (specify)   <u>139</u>   (Remands -  Cases returned to the original processing office for reprocessing)

FY 2003 FOIA Annual Report                                        Attachment C
Component Name: Legacy Immigration and Naturalization Service

# VII.   Compliance with Time Limits/Status of Pending Requests

*Using "working days," count days from the time at which a request is "perfected."*

*Separately report each track of a multi-track system, as well as an "expedited processing" track. A component may report any other type of request at its option.*

**A.** Median processing time for requests processed during the year.

    1.  Simple requests (if multiple tracks used)

        a.  Number of requests processed  <u>110,405</u>

        b.  Median number of days to process  <u>15</u>

    2.  Complex requests (specify for any and all tracks used)

        a.  Number of requests processed  <u>34,349</u>

        b.  Median number of days to process  <u>39</u>

    3.  Requests accorded expedited processing

        a.  Number of requests processed  <u>100</u>

        b.  Median number of days to process  <u>10</u>

**B.**  Status of pending requests.

*Components using multiple tracks should provide numbers for each track, as well as totals.*

    1.  Number of requests pending as of end of current fiscal year
Track 1 <u>13,929</u>
        (Enter this number from Line V.A.4.)
            Track 2 <u>11,397</u>

    2. Median number of days that such requests were pending as of that date
      Track 1 <u>40</u>
      Track 2 <u>76</u>

*Examples for calculation of median:*

*Given 7 requests completed during the fiscal year, aged 10, 25, 35, 65, 75, 80, and 400 days from date of perfection to date of completion, the total number of requests completed during the fiscal year would be 7 and the median*

*age of the completed requests would be 65 days.*

*If there were 6 pending cases aged 10, 20, 30, 50, 120, and 200 days from date of perfection to date of completion, the total number of requests completed would be 6 and the median age would be 40 days (the average of the 2 middle numbers).*

FY 2003 FOIA Annual Report                                              Attachment D
Component Name: Legacy Immigration and Naturalization Service

## VIII.    Comparisons with Previous Year(s)

**A.    Received Requests** - FY '02 – 130,511, FY '03 – 144, 559 – 14,048 more cases received in FY'03                (10% increase).

**B.    Processed Requests** - FY '02 - 133,368, FY'03 - 144,748; 11,380 more cases processed in FY'03

**C.    Median Processing** - FY '02 - Track 1 - 40, Track 2 - 68; FY'03 - Track 1 - 40, Track 2 - 76; Eight day increase for processing Track 2 cases (i.e., 12% increase).

**D.    Other statistics significant to component _____*

Expedited Requests  3,985 (NOTE: The median age for processing expedited requests is 11 days.)
Expedited Granted    100

**E.    Other narrative statements describing component efforts to improve timeliness of FOIA performance and to make records available to the public (e.g., backlog-reduction efforts; specification of average number of hours per processed request; training activities; public availability of new categories of records) Optional.**

Legacy INS started maintaining its own backlog reduction plan after the changed in the administration – from Department of Justice (DOJ) to the Department of Homeland Security (DHS). (In the fall of 2002, Attorney General Ashcroft placed this responsibility on the individual agencies to establish and monitor their backlogs.) A service-wide backlog reduction goal of 25 percent was targeted for FY'03. The goal however was not met because of the following factors:
1. ten percent increase in requests while the staff decreased by four percent;
2. a hiring freeze was imposed and;
3. the Centralization project was delayed pending the reorganization from DOJ to DHS.

*All components are asked to specify here the number of requests for expedited processing that were received, as well as the number granted.

FY 2003 FOIA Annual Report                                      Attachment E
Component Name:  Legacy Immigration and Naturalization Service

# IX.   Costs/FOIA Staffing

*Components such as EOUSA, Tax, Civil, and OIP should include attorneys who handle FOIA litigation in court.*

**A.  Staffing levels.**

    **1.  Number of full-time FOIA personnel** ___246___

    **2.  Number of personnel with part-time or occasional FOIA duties (in total work-years)** ___0___

    **3.  Total number of personnel (in work-years)** ___246___

**B.  Total costs (including staff and all resources).**

    **1.  FOIA processing (including appeals** ___$14,604,392___

    **2.  Litigation-related activities (estimated)** ___$82,116___
(35 attorneys @ 1800 hours)

    **3.  Total costs** ___$14,686,508___

    **4.  Comparison with previous year(s), including percentage of change (optional)**

In FY-02 legacy INS reported total costs of $12,256,282.  Costs for FY' 03 totaled $14,686,508. This costs shows an increase of resources by $2,430,226 (i.e., a 20 percent increase).  The increase is a result of additional hiring of contract workers.

**C.  Statement of additional resources needed for FOIA compliance (optional)**

Additional funding is not needed at this time.

# X.   Fees

*Includes charges for search, review, document duplication, and any other direct cost permitted under agency regulations.*

**A.  Total amount of fees collected for processing requests** ___$85,993___

**B.  Percentage of total costs** ___.05 %___

*\*In addition to personnel costs, this may include estimates for such items as photocopying, postage, data-processing services, and any items of overhead that are reasonably allocable to FOIA operations.*

*\*\*Provide best estimate in accordance with supplemental annual report guidance (Attachment F).  Also include such litigation-related activities as writing declarations, Vaughn Indexes, briefs, and letters, as well as and meetings, depositions, conferences, telephone calls, etc.*

Attachment F.  Supplemental Guidance on Annual FOIA Reports

http://www.usdoj.gov/oip/foiapost/2001foiapost13.htm

# EXHIBIT 3

FY 2004 FOIA Annual Report                                    Attachment A
Component Name:  U.S. Citizenship and Immigration Services
## II.  How to Make a FOIA Request

Provide a brief description of the component's response-time ranges.

U.S. Citizenship and Immigration Services  (USCIS) is decentralized.  USCIS uses a two-track system in its processing of requests (i.e., Track 1 – Simple requests - process in a brief time, 20 working days or less and Track 2 – Complex requests – require more than 20 working days to locate, review and prepare for disclosure). The overall average age for processing requests for the fiscal year was 40 days.

## IV.  Exemption 3 Statutes

### A.  List of Exemption 3 statutes relied on by component during reporting fiscal year.

**Please answer by listing the information in the following chart format.**

| Statute/Rule | Type of Information Withheld | Case Citation |
|---|---|---|
| (List Exemption 3 statutes relied on.) | (Provide brief description of type of information withheld.) | (Cite court case that has upheld the statute.  If not upheld, write "None.") |
| 8 USC 1160(B)(6) | Information on Special Agricultural Workers | INS has not been challenged on this issue. |
| 8 USC 1186A(C)(4)(c) | Admission Qualifications for Alien's Travel Control of Citizens and Aliens | Aguila-Cisneros v. INS, C.A.6 2001, 5 Fed. Apprx 415 |
| 8 USC 1304 (B) | Registration of Aliens | U.S. v. Ritter, C.A.9 (Cal.) 1985, 752 F2d 435 |
| Rule 6 (e) of the Federal Rules of Criminal Procedures | Grand Jury Information | Aleman v.  Shapiro, No. 85-3313 (DDC June 30, 1986) |
| 41 USC 253 B (M) | Prohibition on Release of Contractor Proposals | CIA v. Sims, 471 U.S. 159, 167, 105 S.Ct. 1881, 85 L. Ed2nd 173 (1985) |

FY 2004 FOIA Annual Report                                              Attachment B
Component Name: U.S. Citizenship and Immigration Services

# V. Initial FOIA/PA Access Requests

**A. Number of initial requests.**

*Total of the numbers in Lines 1 and 2, minus the number in Line 3, should equal the number in Line 4. This should include all access requests, whether first-party or third-party.*

    1. **Number of requests pending as of end of preceding fiscal year**    25,326

    2. **Number of requests received during current fiscal year**    149,868

    3. **Number of requests processed during current fiscal year**    133,997
    4. **Number of requests pending as of end of current fiscal year**    41,197
       **(Enter this number also in Line VII.B.1.)**

**B. Disposition of initial requests.**

    1. **Number of total grants**    40,971

    2. **Number of partial grants**    58,190

    3. **Number of denials**    404

        a. **number of times each FOIA exemption used**
           **(counting each exemption once per request)**

            (1) **Exemption 1**    3

            (2) **Exemption 2**    22,005

            (3) **Exemption 3**    230

            (4) **Exemption 4**    28

            (5) **Exemption 5**    28,776

            (6) **Exemption 6**    37,702

            (7) **Exemption 7(A)**    4,695

            (8) **Exemption 7(B)**    34

            (9) **Exemption 7(C)**    29,961

            (10) **Exemption 7(D)**    738

            (11) **Exemption 7(E)**    9,052

            (12) **Exemption 7(F)**    25

FY 2004 FOIA Annual Report                                    Attachment B
Component Name: U.S. Citizenship and Immigration Services

            **(13) Exemption 8** _____0_____

            **(14) Exemption 9** _____0_____

   **4. Other reasons for nondisclosure (total)** _34,432_

       **a. No records** ___12,456___

       **b. Referrals** _____397___

       **c. Request withdrawn** ___1,425___

       **d. Fee-related reason** _____999___

       **e. Records not reasonably described** __172_____

       **f. Not a proper FOIA request for some other reason** _8,101___

       **g. Not an agency record** _1,671_____

       **h. Duplicate request** _____8,521_____

       **i. Other (specify)**

           Unable to locate ___349_____
           Old Records _____341_____

FY 2004 FOIA Annual Report                                          Attachment B
Component Name:  U.S. Citizenship and Immigration Services

## VI. Appeals of Initial Denials of FOIA/PA Requests

• This should include all access requests, whether first-party or third-party.

• Both large and small agencies should provide information in the format presented below.

• Agencies may additionally use chart format for breakdown by multiple agency components.

  A.  Numbers of appeals.

   1. Number of appeals received during fiscal year    1,932

   2. Number of appeals processed during fiscal year    530

B. Disposition of appeals.

   1. Number completely upheld   23

   2. Number partially reversed     2

   3. Number completely reversed   1

      a. number of times each FOIA exemption used

      (counting each exemption once per appeal)

         (1) Exemption 1          0
         (2) Exemption 2          4
         (3) Exemption 3          0
         (4) Exemption 4          0
         (5) Exemption 5          7
         (6) Exemption 6         12
         (7) Exemption 7(A)       2
         (8) Exemption 7(B)       0
         (9) Exemption 7(C)       5
         (10) Exemption 7(D)      0
         (11) Exemption 7(E)      3
         (12) Exemption 7(F)      0
         (13) Exemption 8         0
         (14) Exemption 9         0

4. Other reasons for nondisclosure (total)   504

   a. no records   0

   b. referrals   0

   c. request withdrawn   17

   d. fee-related reason   0

   e. records not reasonably described   0

   f. not a proper FOIA request for some other reason   130

   g. not an agency record   0

   h. duplicate request   31

   i. other (specify)   326   (Remands –  Cases returned to the original processing office for reprocessing)

FY 2004 FOIA Annual Report            ·                        Attachment C
Component Name:  U.S. Citizenship and Immigration Services

# VII.  Compliance with Time Limits/Status of Pending Requests

*Using "working days," count days from the time at which a request is "perfected."*

*Separately report each track of a multi-track system, as well as an "expedited processing" track. A component may report any other type of request at its option.*

    **A.  Median processing time for requests processed during the year.**

        **1.  Simple requests (if multiple tracks used)**

            **a.  Number of requests processed**  107,958

            **b.  Median number of days to process**  16

        **2.  Complex requests (specify for any and all tracks used)**

            **a.  Number of requests processed**  26,039

            **b.  Median number of days to process**  31

        **3.  Requests accorded expedited processing**

            **a.  Number of requests processed**  580

            **b.  Median number of days to process**  8

**B.  Status of pending requests.**

*Components using multiple tracks should provide numbers for each track, as well as totals.*

        **1.  Number of requests pending as of end of current fiscal year** Track 1 26,960
            **(Enter this number from Line V.A.4.)**           Track 2 14,237

        **2.  Median number of days that such requests were pending as of that date**
            Track 1     33
            Track 2     92

*Examples for calculation of median:*

*Given 7 requests completed during the fiscal year, aged 10, 25, 35, 65, 75, 80, and 400 days from date of perfection to date of completion, the total number of requests completed during the fiscal year would be 7 and the median age of the completed requests would be 65 days.*

*If there were 6 pending cases aged 10, 20, 30, 50, 120, and 200 days from date of perfection to date of completion, the total number of requests completed would be 6 and the median age would be 40 days (the average of the 2 middle numbers).*

FY 2004 FOIA Annual Report                                                              Attachment D
Component Name:  U.S. Citizenship and Immigration Services

## VIII.  Comparisons with Previous Year(s)

**A. Received Requests** FY '03 – 144, 559;   FY '04 - 149868 ;  5,309 **more cases received in FY'04
(4% increase).**

**B. Processed Requests** –FY'03 – 144,748; FY '04 - 133,997;  10,751 **less cases processed in FY'04**

**C. Median Processing** –FY'03 – Track 1 – 40 days, Track 2 – 76 days; FY '04 Track 1 – 16 days;
     Track 2 – 31 days;  24-day decrease for processing Track 1 cases and 45 day decrease in Track 2 cases
(i.e., 50% decrease in median processing).

**D. Other statistics significant to component** _____*
          Expedited Requests  _580_  (NOTE:  The median age for processing expedited requests is 8 days.)
          Expedited Granted    _75_

**E.  Other narrative statements describing component efforts to improve timeliness of FOIA
performance and to make records available to the public (e.g., backlog-reduction efforts; specification
of average number of hours per processed request; training activities; public availability of new
categories of records) Optional.**

USCIS maintains its own backlog reduction plan.  During FY '04, it was our goal to reduce the prior years'
FOIA/PA backlog total by 25 percent.  Each regional, district, and service center directors were provided
their monthly targets for achieving the backlog.  However, the fiscal year was especially challenging in
achieving the backlog goals.  With the uncertainty of the division of the legacy INS work between the three
bureaus, delays in the implementation of the centralization of the workload within USCIS, coupled with the
freeze on filling vacant positions, affected backlog efforts.  Further, there was an unexpected increase in
receipts.  We attempted to decrease the backlog by having our National Records Center (NRC) FOIA/PA
office assist other field offices with taking either all or a portion of the workload. The NRC received and
completed nearly 50 percent of the cases. However, our efforts still were unable to make a significant
decrease in the backlog. We expect that with certain initiatives implemented in fiscal year 2005, we will be
able to turn the increase in the backlog around.

**\*All components are asked to specify here the number of requests for expedited processing that were received,
as well as the number granted.**

FY 2004 FOIA Annual Report                                          Attachment E
Component Name:  U.S. Citizenship and Immigration Services

# IX.  Costs/FOIA Staffing

*Components such as EOUSA, Tax, Civil, and OIP should include attorneys who handle FOIA litigation in court.*

**A. Staffing levels.**

    **1. Number of full-time FOIA personnel** ___253___

    **2. Number of personnel with part-time or occasional FOIA duties (in total work-years)**
    ___0___

    **3. Total number of personnel (in work-years)** ___253___

**B. Total costs (including staff and all resources).**

    **1. FOIA processing (including appeals** $13,920,966.38

    **2. Litigation-related activities (estimated)** $97,020     (30 attorneys @ 2100 hours)

    **3. Total costs** $14,017,986.38

    **4. Comparison with previous year(s), including percentage of change (optional)**

    In FY' 03 costs totaled $14,686,508. This costs shows a decrease of resources by $668,521.62 (i.e., a 4.5 percent decrease).

**C. Statement of additional resources needed for FOIA compliance (optional)**

    Additional funding is not needed at this time.

# X.  Fees

*Includes charges for search, review, document duplication, and any other direct cost permitted under agency regulations.*

**A. Total amount of fees collected for processing requests** $81,671.11

**B. Percentage of total costs** ___.05%___

*In addition to personnel costs, this may include estimates for such items as photocopying, postage, data-processing services, and any items of overhead that are reasonably allocable to FOIA operations.*

**Provide best estimate in accordance with supplemental annual report guidance (Attachment F).  Also include such litigation-related activities as writing declarations, Vaughn Indexes, briefs, and letters, as well as and meetings, depositions, conferences, telephone calls, etc.*

Attachment F.  Supplemental Guidance on Annual FOIA Reports.

http://www.usdoj.gov/oip/foiapost/2001foiapost13.htm

# EXHIBIT 4

Department of Homeland Security
Fiscal Year 2005 Annual FOIA Report Requirements

Page 1 of 14



# Homeland Security

## FREEDOM OF INFORMATION ACT ANNUAL REPORT REQUIREMENTS FOR FISCAL YEAR 2005 FOR U.S. CITIZENSHIP AND IMMIGRATION SERVICES (USCIS)

I.  **Introduction:** Component basic and clarifying information or any particular points the component wishes to make. A brief description of the component mission, organization, and resources to place in context the FOIA workload generated by component activities, responsibilities, and regulatory requirements.>

   *See attached.*

II.  **FISCAL YEAR 2005 FREEDOM OF INFORMATION AND PRIVACY ACT PROCESSING ORGANIZATION**

   *"Optional" – Did not supply.*

III.  Direct questions regarding this report or to request a paper copy of the report to:

   *Magda S. Ortiz or Robin N. Moss at 202-272-8269.*

IV.  Internet address to download this report from the USCIS FOIA website:

   *http://uscis.gov/graphics/aboutus/foia/ereadrm/erranrpt.htm.*

V.  Information on how to make a FOIA Request is available from the DHS FOIA website:
   http://www.dhs.gov/dhspublic/interapp/editorial/editorial_0316.xml

VI.  DHS FOIA/PA Implementing Regulations:
   The Department of Homeland Security FOIA Implementing Regulations can be found at 68 Fed. Reg. 4056 (January 27, 2003) and at: http://www.dhs.gov/interweb/assetlibrary/FOIA_FedReg_Notice.pdf.

VII.  Names, Addresses, and Contact Numbers for USCIS

   *See attached list.*

VIII.  Agency efforts to improve timeliness of FOIA responses:
   <As applicable, update previous years efforts and include any new efforts initiated during the fiscal year.>
   *See attached document.*

IX.  **Component FOIA/PA Statistical Charts:** <DDD indicates the value will be calculated by the Director of Departmental Disclosure.>
   The following charts contain statistics and averages for processing a myriad of documents that may or may not be easily obtained, reviewed, and provided. Due to the enormous number of requests and the fact a multi-track processing system is used, adhering as best as possible to the "first-in-first-out" processing priority, averages are used as a predictor of performance and resources. Some columns or rows may not add up exactly due to rounding.

Department of Homeland Security
Fiscal Year 2005 Annual FOIA Report Requirements                                                    Page 2 of 14

a. Comparisons with Previous Years: <Optional for components to duplicate chart in their reports.>

|  | FY 2003 | FY 2004 | FY 2005 | =/- % Difference |
|---|---|---|---|---|
| Requests Received + FY carryover | 189,860 | 197,837 | DDD | DDD |
| Requests Processed | 160,902 | 152,034 | DDD | DDD |
| Simple Requests Processed |  | 116,944 | DDD | DDD |
| Complex Requests Processed |  | 34,391 | DDD | DDD |
| Expedited Requests Processed |  | 692 | DDD | DDD |
| End of Year Pending Requests | 29,007 | 45,652 | DDD | DDD |
| Staffing Levels (full time) | 334 | 341 | DDD | DDD |
| Processing Costs (total) | $21,924,851 | $21,148,318 | DDD | DDD |

b. Number of Requests:

| FOIA/PA Components | Pending End of FY 2004 | Received FY 2005 | Processed FY 2005 | Processing Workload Rate | Pending End of FY 2005 |
|---|---|---|---|---|---|
| **DHS TOTAL** | **45,810** |  |  | **100%** |  |
| Office of the Secretary/Privacy Office | 245 |  |  | DDD |  |
| Office of the Inspector General | 43 |  |  | DDD |  |
| Office of the General Counsel | _ [1] |  |  | DDD |  |
| Information Analysis & Infrastructure Protection | 12 |  |  | DDD |  |
| Emergency Preparedness & Response | 354 |  |  | DDD |  |
| U.S. Coast Guard | 1,271 |  |  | DDD |  |
| U.S. Secret Service | 744 |  |  | DDD |  |
| U.S. Citizenship & Immigration Services | 41,197 | 138,678 | 104,934 | DDD | 74,941 |
| Border & Transportation Security |  |  |  |  |  |
| *CBP* | 812 |  |  | DDD |  |
| *TSA* | 7 |  |  | DDD |  |
| *ICE* | 1,122 |  |  | DDD |  |
| *FLETC* | 3 |  |  | DDD |  |
| US-VISIT |  |  |  | DDD |  |
| Science & Technology |  |  |  |  |  |

---

[1] In FY 2004, OGC FOIA actions were included in Office of the Secretary/Privacy Office statistics.

Department of Homeland Security
Fiscal Year 2005 Annual FOIA Report Requirements

Page 3 of 14

c. Fee Category of Requesters: <Component row total equals number in "Processed FY 2005" row in Chart "b">

| FOIA/PA Components | Individual | Media | Commercial | Academia | Other |
|---|---|---|---|---|---|
| **DHS TOTAL** | **DDD** | **DDD** | **DDD** | **DDD** | **DDD** |
| Office of the Secretary/Privacy Office | | | | | |
| Office of the Inspector General | | | | | |
| Office of the General Counsel | | | | | |
| Information Analysis & Infrastructure Protection | | | | | |
| Emergency Preparedness & Response | | | | | |
| U.S. Coast Guard | | | | | |
| U.S. Secret Service | | | | | |
| U.S. Citizenship & Immigration Services | 26,657 | 172 | 129 | 13 | 77,963 |
| Border & Transportation Security | | | | | |
| *CBP* | | | | | |
| *TSA* | | | | | |
| *ICE* | | | | | |
| *FLETC* | | | | | |
| US-VISIT | | | | | |
| Science & Technology | | | | | |

d. Responses to Requests: <Component row total equals number in "Processed FY 2005" row in Chart "b">

| FOIA/PA Components | Full Release | Partial Release | Denied | No Records | Duplicate Request | Fee Related | Request Withdrawn | Not Reasonably Described | Not a Proper Request | Not an Agency Record | Referred to Appropriate Agency | Other non-processing Reason[2] |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **DHS TOTAL** | DDD | DDD | DDD | DDD | DDD | DDD | DDD | DDD | DDD | DDD | DDD | DDD |
| % of Requests | DDD | DDD | DDD | DDD | DDD | DDD | DDD | DDD | DDD | DDD | DDD | DDD |
| Office of the Secretary/ Privacy Office | | | | | | | | | | | | |
| Office of the Inspector General | | | | | | | | | | | | |
| Office of the General Counsel | | | | | | | | | | | | |
| Information Analysis & Infrastructure Protection | | | | | | | | | | | | |
| Emergency Preparedness & Response | | | | | | | | | | | | |
| U.S. Coast Guard | | | | | | | | | | | | |
| U.S. Secret Service | | | | | | | | | | | | |
| U.S. Citizenship & Immigration Services | 19,851 | 43,921 | 221 | 9,908 | 7,387 | 525 | 1,292 | 99 | 10,267 | 978 | 10,282 | 203 |
| Border & Transportation Security | | | | | | | | | | | | |
| *CBP* | | | | | | | | | | | | |
| *TSA* | | | | | | | | | | | | |
| *ICE* | | | | | | | | | | | | |
| *FLETC* | | | | | | | | | | | | |
| US-VISIT | | | | | | | | | | | | |
| Science & Technology | | | | | | | | | | | | |

---

[2] Additional information about "other" for non-response is provided in chart "c"

Department of Homeland Security
Fiscal Year 2005 Annual FOIA Report Requirements                                    Page 4 of 14

e. Other Non-processing Reasons: <Frequency number equals component number in Chart "b" column "Other">

| FOIA/PA Component | Frequency | Reason <number must equal "frequency" number |
|---|---|---|
| **DHS TOTAL** | **DDD** | |
| Office of the Secretary/Privacy Office* | | |
| Office of the Inspector General | | |
| Office of the General Counsel | | |
| Information Analysis & Infrastructure Protection | | |
| Emergency Preparedness & Response | | |
| U.S. Coast Guard | | |
| U.S. Secret Service | | |
| U.S. Citizenship & Immigration Services | 203 | Old Records ~ 202 / Unable to Locate - 1 |
| Border & Transportation Security | | |
| *CBP* | | |
| *TSA* | | |
| *ICE* | | |
| *FLETC* | | |
| US-VISIT | | |
| Science & Technology | | |

f. Number and rate of FOIA exemption use:[3]

| FOIA/PA Components | b(1) | b(2) | b(3) | b(4) | b(5) | b(6) | b(7A) | b(7B) | b(7C) | b(7D) | b(7E) | b(7F) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **DHS TOTAL** | **DDD** | **DDD** | **DDD** | **DDD** | **DDD** | **DDD** | **DDD** | **DDD** | **DDD** | **DDD** | **DDD** | **DDD** |
| % of use | DDD | DDD | DDD | DDD | DDD | DDD | DDD | DDD | DDD | DDD | DDD | DDD |
| Office of the Secretary/ Privacy Office | | | | | | | | | | | | |
| Office of the Inspector General | | | | | | | | | | | | |
| Information Analysis & Infrastructure Protection | | | | | | | | | | | | |
| Emergency Preparedness & Response | | | | | | | | | | | | |
| U.S. Coast Guard | | | | | | | | | | | | |
| U.S. Secret Service | | | | | | | | | | | | |
| U.S. Citizenship & Immigration Services | 22 | 30,321 | 107 | 28 | 32,535 | 23,797 | 2,189 | 20 | 20,990 | 355 | 15,174 | 16 |
| Border & Transportation Security | | | | | | | | | | | | |
| *CBP* | | | | | | | | | | | | |
| *TSA* | | | | | | | | | | | | |
| *ICE* | | | | | | | | | | | | |
| *FLETC* | | | | | | | | | | | | |
| US-VISIT | | | | | | | | | | | | |
| Science & Technology | | | | | | | | | | | | |

---

[3] FOIA exemptions b(8) and b(9) were not used by the DHS.

Department of Homeland Security
Fiscal Year 2005 Annual FOIA Report Requirements                                                    Page 5 of 14

g. Number of Appeals of Release Determinations:

| FOIA/PA Components | Received | Processed[4] | Upheld | Partially Upheld | Reversed | Other[5] | Pending End of FY 2005 |
|---|---|---|---|---|---|---|---|
| **DHS TOTAL** | **DDD** | **DDD** | **DDD** | **DDD** | **DDD** | **DDD** | **DDD** |
| **% of Requests** | **DDD** | **DDD** | **DDD** | **DDD** | **DDD** | **DDD** | **DDD** |
| Office of the Secretary/ Privacy Office | | | | | | | |
| Office of the Inspector General | | | | | | | |
| Office of the General Counsel | | | | | | | |
| Information Analysis & Infrastructure Protection | | | | | | | |
| Emergency Preparedness & Response | | | | | | | |
| U.S. Coast Guard | | | | | | | |
| U.S. Secret Service | | | | | | | |
| U.S. Citizenship & Immigration Services | 1,148 | 562 | 122 | 27 | 19 | 394 | 2,267 |
| Border & Transportation Security | | | | | | | |
| CBP | | | | | | | |
| TSA | | | | | | | |
| ICE | | | | | | | |
| FLETC | | | | | | | |
| US-VISIT | | | | | | | |
| Science & Technology | | | | | | | |

---

[4] Number processed = number upheld, number partially reversed, number reversed, and other.
[5] Refer to Chart "h" for other reasons. Component row total on "Other" column total equals component row total of Chart "h."

Department of Homeland Security
Fiscal Year 2005 Annual FOIA Report Requirements

h. Number of times and rate of FOIA exemption use in appeals:[6]

| FOIA/PA Components | b(1) | b(2) | b(3) | b(4) | B(5) | b(6) | b(7A) | b(7B) | b(7C) | b(7D) | b(7E) | B(7F) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DHS TOTAL | DDD | DDD | DDD | DDD | DDD | DDD | DDD | DDD | DDD | DDD | DDD | DDD |
| % of use | DDD | DDD | DDD | DDD | DDD | DDD | DDD | DDD | DDD | DDD | DDD | DDD |
| Office of the Secretary/ Privacy Office | | | | | | | | | | | | |
| Office of the Inspector General | | | | | | | | | | | | |
| Office of the General Counsel | | | | | | | | | | | | |
| Information Analysis & Infrastructure Protection | | | | | | | | | | | | |
| Emergency Preparedness & Response | | | | | | | | | | | | |
| U.S. Coast Guard | | | | | | | | | | | | |
| U.S. Secret Service | | | | | | | | | | | | |
| U.S. Citizenship & Immigration Services | 0 | 36 | 1 | 0 | 43 | 128 | 19 | 0 | 79 | 8 | 29 | 0 |
| Border & Transportation Security | | | | | | | | | | | | |
| CBP | | | | | | | | | | | | |
| TSA | | | | | | | | | | | | |
| ICE | | | | | | | | | | | | |
| FLETC | | | | | | | | | | | | |
| US-VISIT | | | | | | | | | | | | |
| Science & Technology | | | | | | | | | | | | |

---
[6] FOIA exemptions b(8) and b(9) were not used by the DHS.

Department of Homeland Security
Fiscal Year 2005 Annual FOIA Report Requirements

Page 7 of 14

i. Other reasons for upholding Initial Denial determinations on Appeal: <Component row total equals "Other" column total in Chart "f.">

| FOIA/PA Components | No Records | Duplicate Request | Fee Related | Appeal Withdrawn | Not Reasonably Described | Not a Proper Request | Not an Agency Record | Referred to Appropriate Agency | Other non-processing Reason |
|---|---|---|---|---|---|---|---|---|---|
| **DHS TOTAL** | **DDD** | **DDD** | **DDD** | **DDD** | **DDD** | **DDD** | **DDD** | **DDD** | **DDD** |
| % of "Other" | DDD | DDD | DDD | DDD | DDD | DDD | DDD | DDD | DDD |
| Office of the Secretary/ Privacy Office | | | | | | | | | |
| Office of the Inspector General | | | | | | | | | |
| Office of the General Counsel | | | | | | | | | |
| Information Analysis & Infrastructure Protection | | | | | | | | | |
| Emergency Preparedness & Response | | | | | | | | | |
| U.S. Coast Guard | | | | | | | | | |
| U.S. Secret Service | | | | | | | | | |
| U.S. Citizenship & Immigration Services | 0 | 2 | 0 | 13 | 236 | 79 | 0 | 0 | 64 |
| Border & Transportation Security | | | | | | | | | |
| *CBP* | | | | | | | | | |
| *TSA* | | | | | | | | | |
| *ICE* | | | | | | | | | |
| *FLETC* | | | | | | | | | |
| US-VISIT | | | | | | | | | |
| Science & Technology | | | | | | | | | |

Department of Homeland Security
Fiscal Year 2005 Annual FOIA Report Requirements                          Page 8 of 14

j.  Median Response Times for Simple, Complex, and Expedited Processed Requests:  <A single request cannot be in more than one of three tracks – simple, complex, or expedited.  The component row total of simple+complex+expedited equals the component total of Chart "b" processed requests.>

| FOIA/PA Components | Simple Requests | | Complex Requests | | Expedited Requests[7] | |
|---|---|---|---|---|---|---|
| | Processed | Median Days to Process | Processed | Median Days to Process | Processed | Median Days to Process |
| **DHS TOTAL** | DDD | DDD | DDD | DDD | DDD | DDD |
| % of total requests | DDD | DDD | DDD | DDD | DDD | DDD |
| Office of the Secretary/ Privacy Office | | | | | | |
| Office of the Inspector General | | | | | | |
| Office of the General Counsel | | | | | | |
| Information Analysis & Infrastructure Protection | | | | | | |
| Emergency Preparedness & Response | | | | | | |
| U.S. Coast Guard | | | | | | |
| U.S. Secret Service | | | | | | |
| U.S. Citizenship & Immigration Services | 85,307 | 45 | 19,532 | 55 | 95 | 15 |
| Border & Transportation Security | | | | | | |
| *CBP* | | | | | | |
| *TSA* | | | | | | |
| *ICE* | | | | | | |
| *FLETC* | | | | | | |
| US-VISIT | | | | | | |
| Science & Technology | | | | | | |

---

[7] Expedited requests are those the component granted.

Department of Homeland Security
Fiscal Year 2005 Annual FOIA Report Requirements                                                    Page 9 of 14

k.  Fee Waiver and Expedited Processing Requests and Determinations:

| FOIA/PA Components | Fee Waiver Requested | Fee Waiver Granted | Expedited Processing Requested | Expedited Processing Granted[8] |
|---|---|---|---|---|
| **DHS TOTAL** | **DDD** | **DDD** | **DDD** | **DDD** |
| **% of Requests** | **DDD** | **DDD** | **DDD** | **DDD** |
| Office of the Secretary/ Privacy Office | | | | |
| Office of the Inspector General | | | | |
| Office of the General Counsel | | | | |
| Information Analysis & Infrastructure Protection | | | | |
| Emergency Preparedness & Response | | | | |
| U.S. Coast Guard | | | | |
| U.S. Secret Service | | | | |
| U.S. Citizenship & Immigration Services | 227 | 52 | 625 | 95 |
| *CBP* | | | | |
| *TSA* | | | | |
| *ICE* | | | | |
| *FLETC* | | | | |
| US-VISIT | | | | |
| Science & Technology | | | | |

l. Status of Pending FOIA/PA Requests:

| FOIA/PA Components | Pending at the End of FY 2005[9] | Median Number of Days Pending |
|---|---|---|
| **DHS TOTAL** | DDD | DDD |
| Office of the Secretary/ Privacy Office | | |
| Office of the Inspector General | | |
| Office of the General Counsel | | |
| Information Analysis & Infrastructure Protection | | |
| Emergency Preparedness & Response | | |
| U.S. Coast Guard | | |
| U.S. Secret Service | | |
| U.S. Citizenship & Immigration Services | 74,941* | 73 |
| Border & Transportation Security | | |
| *CBP* | | |
| *TSA* | | |
| *ICE* | | |
| *FLETC* | | |
| US-VISIT | | |
| Science & Technology | | |

**\*Pending by Track**                           **Median Days Pending**

Track  1 – 60,497                                          69
Track 2 –  14,444                                          89
Total –     74,941

---

[8] The number matches the Chart "i" component Expedited Requests Processed column.
[9] This total matches the Chart "b" component number in the "Pending End of FY 2005" column.

Department of Homeland Security
Fiscal Year 2005 Annual FOIA Report Requirements                                      Page 10 of 14

m. DHS FOIA/PA Processing Costs, per/request Processing Costs, and Needed Additional Processing Resources:

| FOIA/PA Components | Processing Costs | | | Processing Costs per/Request | | Needed Additional Processing Funding | |
|---|---|---|---|---|---|---|---|
| | Processing (including Appeals) | Litigation-related Activities | Total Costs[10] | Requests Processed[11] | Cost per Request[12] | Requests pending end of FY05 | Needed FOIA funding for zero FY05 pending[13] |
| **DHS TOTAL** | | | | | | | |
| Office of the Secretary / Privacy Office | | | | | | | |
| Office of the Inspector General | | | | | | | |
| Office of the General Counsel | | | | | | | |
| Information Analysis & Infrastructure Protection | | | | | | | |
| Emergency Preparedness & Response | | | | | | | |
| U.S. Coast Guard | | | | | | | |
| U.S. Secret Service | | | | | | | |
| U.S. Citizenship & Immigration Services | 11,352,633 | 67,755 | 11,352,633 | 104,934 | 107 | 74,941 | 8,018,687 |
| Border & Transportation Security | | | | | | | |
| *CBP* | | | | | | | |
| *TSA* | | | | | | | |
| *ICE* | | | | | | | |
| *FLETC* | | | | | | | |
| US-VISIT | | | | | | | |
| Science & Technology | | | | | | | |

[10] Total Costs include salary of FTE and Administrative Support Staff work-years
[11] This number matches the Chart "b" component number in the "Processed FY 2005" column.
[12] Processing Costs per-Request/Average Cost per Request = Total Costs ÷ Requests processed
[13] Needed Additional Processing Resources/Needed Funding for Zero Pending = Requests pending end of FY 2004 X Average Cost per Request

Department of Homeland Security
Fiscal Year 2005 Annual FOIA Report Requirements                                   Page 11 of 14

n. DHS FOIA/PA Fees:

| FOIA/PA Components | FOIA Processing (Including Appeals & Litigation Costs)[14] | FOIA Fees Generated | FOIA Fees Waived | FOIA Fees Collected | Fee Percentage of Total Costs |
|---|---|---|---|---|---|
| **DHS TOTAL** | DDD | DDD | DDD | DDD | DDD |
| Office of the Secretary / Privacy Office | | | | | |
| Office of the Inspector General | | | | | |
| Office of the General Counsel | | | | | |
| Information Analysis & Infrastructure Protection | | | | | |
| Emergency Preparedness & Response | | | | | |
| U.S. Coast Guard | | | | | |
| U.S. Secret Service | | | | | |
| U.S. Citizenship & Immigration Services | 11,352,633 | 51,692.50 | 105,714.60* | 33,443.10 | 0.02 |
| Border Transportation & Security | | | | | |
| *CBP* | | | | | |
| *TSA* | | | | | |
| *ICE* | | | | | |
| *FLETC* | | | | | |
| US-VISIT | | | | | |
| Science & Technology | | | | | |

\* – 93 percent of fees waived derived from one field office (i.e., NRC). NRC waived fees because the requests
were old and the file could not be located in a timely manner and secondly, the final response was placed on
"CD" and no fees were charged for this service.

o. FOIA/PA Staffing Level, Staffing Workload, and Needed Additional Staff Resources:

| FOIA/PA Components | FY 04 FOIA Staffing Levels | | | Staffing Workload | | Needed Additional Staff | |
|---|---|---|---|---|---|---|---|
| | Full-Time Employee (federal & contractor) | Part-time FOIA/PA Admin Support[15] | Total Work years | Total Requests Processed[16] | Requests per FTE work-year[17] | Total Requests pending end of FY04 | Needed additional staff for zero FY04 pending[18] |
| **DHS TOTAL** | DDD | DDD | DDD | DDD | DDD | DDD | DDD |
| Office of the Secretary / Privacy Office | | | | | | | |
| Office of the Inspector General | | | | | | | |
| Office of the General Counsel | | | | | | | |
| Information Analysis & Infrastructure Protection | | | | | | | |
| Emergency Preparedness & Response | | | | | | | |
| U.S. Coast Guard | | | | | | | |
| U.S. Secret Service | | | | | | | |
| U.S. Citizenship & Immigration Services | 265 | 0 | 265 | 104,934 | 396 | 74,941 | 189.2 |
| Border & Transportation Security | | | | | | | |
| *CBP* | | | | | | | |
| *TSA* | | | | | | | |
| *ICE* | | | | | | | |
| *FLETC* | | | | | | | |

---

[14] This amount retrieved from "Total Costs" column from Chart "l".
[15] Part-time FOIA/PA Administrative Support Staff are involved in the clerical processing of FOIA/PA requests by assisting with searches for records or preparation of records for review and release. However, support staff are not FOIA Specialists with the qualifications to review, analyze, or make FOIA/PA release determinations.
[16] This number is obtained from Chart "b" component number in processed column.
[17] Staffing Workload/Requests per employee work year = Total Requests Processed ÷ Total Full Time Employee Work Years
[18] Needed Staff Resources/Needed Staff for Zero Pending end of FY 2004 = Total Requests Pending end of FY 2004 ÷ Requests per employee work-year

| US-VISIT | | | | | | | |
|---|---|---|---|---|---|---|---|
| Science & Technology | | | | | | | |

**X.    Definition of Terms and Formulas Used in this Report:**

a. Agency-Specific Terms or Other Acronyms

| | | |
|---|---|---|
| 1. | BTS | Border and Transportation Security Directorate |
| 2. | CBP | United States Customs and Border Protection |
| 3. | EP&R | Emergency Preparedness and Response Directorate |
| 4. | FEMA | Federal Emergency Management Agency |
| 5. | FLETC | Federal Law Enforcement Training Center |
| 6. | FOIA/PA | Freedom of Information Act / Privacy Act |
| 7. | IAIP | Information Analysis and Infrastructure Protection Directorate |
| 8. | ICE | Immigration and Customs Enforcement |
| 9. | OIG | Office of the Inspector General |
| 10. | PO | Privacy Office |
| 11. | S&T | Science and Technology Directorate |
| 12. | TSA | Transportation and Security Administration |
| 13. | USCG | United States Coast Guard |
| 14. | USCIS | United States Citizenship and Immigration Services |
| 15. | USSS | United States Secret Service |

b. Basic Terms Used in This Report:

1. **Appeal** – a request to a federal agency asking that it review at a higher administrative level a full denial or partial denial of access to records under the Freedom of Information Act, or any other FOIA determination such as a matter pertaining to fees.
2. **Average number** – the number obtained by dividing the sum of a group of numbers by the quantity of numbers in the group. For example, of 3, 7, and 14, the average number is 8.
3. **Complex request** – a FOIA request that an agency using multi-track processing places in a slower track based on the volume and/or complexity of records requested.
4. **Denial** – an agency decision not to release any part of a record or records in response to a FOIA request because all the information in the requested records is determined by the agency to be exempt under one or more of the FOIA's exemptions, or for some procedural reason (such as because no record is located in response to a FOIA request).
   a. **No Records** – After a thorough search of agency records, no records were found to be responsive to the FOIA request or within the scope of the FOIA request.
   b. **Fee Related** – Record/request was denied because there were fee issues. For example, the requester was not willing to pay assessable FOIA processing fees or the requester had delinquent fees from previous FOIA requests.
   c. **Not an Agency Record** – Documents requested in a FOIA request that are not maintained, or possibly originated, by the DHS or its components.
5. **Exemption 3 statute** – a separate federal statute prohibiting the disclosure of a certain type of information and authorizing its withholding under FOIA subsection (b)(3).
6. **Expedited processing** – an agency will process a FOIA request on an expedited basis when a requester has shown an exceptional need or urgency for the records which warrants prioritization of his or her request over other requests that were made earlier.
7. **FOIA/PA request** – Freedom of Information Act/Privacy Act request. A FOIA request is generally a request or access to records concerning a third party, an organization, or a particular topic of interest. A Privacy Act request is a request for records concerning oneself; such requests are also treated as FOIA requests. (All requests for access to records, regardless of which law is cited by the requester, are included in this report.)
8. **Glomar response** – is when the existence or non-existence of responsive records to a request is neither confirmed nor denied in order to protect law enforcement, privacy, or other appropriate interests.
9. **Initial Denial Authority** – agency official who is delegated the authority to make release determinations of documents and information contained in documents requested under the FOIA on behalf of the agency.
10. **Initial request** – a request to a federal agency for access to records under the Freedom of Information Act.
11. **Median number** – the middle, not average, number. For example, of 3, 7, and 14, the median number is 7.

Department of Homeland Security
Fiscal Year 2005 Annual FOIA Report Requirements                                              Page 13 of 14

12. **Multi-track processing** – a system in which simple requests requiring relatively minimal review are placed in one processing track and more voluminous and complex requests are placed in one or more tracks. Requests in each track are processed on a first-in/first-out basis. A requester who has an urgent need for records may request expedited processing.

13. **Partial release** – an agency decision to disclose a record in part in response to a FOIA request, deleting information determined to be exempt under one or more of the FOIA's exemptions: or, in a multiple record response, a decision to disclose some records in their entireties but to withhold others in whole or in part. This is sometimes referred to as a "partial denial" or "partial grant."

14. **Perfected request** – a FOIA request for records which adequately describes the records sought, which has been received by the FOIA office of the agency or agency component in possession of the records, and for which there is no remaining question about the payment of applicable fees.

15. **Perjury statement** – a signed statement executed under the penalty of law, usually associated with a request for the personal records of the requester, attesting that they are the individual who they say they are.

16. **Processed request or appeal** – a request or appeal for which an agency has taken a final action on the request or the appeal in all respects.

17. **Proper request** – a request that fits the definition of a FOIA request: reasonably describes the agency records being sought and cites a willingness to pay assessable fees or justifies the granting of a fee waiver.

18. **Reasonably Described** – the request is reasonably described if it enables a professional agency employee familiar with the subject area to locate the record with a reasonable amount of effort.

19. **Referral** – transferring a FOIA request and/or document(s) which are under another agency's purview to another entity for processing. This also includes redirecting a requester to the appropriate agency instead of referring the request.

20. **Release** -- an agency decision to disclose all records in full in response to a FOIA request. This is sometimes referred to as a "grant."

21. **Simple Request** -- a FOIA request that an agency using multi-track processing places in its fastest (nonexpedited) track based on the volume and/or simplicity of records requested.

22. **Time limits** – the time period in the Freedom of Information Act for an agency to respond to a FOIA request (ordinarily 20 working days from proper receipt of a perfected FOIA request).

**XI.    DHS Exemption b(3) statutes applied by DHS components throughout FY 2005: <Components should update below 2004 chart with 2005 information>**

| STATUTE | TYPE OF INFORMATION | CASE CITATION |
|---|---|---|
| 8 U.S.C. 1160(B)(6) | Information on Special Agricultural workers | None |
| 8 U.S.C. 1304(B) | Registration of Aliens | None |
| 8 U.S.C.A. 1186a(C)(4)(C) | Admission qualifications for alien's travel control of citizens and aliens | None |
| 41 U.S.C. 253b(m) | Prohibition on Release of Contractor Proposals | None |
| Rule 6(e) of the Federal Rules of Criminal Procedures | Grand Jury Information | Senate of P.R. v. United States Dep't of Justice, 823 F.2d 574 (D.C. Cir. 1987). |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Department of Homeland Security
Fiscal Year 2005 Annual FOIA Report Requirements

Page 14 of 14

**XII.    Freedom of Information Act Exemptions:**

The Freedom of Information Act sets out the nine exemptions that preclude the release of information contained in government documents. Some exemptions allow a government entity to exercise a degree of discretion regarding release while other exemptions do not allow for any discretion.

| Exemption | Definition |
|---|---|
| 1 | Covers those documents properly classified as confidential, secret, and top secret in the interest of national security, defense, or foreign policy |
| 2 | Includes documents related solely to internal personnel rules and practices of a relatively trivial nature to those of more substantial internal matters, the disclosure of which would risk circumvention of a legal requirement or endanger the lives of public and private individuals. |
| 3 | Provides for the withholding of documents specifically exempted by other federal statutes |
| 4 | Protects from release a trade secret or privileged or confidential commercial or financial information obtained from a person.  The term person has been defined to include a business entity. |
| 5 | Precludes the release records that are privileged inter-agency or intra-agency documents |
| 6 | Prevents the release of personnel, medical, or similar file the release of which would constitute a clearly unwarranted invasion of personal privacy to anyone other than the individual |
| 7 | Protects from release records compiled for law enforcement purposes, the release of which |
|  | (7A) could reasonably be expected to interfere with law enforcement proceedings |
|  | (7B) would deprive a person of a right to a fair trial or an impartial adjudication |
|  | (7C) could reasonably be expected to constitute an unwarranted invasion of personal privacy |
|  | (7D) could reasonably be expected to disclose the identity of a confidential source |
|  | (7E) would disclose techniques, procedures, or guidelines for investigations or prosecutions |
|  | (7F) could reasonably be expected to endanger an individual's life or physical safety |
| 8 | Covers records that are contained in or related to examination, operating, or condition reports about financial institutions on behalf of, or for the use of, an agency responsible for the regulation or supervision of financial institutions |
| 9 | Prevents the release of geological and geophysical information and data, including maps, concerning wells |

**XIII.    DHS Organizational Components and Sub-Program FOIA Responsibilities:** <Components should make appropriate updates to the 2004 information published in the DHS FY 2004 Annual Report.  This is a listing of programs or organizational components that the reporting component would like to highlight that are represented in the statistics provided for this report.  This is not an exhaustive organizational chart or the components organization.  Refer to the DHS FY 2004 FOIA Annual Report as a guideline>

## ATTACHMENT

**I.** Introduction:

*Mission:* The Freedom of Information Act (FOIA), Privacy Act (PA) and Genealogy Program are responsible for providing access to agency records to the external customer in accordance with the applicable statutes (FOIA, 5 U.S.C. 552), (PA, 5 U.S.C. 552a), and (Family History Research, Public Law 106-553 (H.R. 4942).

The USCIS FOIA/PA program has always been decentralized. In an effort to maximize the resources dedicated to the FOIA and PA workload, a decision was made to centralize the entire workload from forty-six offices to three (National Records Center (NRC), Washington, DC, and Burlington). The decision was made based on customer service, uniformity of processing, dedicated staff and IT capability.

In the spring of 2005, USCIS officially began implementing its FOIA/PA centralization process. The centralization project is almost complete. Currently, we have seven offices left to centralize. It is anticipated that by the end of calendar year 2005, we will complete this project.

With the movement of work to the three locations, positions from the closed FOIA/PA offices were shifted to the NRC where the bulk of the requests are processed. Although the work and positions were moved, the personnel did not move with the positions. The hiring of additional personnel at the NRC will in the long term improve, in the short term we are experiencing transition pains.

(Attachment)

**VII.**                    Denial Authorities for USCIS

The overall authority for the FOIA/PA Program for USCIS rests with the Director, USCIS.  This individual designates this function to the Director, Office of Records Services, who in turn designates this function to the Director, FOIA/PA Branch.

Currently the Director of the FOIA/PA Branch is:

Magda S. Ortiz
Director, FOIA/PA Branch
111 Massachusetts Avenue, NW (Second Floor)
Washington, DC  20529
Ph: 202-272-8283; Fax:  202-272-8331

The Director of the FOIA/PA Branch has designated the following denial authorities servicewide.

| Office | Responsible Party | Organizational Title |
|---|---|---|
| ATL | Rosemary L. Melville | Director |
| BAL | Carol Ayers | FOIA/PA Officer |
| BOS | Karen-Anne Haydon | ADD/Examination |
| BUF | Linda L. Nordblum | Supv. Paralegal Specialist |
| BUR | Heather P. Vanslette | Regional FOIA/PA Officer |
| CLE | Mark B. Hansen | Director |
| CLT | Rosemary Melville | Interim Director |
| CNT | Heather P. Vanslette | Regional FOIA/PA Officer |
| COW | Ave M. Sloane | CHIEF, FOIA/PA Unit |
| DAL | Angela K. Barrows | District Director |
| DEN | Mario R. Ortiz | District Director |
| DET | Carol A. Jenifer | Director |
| DLS | Susie A. Hood | Asst. Dir. ACDISD |
| ELP | Raymond P. Adams | District Director |
| ESC | Paul E. Novak Jr. | SVC Center Director |
| HHW | David G. Gulick | Interim District Director |
| HLG | Alfonso R. De Leon | District Director |
| HOU | Sharon A. Hudson | District Director |
| HQS | Ave M. Sloane | Chief, FOIA/PA Section |
| KAN | Michael T. Jaromin | District Director |
| LNG | Erika Knasiak | FOIA/PA Officer |
| LOS | Shonna Wilson | Supv. Paralegal Specialist |
| LVG | Stephen L. Fickett | District Director |
| MEM | Diane M. Campbell | Supervisory Adjudications Officer |
| MIA | John M. Bulger | District Director |
| NEW | Andrea J. Quarantillo | Director |

| | | |
|---|---|---|
| NOL | M. Stella Jarina | District Director |
| NRC | T. Diane Cejka | Director |

Page 2

| **Office** | **Responsible Party** | **Organizational Title** |
|---|---|---|
| NSC | Evelyn M. Upchurch | Acting Director |
| NYC | Sarah M. Jones | FOIA/PA Officer |
| OAK | Nancy L. Hooks | Officer In Charge |
| OMA | F. Gerard Heinauer | Director |
| PHI | Kenneth John Elwood | Director |
| PHO | Insert Name | Director |
| POM | Rodolfo Lara | District Director |
| POO | Charles H. DeMore | Director |
| SAJ | Sonia Acosta | FOIA/PA Officer |
| SEA | Robert J. Okin | (A) Director |
| SFR | David N. Still | (A) Director |
| SNA | Kenneth L. Pasquarell | District Director |
| SPM | Denise M. Frazier | District Director |
| SSC | Evelyn M. Upchurch | Center Director |
| TWC | Richard J. Popovich | Chief, Mngmnt & Cntrl |
| WAS | Phyllis Howard | District Director |
| WSC | Donald W. Neufeld | Director |
| ZLA | George S. Mihalko | Director |
| ZSF | Emilia M. Bardini | Director |

**VIII.**   Agency Efforts to Improve Timeliness of FOIA responses

The stats for response time to requests - FY'04 - Simple - Median age to close was 16 days and Complex - 31. In FY'05 - Simple - Median age to close 45 days and Complex - 55.

| | |
|---|---|
| Receipts - FY'04 - 149,868 requests in FY'05 (7.2% less) | FY'05 - 138,678 - We received 11,190 less |
| Processed - FY'04 - 133,997 less cases in FY'05 (22% less) | FY'05 - 104,934 - We processed 29,063 |
| Pending - FY'04 - 41,197 | FY'05 - 74,941 - We have 33,744 more pending cases than in FY'04 (45% more pending). |

The major contributors to the numbers cited in the annual report and also noted above are as follows:

a.  A confusion as to which agency was to process immigration requests--ICE, CBP or USCIS--led to double and triple filing of FOIA requests. The tri-bureau components of DHS are in the process of establishing a workable solution to satisfy each component's operational process and meet the needs of the public.

b.  Shortly thereafter, a hiring freeze was put in place that had a major impact in our inability to keep up with the new receipts.

c.  Movement of work from the field offices to the NRC, coupled with the above, resulted in the National Records Center (NRC) taking on the field offices' pending workload with an inability to fill the positions that came with the workload. This was further exacerbated by the field program offices' need to use all personnel to attack the adjudication of immigration applications backlog aggressively, thus displacing FOIA/PA personnel for the period of time before the workload and positions were moved to the NRC.

d.  The hiring process for new employees was encumbered by the shared services agreement with CBP. The hiring system they were using did not lend itself to USCIS therefore hampering our ability to hire.

Currently, we are working to finalize the genealogy unit. Secretary Chertoff has signed the Proposed Rule for USCIS to move family historical research requests from its FOIA/PA Program and establish a separate fee-for-service process. We are waiting for the posting of the rule in the Federal Register and the required comment period to begin and end.

# EXHIBIT 5

# FREEDOM OF INFORMATION ACT
## FY06 ANNUAL REPORT INFORMATION FOR USCIS

### 1. EXEMPTION (b)(3) STATUTES CITED

| EXEMPTION (b)(3) STATUTE CITED | DESCRIPTION OF MATERIAL WITHHELD | CASE CITATION, AS APPLICABLE | NUMBER OF INSTANCES |
|---|---|---|---|
| 41 USC 253B(M) | Prohibition on Release of Contractor Proposals | None by USCIS | 1 |
| Rule 6(e), Federal Rules of Criminal Procedure | Grand Jury Information | None by USCIS | 68 |
| 8 USC 1304(b) | Registration of Aliens | None by USCIS | 2 |
| 8 USC 1160(b)(6) | Information on Special Agricultural Workers | None by USCIS | 2 |
| 8 USC 1255A(c)(5) | Legalization Applications | None by USCIS | 3 |

### 2. INITIAL REQUESTS
#### 2.a NUMBER OF INITIAL REQUESTS

| Number of requests pending at end of previous fiscal year | Number of requests received during current fiscal year | Number of requests processed during current fiscal year | Number of requests pending at end of current fiscal year |
|---|---|---|---|
| 74,941 | 109,026 | 87,637 | 96,338 |

#### 2.b DISPOSITION OF INITIAL REQUESTS

| Total Grants | Partial Grants | Denials |
|---|---|---|
| 4,524 | 48,665 | 98 |

#### 2.c FOIA EXEMPTIONS CITED

| (b)(1) | (b)(2) | (b)(3) | (b)(4) | (b)(5) | (b)(6) | (b)(7)(A) |
|---|---|---|---|---|---|---|
| 38 | 33,353 | 117 | 41 | 32,960 | 28,427 | 958 |

| (b)(7)(B) | (b)(7)(C) | (b)(7)(D) | (b)(7)(E) | (b)(7)(F) | (b)(8) | (b)(9) |
|---|---|---|---|---|---|---|
| 56 | 45,077 | 169 | 24,554 | 15 | 0 | 0 |

### 3. APPEALS
#### 3.a NUMBER OF APPEALS

| Number of appeals received during fiscal year | Number of appeals processed during fiscal year |
|---|---|
| 977 | 593 |

#### 3.b DISPOSITION OF APPEALS

| Completely Upheld | Partially Upheld | Completely Reversed |
|---|---|---|
| 118 | 61 | 8 |

#### 3.c FOIA EXEMPTIONS CITED

| (b)(1) | (b)(2) | (b)(3) | (b)(4) | (b)(5) | (b)(6) | (b)(7)(A) |
|---|---|---|---|---|---|---|
| 0 | 49 | 5 | 0 | 71 | 108 | 11 |

| (b)(7)(B) | (b)(7)(C) | (b)(7)(D) | (b)(7)(E) | (b)(7)(F) | (b)(8) | (b)(9) |
|---|---|---|---|---|---|---|
| 0 | 111 | 6 | 30 | 1 | 0 | 0 |

**Pending by Track**    **Median Days Pending**

Track 1 - 64,020    184
Track 2 - 32,318    45

Total – 96,338

## 2.d. OTHER REASONS CITED

| No Records | Referrals | Request Withdrawn | Fee-related Reason | Not Reasonably Described |
|---|---|---|---|---|
| 7,359 | 6,257 | 930 | 114 | 269 |

| Not a Proper Request | Not an Agency Record | Duplicate Request | Other | Total |
|---|---|---|---|---|
| 310 | 9,364 | 9,580 | Old Records 87 Unable to Locate 80 | 87,637 |

## 2.d.B. OTHER REASONS CITED

| No Records | Referrals | Request Withdrawn | Fee-related Reason | Not Reasonably Described |
|---|---|---|---|---|
| 0 | 0 | 53 | 0 | 75 |

| Not a Proper Request | Not an Agency Record | Duplicate Request | Other | Total |
|---|---|---|---|---|
| 112 | 0 | 16 | Remands 150 | 593 |

## 4. COMPLIANCE WITH TIME LIMITS/STATUS OF PENDING REQUESTS - USCIS is not meeting the 20-day response time. Most of the bureau's field offices were closed as a result of a new centralization program. The lead field office, the National Records Center has the responsibility of processing 90% of the requests (i.e. pending from the old field offices and all new FOIA/PA requests. The backlog subsequently grew and now the average response time is 149 days.

### 4.a. MEDIAN PROCESSING TIME (Note: count days from the time the request is perfected)

| Types of Requests | Total # of Requests | Median Age (Days) |
|---|---|---|
| SIMPLE | 66,892 | 185 to Close |
| COMPLEX | 20,714 | 77 to Close |
| EXPEDITED | 1,028 | 21 |

### 4.b. STATUS OF PENDING REQUESTS

| | |
|---|---|
| Number of requests pending as of the end of the current fiscal year (insert number from 2.a. box 4) | 96,338 |
| Median number of days that such requests were pending as of the end of the current fiscal year | 147 |

## 5. COST/FOIA STAFFING

### 5.a. STAFFING LEVELS

| Number of Full Time Personnel | Number of Part-Time or Collateral Duty Personnel | Total Number of Personnel |
|---|---|---|
| 155 | 0 | 155 |

### 5.b. TOTAL COSTS

| FOIA Processing (including Appeals) | Litigation-Related Activities (Estimated) | Total Costs |
|---|---|---|
| $18,400,000 | $62,237 | $18,462,337 |

## 6. FEES

| 6.a. Total amount of fees collected for search, review, document duplication, and any other direct costs permitted under agency regulations | $7,703 |
|---|---|
| 6.b. Percentage (%) of Total Costs | .04% |

### 6.c. STATEMENT OF ADDITIONAL RESOURCES NEEDED FOR FOIA COMPLIANCE

In order to be in compliance with the FOIA/PA 20-day response time and zero backlog, USCIS requires an additional 170.38 in staffing.

## 7. TIME RANGE OF REQUESTS PENDING

| 7.a. Number of requests pending as of the end of the current fiscal year (insert number from 4.b. box 1) | 96,338 |
|---|---|
| Median number of days that such requests were pending as of the end of the current fiscal year (insert number from 4.b. box 2) | 147 |

### 7.b. TIME RANGE OF CONSULTATIONS PENDING WITH OTHER AGENCIES

| Number of consultations pending with other agencies as of the end of the current fiscal year | None |
|---|---|
| Median number of days that such requests were pending as of the end of the current fiscal year (use date of initial interagency communication) | None |

**Expedited Requests**

Requested - 1,028

Granted    -    278

EXHIBIT 6



# Department of Homeland Security

## Freedom of Information Act Program
## Revised Operational Improvement Plan

## 2006

In July 2006, the Department of Homeland Security (DHS) produced a Freedom of Information Act (FOIA) report regarding the status of our FOIA program.

That report detailed a wholly unacceptable backlog of FOIA requests that were not being answered by DHS components in a timely manner. This revised report is the first installment in a systematic assessment of the root causes of this backlog. It identifies the components with the largest problems, and presents preliminary plans for backlog reduction and elimination. This latest report follows a mandate from the Secretary to improve performance and chart a course to eliminate the backlog.

The plans presented in this report are still insufficiently aggressive. This report meets a government-wide reporting requirement, but it will also form the basis of a determined program of investments and management accountability within DHS to do better. The public deserves no less.

Michael P. Jackson
Deputy Secretary

Freedom of Information Act
Revised Operational Improvement Plan
Page 1

## A. OVERVIEW OF CURRENT DHS FREEDOM OF INFORMATION ACT PROGRAM

DHS is responsible for leading the unified national effort to secure America by preventing and deterring terrorist attacks and protecting against, and responding to, threats and hazards to the Nation. DHS ensures safe and secure borders, welcomes lawful immigrants and visitors, and promotes the free flow of people and commerce across the borders of the United States. To accomplish its mission, DHS is organized into directorates and components, which are described more fully in Appendix A. Utilizing the organizational structure of the Department, the DHS Freedom of Information Act (FOIA) and Privacy Act (PA)[1] operations are centralized for purposes of policy and programmatic oversight and decentralized for purposes of operational implementation.

Under a Departmental Management Order, the Chief Privacy Officer (CPO) for DHS serves as the Chief Freedom of Information Act Officer (hereinafter Chief FOIA Officer) for the Department and has agency-wide policy responsibility for efficient and appropriate FOIA compliance. Subsequent to the July 2006 report, Hugo Teufel III, was appointed as the Chief Privacy and FOIA Officer. Mr. Teufel adopted an aggressive stance to diagnose and assist in resolving numerous department-wide managerial and operational program challenges.

To elevate the importance of FOIA at the Department level, Mr. Teufel established a new direct report within the Privacy Office, the position of Deputy Chief Freedom of Information Act Officer. This position will assure vigorous disclosure program oversight and absolute statutory compliance within all of the DHS offices and components. The Deputy Chief FOIA Officer also performs the supervisory functions carried out by the former Director of Departmental Disclosure, who led the headquarters FOIA operation and team. Mr. Teufel has also added two full-time equivalent (FTE) employee FOIA subject matter experts to the office. The first position administers the headquarters request processing, multi-component request coordination, and component backlog recovery plan development. The second position is dedicated to disclosure policy development, technology improvements, education and training.

Within the components, FOIA officers are responsible for compliance with DHS FOIA policy guidance and operationally determining whether to establish a centralized or decentralized FOIA program at the component or office level. The DHS organizational chart is provided in Appendix B. The names and contact information of DHS FOIA officers are provided in Appendix C.

As a relatively new department of significant size and scope, DHS's programs and policies have been, and continue to be, the subject of numerous FOIA requests because of high public interest in its operations. In Fiscal Year (FY) 2003, incoming FOIA requests totaled 161,117. In FY2004 requests rose to 168,882; and in FY2005, incoming requests numbered 163,016. Preliminary estimates indicate that incoming FY2006 requests outnumbered those received in FY2005. Despite the challenges discovered during the

---

[1] Further references to FOIA should be interpreted as encompassing all disclosure requests, including PA requests.

Freedom of Information Act
Revised Operational Improvement Plan
Page 2

operational review, DHS FOIA staff completed a substantial workload of 126,126 FOIA requests and 885 appeals during FY2005. The vast majority of these were answered through the release of part or all of the records requested.

## B. OPERATIONAL REVIEW

Based upon the components' March 2006 reviews of their FOIA operations, DHS accurately focused on the most significant, pervasive department-wide operational challenges. As stated in the July 2006 report, the components and offices were directed to thoroughly re-examine operations and draft revised comprehensive improvement plans specifically addressing existing backlogs, education and training, and technology. In order to formulate a comprehensive snapshot of overall disclosure operations, DHS also surveyed the components and offices on specific standard issues relating to FOIA operations, such as staffing levels, electronic processing capabilities, training opportunities and requirements, impediments other than staffing that contribute to backlogs, and the type of information requested most frequently.

### 1. Backlogs

The revised submissions indicate that six[2] (see Table 1) of the 19 DHS components with direct FOIA response and denial authority maintain a case backlog of over one hundred[3] FOIA requests not answered within the statutory 20-day response window. Successfully preventing or managing a backlog is largely dependent on the leadership's support, effective disclosure program management, and sufficient resources. The DHS FOIA programs[4] possessing these commonalities are able to minimize or entirely prevent case backlogs.

| Table 1. | The Six DHS Components with the Largest Backlogs | | |
|---|---|---|---|
| Component | Existing Backlog as of 9/15/2006 | Requests Received 2004 | Requests Received 2005 |
| USCIS | 88,361 | 149,868 | 138,678 |
| ICE | 7,346 | 2,088 | 4,147 |
| USCG | 906 | 7,579 | 7,020 |
| USSS | 730 | 779 | 715 |
| CBP | 524 | 4,697 | 7,784 |
| FEMA | 236 | 361 | 455 |

---

[2] The six components are U.S. Customs and Border Protection, U.S. Citizenship and Immigration Services, U.S. Immigration and Customs Enforcement, Federal Emergency Management Agency, U.S. Coast Guard and U.S. Secret Service.

[3] The remaining components maintain a small unavoidable revolving backlog of fewer than 100, due to the constant influx of requests. The majority of cases in these components are closed within 30 days of receipt.

[4] Transportation Security Administration, DHS Headquarters, US-VISIT and FLETC do not have case backlogs.

Freedom of Information Act
Revised Operational Improvement Plan
Page 3

Lack of resources is the prevailing rationale presented for existing backlogs. The resource shortage refers to not only funding for staffing, but also to the difficulty of locating and retaining trained Federal and contract FOIA professionals because of the high demand for qualified FOIA processors government-wide. In addition to resource constraints, many components also indicate that the slow response to FOIA document search requests within the component's various program offices is a significant contributor to delayed response times. Complex cases that require consulting with other components and agencies also prolong processing. Several components note that FOIA-related efforts are often viewed by the program offices as an administrative burden. Insufficient FOIA program support from senior leadership allows for the perpetuation of the "administrative-burden" paradigm, as opposed to promoting FOIA as a priority program. In components that process at the local and field level where FOIA processing is a collateral duty, the time available to process requests is limited, therefore resulting in slower processing rates and a resulting backlog.

### a. United States Citizenship and Immigration Services (USCIS)

USCIS maintains the most troublesome component FOIA backlog. At the end of FY2006, USCIS has a daunting backlog of more than 88,361 requests. It is important to acknowledge that USCIS receives the vast majority of all FOIA requests sent to the Department[5]. Across the entire Federal government, USCIS receives the fourth-highest number of requests annually. Additionally, USCIS stood up within DHS in 2003, bringing with it an existing 25,515 request backlog from the former Immigration and Naturalization Service. With over 100,000 incoming requests annually, USCIS is the source of nearly all of the growth[6] in the FOIA backlog since the Department came to fruition (see Table 2).

The majority of USCIS's FOIA requests come from individuals and their representatives seeking information contained within USCIS's Alien Files (A-files). The information garnered from such requests, we presume, are used to apply for immigration benefits or to represent clients in proceedings pending before an immigration judge. As such, the use of the FOIA process, as a means of discovery in connection with immigration enforcement and court proceedings, and as an information source for genealogy studies are significant contributors to the growing backlog problem. USCIS is positively addressing these two unique challenges by taking requests for genealogy information out of the FOIA process and including it in a newly established administrative information process while establishing a third FOIA processing track for litigation-related requests. Currently, only "simple" and "complex" tracks are used. The separate litigation-related third track will drastically improve customer service, especially for groups such as the American Immigration Lawyers Association (AILA) that rely on USCIS to provide documents necessary for immigration proceedings.

Another processing hurdle USCIS faces is the sharing of the existing 55 million hardcopy A-files with U.S. Immigration and Customs Enforcement (ICE). Because the A-files

---

[5] CIS accounted for 138,678 of the total 163,016 requests DHS received in FY 2005.

[6] The DHS FOIA backlog increased by 81 percent between FY 2004 and FY 2005.

Freedom of Information Act
Revised Operational Improvement Plan
Page 4

contain both benefit and enforcement documents, an individual's file is either with
USCIS or ICE at any given time. When either ICE or USCIS receives a FOIA request for
the contents of a file, that component must locate the file and determine which program
should have request processing responsibility. This convoluted process of locating,
referring, and processing A-file documents accounts for the high backlog numbers at both
USCIS and at ICE. ICE and USCIS have convened a working group to establish a
streamlined approach to processing both ICE and USCIS documents that are located in
the A-files. ICE recently developed a guide delineating what sensitive information is
protected in ICE documents, allowing USCIS to process any ICE records in the A-file.
This process eliminates referring records to ICE for review and determination of
releasability, which results in unnecessary processing delay. Both components are also
assessing digitization of A-files, which will allow both components to electronically
access any file. This alternative negates the issue of file custody, thereby eliminating the
time spent locating and transferring a file.

|  | Table 2. | USCIS ANNUAL REPORT FIGURES[7] | | |
|---|---|---|---|---|
| **Fiscal Year** | **Requests Received** | **Requests Processed** | **Available Personnel** | **Backlog Carried Over from Previous Year** |
| FY1999 | 168,944 | 158,913 | 176 | 12,615 |
| FY2000 | 166,283 | 163,881 | 177 | 22,646 |
| FY2001 | 126,658 | 123,334 | 211 | 25,048 |
| FY2002 | 130,511 | 133,368 | 256 | 28,372 |
| FY2003 | 144,559 | 144,748 | 246 | 25,515 |
| FY2004 | 149,868 | 133,997 | 253 | 25,326 |
| FY2005 | 138,678 | 104,934 | 265 | 41,197 |
| FY2006 | 109,294 | 87,967 | 206 | 74,941 |

From the standpoint of numbers, the Department's greatest concern is the USCIS
backlog. The DHS USCIS Ombudsman shares this deep concern and independently
conducted an investigation of USCIS FOIA operations in 2006. His office issued a formal
recommendation to the USCIS Director which is provided in Appendix D. The 17
recommendations address updating the USCIS FOIA processing technology.
Additionally, the recommendations institute oversight mechanisms to adequately monitor
the backlog, provide managerial accountability, implement adequate staff training, review
resource allocation, assess decision to centralize processing, enhance website usefulness,
amend policy guidance, and process evaluations.

USCIS evaluated all of the recommendations and responded in a memorandum provided
in Appendix E. USCIS indicates they agree with all but two of the recommendations. In

---

[7] FY1999 through FY2002 represent the annual FOIA figures for Immigration and Naturalization Service,
part of which became USCIS in 2003 when DHS stood up.

Freedom of Information Act
Revised Operational Improvement Plan
Page 5

addition, in early October 2006, DHS Chief FOIA Officer and the CIS Ombudsman, along with senior staff, traveled to the National Records Center (NRC) in Missouri, where all USCIS A-file FOIA requests are processed. The tour of the NRC and the subsequent meeting between USCIS FOIA officials and the DHS leadership provided a greater understanding of the fundamental managerial and operational changes that need to occur in order to significantly reduce the nearly 90,000 request backlog. The DHS Chief FOIA Officer recently obtained from USCIS resource estimates regarding eliminating the backlog. USCIS currently employees 206 FOIA FTEs and estimates required hiring of at least 211 additional processors to eliminate the USCIS backlog by December 31, 2007.

### b. United States Immigration and Customs Enforcement (ICE)

ICE carries the second largest FOIA backlog at DHS with approximately 10,000 pending requests. As detailed previously, the ICE processing problems were inextricably tied to the USCIS processing difficulties because they share the existing 55 million hardcopy A-files. The inefficient processing of these records contributed to the high backlog numbers at both USCIS and at ICE. Some of the current ICE efforts to eliminate this problem include participation in the ICE/USCIS A-file working group, recently publishing a guide delineating what sensitive information is protected in ICE documents that allows USCIS to process any ICE records in the A-file, and moving forward with the A-file digitization effort. Additionally, ICE is creating a centralized headquarters FOIA office responsible for receiving, tracking and processing all ICE FOIA/PA requests. A newly designed processing approach implements the use of two distinct tracks. One track will have personnel assigned to reducing the backlog of any requests received prior to September 30, 2006, using the first in first out (FIFO) process. The second track will be dedicated to responding to newly received requests within the statutory timeframe. Headquarters will refer any requests related to sensitive investigative matters directly to the ICE Office of Investigations for processing. Efforts underway to prevent future backlogs include implementation of a FOIA case tracking and case management system, web site enhancements permitting the electronic submission of FOIA requests and status notifications, and the addition of approximately 15 new personnel to meet the demands of the ICE FOIA program.

### c. United States Coast Guard (USCG)

USCG faces the challenges inherent to a highly decentralized FOIA processing program. All USCG field offices process FOIA requests and some field offices are staffed by a single collateral duty individual on a rotational and temporary basis. Assigning FOIA responsibilities as a collateral duty is problematic for some field offices because the FOIA workload competes with operational workloads. Some of the current standard operating procedures hinder backlog elimination, such as precluding closure of open investigation-related requests. In addition, USCG and the majority of other DHS components spend large amounts of time processing procurement releases that must comply with Executive Order 12600, *Predisclosure Notification Procedures for Confidential Commercial Information*. The requisite submitter's notice and related negotiations between the component and the submitter can take weeks or months. In the future, USCG anticipates requiring vendors to produce releasable versions of their

Freedom of Information Act
Revised Operational Improvement Plan
Page 6

contract upon execution. USCG will proactively post those contracts in their electronic reading room.

### d. United States Secret Service (USSS)

USSS processes a significant number of classified or sensitive and complex documents. The close coordination among the FOIA staff, the subject matter expert, and the DHS Security Office ensures that any declassification and subsequent release of information complies with the standards of Executive Order 12958, DHS directives and guidelines, and the DHS FOIA regulations. The requisite caution is time-consuming and often a lengthy process due to competing workloads and priorities. Determining classification and declassification responsibilities is a DHS-specific challenge when processing documents that retain classification from a legacy organization pre-dating the creation of DHS. Another DHS-specific issue is the limited availability of qualified staff knowledgeable of the strict processing standards for critical infrastructure and sensitive law enforcement information. In order to accommodate the unique nature of these requests, USSS is considering a separate expedited process for qualifying requests and potentially other processing flows that may streamline its FOIA operations. The DHS components with minimal backlogs are also evaluating implementation of additional processing tracks to accommodate requests unique to each component's mission.

### e. United States Customs and Border Protection (CBP)

CBP is currently developing a plan to centralize the tracking and processing of headquarters requests. Once CBP establishes processing accountability and an operational framework, its FOIA program will be significantly more efficient. Presently, there is a Memorandum of Understanding (MOU) between USCIS and CBP for USCIS to process all information requests pertaining to the Border Patrol. As USCIS must urgently address its backlog, CBP is evaluating terminating the MOU to allow USCIS to focus on and rectify its processing difficulties. CBP is also concerned that the small Border Patrol backlog that USCIS has amassed in the past few months may continue to grow, unnecessarily exposing CBP to potential constructive denial-litigation.

### f. The Federal Emergency Management Agency (FEMA)

In August 2005, FEMA confronted the task of responding to the sudden influx of 266 FOIA requests due to Hurricane Katrina. With only one FTE FOIA processor, FEMA struggled to meet its statutory responsibilities. Considering the unique situation, FEMA handled the processing challenges well. Unpredictable fluctuations in FOIA requests from events such as Hurricane Katrina can result in temporary backlog issues for some DHS components. The components must meet the statutory mandate to process FOIA requests, although the number of personnel available to assist in the task may be inadequate. All components must develop a contingency plan for handling disclosure during an unexpected or urgent situation, in order to meet statutory obligations and prevent a case backlog. At the Departmental level, options that allow for staffing flexibility, such as immediate detail of employees to a component in need, must exist. Consequently, FEMA established a disclosure action plan to implement in case of another national disaster.

Freedom of Information Act
Revised Operational Improvement Plan
Page 7

All components report weekly on significant FOIA requests they receive. The DHS compiles the information and shares the list with all DHS components and other interested DHS parties. This reporting requirement necessitates the components reviewing all incoming requests on a weekly basis, therefore preventing procrastination, accumulation of unopened requests, and additional backlog. Recently, the DHS FOIA Officer instituted a monthly statistical data submission requirement, which includes a breakdown of open cases listing the age of the request.

## 2. Education and Training

As indicated in the July 2006 report, DHS can make improvements both with requester-oriented education and with employee training. An educated requester is able to properly direct the initial perfected request, which eliminates unnecessary referrals and cuts down on response times. Specialists in many components are hesitant to contact requesters that submit broadly drafted requests. FOIA specialists should be encouraged to do so. A request with an overly broad scope can paralyze a small program office while trying to collect responsive records. Requesters are often willing to amend or narrow the scope of their request when told that specificity will result in a faster, less expensive search. Many component reviews indicate limited usage of available resources, such as web sites, for public education. Use of such resources would assist the Department in achieving its communication goals and garnering public support through greater understanding of DHS programs. A Departmental FOIA reference guide is required under 5 U.S.C. §552(g). Re-drafting the guide published in the electronic reading room will assist prospective FOIA requesters who may be unfamiliar with the Department or the FOIA process.

In addition, DHS should also make requesters aware of other useful FOIA resources, such as the comprehensive DOJ FOIA Guide. To further the Department's efforts to educate and learn from the requester community, the Chief FOIA Officer meets regularly with representatives from the privacy and disclosure communities and encourages feedback from requesters.

Department-wide employee "FOIA 101" training information on the statutory responsibilities of a Federal employee should be mandatory. When entering service within the Department, employees must be educated about the importance of FOIA and informed of their mandatory participation in the DHS FOIA program. All components indicate that retrieving documents from the various offices and obtaining satisfactory statements from the program officials is a time-consuming, burdensome activity.

Additionally, specialized training is essential for DHS FOIA processing professionals. Education and training for the Department's FOIA professionals ensures a consistent interpretation of common aspects of the FOIA administrative process, such as determinations on fee waivers and requests for expedition. Standardization of processing operations guarantees consistent interpretation of FOIA, therefore benefiting the requester community through a greater uniformity of treatment. Some components offer training to their processing professionals. However others rely on training offered by the Department of Justice (DOJ) or by other industry organizations. All FOIA professionals should receive training annually to maintain currency with processing guidance, pending FOIA-related legislation and recent case law.

Freedom of Information Act
Revised Operational Improvement Plan
Page 8

Finally, the DHS Chief FOIA Officer or his designee should implement processing policy to ensure consistent interpretation of key aspects of FOIA and, in particular, DHS-specific issues, such as classified record processing, multi-component referrals, and legacy agency administrative challenges. The processing guidance should cover all areas that currently receive varying treatment such as fee waivers and expedition determinations, encouraging consistent Departmental treatment of FOIA issues and decrease the potential problems faced during litigation of these matters. The Chief FOIA Officer must further clarify the Department's position on the implementation of FOIA by revising and finalizing the interim DHS FOIA regulations.

The Department must assure that all levels of DHS FOIA education and training stringently emphasize the fundamental FOIA underpinning: customer service. The FOIA requesters are the Department's customers and must be treated with courtesy and respect.

### 3. Technology

The use of technology for processing FOIA requests varies greatly throughout the Department, with nearly every component using a different FOIA electronic processing system. Most of the technology consists of word processing programs for correspondence, a database program for tracking requests, off-the-shelf redaction programs, or manipulation of administrative program features to obtain the same processing and redaction results. Several components have advanced FOIA processing systems, while others are using outdated programs that actually slow processing down. USCIS uses a processing program that was designed in 1999 and is not web-based. Considering the high volume of FOIA requests received, USCIS should be developing and utilizing a first class updated processing system.

The current disparity of electronic processing systems impedes case information sharing and therefore increases processing times. Most components indicate support for implementing a department-wide, automated, web-based system for processing requests. The system of choice would electronically scan requests and responsive documents and allow for electronic redaction. The program must also create a database of all FOIA/PA requests and releases and produce standardized communications, letters, and reports that would require minimal individualized adjustment. The essential feature of the program would be the ability to provide a requester a real-time case status update. Web-based access would increase processing accuracy by allowing file scanning at the local or field level and processing by experienced full-time FOIA processors at a central location. Such a system would reduce the workload at the local and field level to conducting a search for responsive records and scanning and providing any records found. This would also avoid the record custodian having to release custody of the files. Without adequate technology, the processing of FOIA requests and the excising of sensitive information remains a labor intensive and time consuming process. The Chief FOIA Officer is working with the Department's Executive Secretary and Chief Information Officer on a system that could be employed Department-wide.

Ten DHS FOIA programs have their own FOIA web sites. Many of the components' websites also provide additional component-specific information about FOIA and their FOIA processes. Each component should use the electronic reading room on its web site for affirmative disclosure, as required by the Act. This would include documents that

Freedom of Information Act
Revised Operational Improvement Plan
Page 9

have been the subject of multiple FOIA requests or are expected to receive multiple FOIA requests, statements of department policy, or administrative materials that affect the public. In addition, DHS should encourage proactive disclosure as a means to disseminate records to the public without submitting a FOIA request. Some web sites have provisions for receiving FOIA payments electronically and others have provisions for receiving FOIA requests electronically. One component, Customs and Border Protection (CBP), also reported having a web page on its intranet web site (not accessible by non-CBP employees) that includes a help box for employees to obtain FOIA advice.

## C. IMPROVEMENT PLAN

This revised collective improvement plan focuses on eliminating backlogs, education and training, and technological improvements for better customer service. The plan addresses the components of greatest concern, but every DHS component is expected to make improvements. Select components have requested funding for some of the large-scale and more costly improvements and for some components significant improvement may not be possible without additional resources. Nevertheless, all components are committed to Department-wide improvement.

### 1. Backlog

**GOAL: backlog eliminated by <u>December 31, 2007</u>.**

<u>**IMPROVEMENT STEPS:**</u>

- Of the six components with high backlogs, CBP, FEMA, USCIS and ICE currently have authority to hire additional FOIA personnel. These components initiated hiring actions prior to <u>December 31, 2006</u>.

- CBP, FEMA, USCIS and ICE will complete the hiring of all additional FOIA personnel by <u>December 31, 2007</u>.

- The DHS Chief FOIA Officer dispatched a team of FOIA experts to the NRC for a week to comprehensively assess USCIS A-file FOIA processing, identify any deficiencies, determine the best way to institute critical operational changes, and the team drafted a suggested performance modification plan for the DHS Chief FOIA Officer prior to <u>December 31, 2006</u>.

- The DHS Chief FOIA Officer will review the performance modification plan and seek appropriate actions by <u>June 30, 2007</u>.

- The DHS Chief FOIA Officer requested an evaluation of the precision and veracity of the USCIS data analysis and cost estimate, which targets eliminating the backlog, prior to <u>December 31, 2006</u>.

- USCIS initiated implementation of the Ombudsman's operational recommendations prior to <u>December 31, 2006</u>.

- USCIS will finalize the Ombudsman and Chief FOIA Officer operational recommendations by <u>December 31, 2007</u>.

Freedom of Information Act
Revised Operational Improvement Plan
Page 10

- USCIS will finalize and institute the immigration litigation-related third processing track by <u>June 30, 2007</u>.

- The DHS Chief FOIA Officer, USCIS and ICE met with AILA to discuss A-file processing, including customer service enhancements, prior to <u>December 31, 2006</u>.

- USCIS will finalize and establish the alternate administrative process to address genealogy related requests by <u>June 30, 2007</u>.

- USCIS will initiate processing ICE records found in the A-files in accordance with ICE guidance by <u>June 30, 2007</u>.

- USCIS and ICE will establish a target date to finalize the A-file digitization plan by <u>December 31, 2007</u>.

- ICE initiated creation of centralized headquarters FOIA Office by <u>December 31, 2006</u>.

- ICE will finalize establishment of centralized headquarters FOIA Office by <u>June 30, 2007</u>.

- ICE will initiate new two-track processing approach by <u>December 31, 2007</u>.

- ICE will finalize and establish the two-track processing approach <u>June 30, 2007</u>.

- USCG will seek allocation of 16 billets to USCG headquarters by <u>June 30, 2007</u>.

- USCG faces the challenge of a highly decentralized FOIA program; therefore, it is currently assessing the feasibility of centralizing FOIA operations. USCG will complete assessment by <u>December 31, 2007</u>.

- USCG is assessing revising the standard operating procedures for handling procurement-related and open investigation requests. USCG will complete assessment by <u>June 30, 2007</u>.

- USCG will implement new standard operating procedures as deemed appropriate by <u>December 31, 2007</u>.

- USSS will develop at least one separate expedited track for qualifying requests to streamline its FOIA operations by <u>June 30, 2007</u>.

- CBP will finalize the centralization plan for its headquarters request tracking and processing by <u>June 30, 2007</u>.

- CBP will finish the centralization of its headquarters request tracking and processing by <u>December 31, 2007</u>.

- CBP will make a determination on the USCIS MOU termination by <u>June 30, 2007</u>.

- All DHS components and offices will evaluate potentially beneficial operational changes such as centralized processing, implementation of

Freedom of Information Act
Revised Operational Improvement Plan
Page 11

additional processing tracks to accommodate requests unique to each
component's mission, and preparation of procurement related documents, by
<u>June 30, 2007</u>.

- All DHS components and offices will finalize and implement operational
improvements by <u>December 31, 2007</u>.

- The DHS Chief FOIA Officer will assess the feasibility of assembling a
"rapid-response" FOIA specialist team of contractors and/or Federal
employees for deployment on an as-needed basis to a component facing a
disclosure crisis. A feasibility review will be completed by
<u>June 30, 2007</u>.

- The DHS Chief FOIA Officer will develop a rapid-response plan for
addressing all types of disclosure crises by <u>December 31, 2007</u>.

- All DHS components currently submit weekly and monthly data to the DHS
Chief FOIA Officer.

## <u>MEASUREMENTS OF SUCCESS</u>:

- Achieving optimal staffing levels in all components, as determined by a
thorough manpower review.

- Implementing the recommendations from the DHS Chief FOIA Officer and
the CIS Ombudsman at USCIS.

- Implementing the operational immigration litigation-related third processing
track.

- Implementing an established alternate administrative process for genealogy
documents.

- USCIS processing ICE A-file records without referral.

- Establishing the A-file digitization target date.

- Implementing the components' operations and procedures assessments and
resulting modifications.

- Establishing centralized headquarters ICE FOIA Office.

- Implementing the two-track processing approach at ICE.

- Establishing the disclosure crisis plan.

- All components fulfill weekly and monthly reporting requirements.

- There is a decrease in open cases reported to DHS FOIA each month.

Freedom of Information Act
Revised Operational Improvement Plan
Page 12

### 2. Education and Training

**GOAL: Improve DHS employee FOIA training and customer service by December 31, 2007.**

**IMPROVEMENT STEPS:**

- Provide a renewed emphasis throughout the Department on the importance of FOIA, conveyed from the top down, and establish the message that all employees must be active participants in the DHS FOIA program. All senior component leaders will be encouraged to issue memoranda to employees indicating their expectation of compliance with FOIA obligations. Memoranda will be issued by June 30, 2007.

- All components and offices will make available "FOIA 101" information for all employees detailing FOIA obligations and stressing customer service by June 30, 2007.

- All FOIA professionals who expend more than 50 percent of their work time to FOIA must take annual FOIA training offered by the Department of Justice (DOJ), Office of Information Privacy (OIP), or an equivalent by December 31, 2007.

- The DHS FOIA Officer instituted semi-annual FOIA officer meetings prior to December 31, 2006.

- The DHS FOIA Requester Service Center and component public liaisons addressed all pending customer concerns or disputes prior to December 31, 2006.

- The DHS FOIA Requester Service Center and component public liaisons must acknowledge all incoming customer concerns or disputes within five business days of receipt.

- To assure that all responses are consistent and contain statutorily required information, all components and offices will draft and implement the use of letter templates containing standardized language by June 30, 2007.

- DHS will finalize DHS FOIA regulations by December 31, 2007.

- All non-exempt DHS components and offices must fully comply with the final DHS regulations by December 31, 2007.

- DHS collected, reviewed, and assessed all existing disclosure policy within the components prior to December 31, 2006.

- DHS will resolve any conflicting guidance and draft Departmental guidance on necessary issues by December 31, 2007.

**MEASUREMENTS OF SUCCESS:**

- All employees receive communication from leadership indicating expectation of compliance with FOIA obligations.

Freedom of Information Act
Revised Operational Improvement Plan
Page 13

- All DHS employees can access "FOIA 101" information.

- All FOIA professionals are successfully completing annual FOIA training.

- All FOIA officers are attending the semi-annual meeting hosted by the DHS Chief FOIA Officer.

- Resolving satisfactorily every concern received by the DHS FOIA Requester Service Center and component public liaisons.

- All component processors are using standard templates.

- Finalize DHS FOIA regulations.

- All applicable components and offices are complying with DHS FOIA regulations.

- The DHS disclosure policy is not in conflict with component or office policy.

- The DHS disclosure policy is issued on common FOIA processing issues.

**GOAL: Increase public knowledge and awareness of DHS FOIA by December 31, 2007.**

**IMPROVEMENT STEPS:**

- Continue to educate the requester community and increase public awareness of FOIA generally through Privacy Office sponsored workshops.

- Revise the online DHS FOIA Reference Guide by <u>June 30, 2007</u>.

- Provide a link to the DOJ FOIA Guide from the DHS FOIA web page by <u>June 30, 2007</u>.

- The DHS Chief FOIA Officer will continue to meet and encourage communications with the requester community.

**MEASUREMENTS OF SUCCESS:**

- Increasing the public attendance at workshops significantly.

- Publishing the revised DHS FOIA Reference Guide in the DHS electronic reading room.

- Provide a link to the DOJ FOIA Guide on the DHS FOIA web page.

**3. Technology Improvements to Enhance FOIA Processing and Information Delivery**

**GOAL: Identify, implement and encourage Department-wide use of FOIA tracking and processing technology by <u>December 31, 2007</u>.**

**IMPROVEMENT STEPS:**

- DHS identified a web-based case management program with electronic tracking capabilities prior to <u>December 31, 2006</u>.

Freedom of Information Act
Revised Operational Improvement Plan
Page 14

- DHS identified a redaction program prior to <u>December 31, 2006.</u>

- OCIO will complete the software evaluation and requisite DHS compliance assessment by <u>June 30, 2007.</u>

- DHS will issue a department-wide software implementation recommendation by <u>December 31, 2007.</u>

MEASUREMENTS OF SUCCESS:

- Provide a single affordable, web-based case management program with electronic tracking.

- Identify an affordable redaction program.

- Initiate implementation of FOIA software in participating components.

**GOAL: Enhance component web sites to improve customer service.**

**IMPROVEMENT STEPS:**

- All DHS components and offices with web sites assessed their existing FOIA website and initiated improvements prior to <u>December 31, 2006.</u>

- All FOIA offices will have a web site or a link to the DHS FOIA web site from their component's home page by <u>June 30, 2007.</u>

- Increase proactive disclosure of documents on component and office web sites to allow public access to records without submitting a FOIA request by <u>June 30, 2007.</u>

- Confirm compliance with 5 U.S.C.§552 (a)(2) requirement for affirmative disclosure of statutorily specified documents, such as frequently requested records, policy statements, and final agency opinions, by <u>June 30, 2007.</u>

**MEASUREMENTS OF SUCCESS:**

- All components will have an established presence on the World Wide Web.

- All component and office web sites are up-to-date, proactive disclosures are posted, and the 5 U.S.C. §552 (a)(2) requirements are met.

**D. SUMMARY OF IMPROVEMENT AREAS**

**1. Items Instituted prior to December 31, 2006**

- All components submit weekly report to DHS FOIA on any significant incoming requests.

- All components submit monthly case statistical data.

- DHS FOIA Requester Service Center and FOIA public liaisons for every FOIA component program must acknowledge all incoming customer concerns or disputes within five business days of receipt.

- DHS Chief FOIA Officer meets with requester community, as needed.

Freedom of Information Act
Revised Operational Improvement Plan
Page 15

- Applicable components tasked to hire FOIA personnel.

- DHS FOIA designees visited the National Records Center and submitted a draft performance modification plan to the DHS Chief FOIA Officer.

- DHS Chief FOIA Officer requested completion of an assessment of the USCIS data analysis and cost estimate targeting eliminating the 2007 backlog.

- USCIS initiated the institution of the Ombudsman's operational recommendations.

- The DHS Chief FOIA Officer met with AILA to discuss A-file processing.

- The DHS Chief FOIA Officer meets semi-annually with component FOIA officers.

- The public is becoming more knowledgeable and aware of DHS disclosure operations.

- The DHS FOIA Requester Service Center and FOIA public liaisons for every FOIA component program resolve all customer concerns or disputes.

- DHS collected and reviewed all existing component FOIA policies.

- Privacy Office offers workshops.

- DHS identified web-based FOIA case management and redaction software.

- Components with existing web sites reassessed their FOIA website and initiated any necessary improvements to improve customer service.

**2. Items to be Completed by June 30, 2007**

- USCIS will implement the new processing final rules pertaining to genealogy and immigration litigation-related requests and initiate processing ICE records in accordance with ICE guidance.

- USCG will submit for allocation of 16 billets for USCG headquarters.

- All components will initiate evaluations of disclosure operations, to include processing centralization, processing-track modifications and internal processing procedures.

- USCIS is instituting the NRC performance modification plan.

- The DHS Chief FOIA Officer reports any data discrepancies or concerns regarding the USCIS data analysis and cost estimate targeting 2007 backlog elimination and USCIS incorporates modifications into its backlog elimination plan.

- Senior component leaders will issue memos regarding FOIA responsibilities.

- "FOIA 101" information will be available to all DHS employees.

- Components will draft and implement the use of response letter templates.

Freedom of Information Act
Revised Operational Improvement Plan
Page 16

- All components determine appropriate modifications to disclosure operations, including processing centralization, processing-track modifications and internal processing procedures.

- DHS will publish the Revised Online DHS FOIA Reference Guide.

- The DHS FOIA web site will provide a link to the DOJ FOIA Guide.

- All DHS components will have a web site or a link to the DHS FOIA webpage from their component's public web site.

- Each component will proactively disclose documents on its web site.

- Components will be in full compliance with statutorily mandated affirmative disclosure requirements.

**3. Items to be Completed by December 31, 2007**

- DHS will eliminate its request backlog.

- Applicable components complete all FOIA personnel hiring actions.

- Improved DHS employee FOIA training available.

- Improved customer service through the liaisons.

- USCIS and ICE will determine a target date for completing the A-file digitization project.

- Programs will finalize operational changes deemed necessary, including processing centralization, processing-track modifications, and internal processing procedures.

- USCIS will institute the Ombudsman's operational recommendations.

- Working with the Office of the General Counsel, the DHS Chief FOIA Officer will finalize a plan on management of disclosure-crisis.

- DHS FOIA professionals who devote more than 50 percent of their time to FOIA will attend annual FOIA training offered through the U.S. Department of Justice or other similar program.

- DHS will finalize FOIA regulations.

- All applicable DHS components will be in full compliance with the DHS FOIA regulations.

- DHS will resolve any conflicting component FOIA policy.

- DHS completes the FOIA processing software assessment and issues Department-wide implementation recommendation.

- The DHS Chief FOIA Officer will issue a final determination on establishing a quick-response FOIA processing team for deployment on an as-needed basis.

Freedom of Information Act
Revised Operational Improvement Plan
Page 17

APPENDIX A:  COMPOSITION OF THE DEPARTMENT OF HOMELAND
SECURITY

The Office of the Secretary oversees activities with other federal, state, local, and private
entities as part of a collaborative effort to strengthen our borders, provide for intelligence
analysis and infrastructure protection, improve the use of science and technology to
counter weapons of mass destruction, and to create a comprehensive response and
recovery system. The Office of the Secretary includes multiple offices that contribute to
the overall Homeland Security mission. These are:

The Privacy Office works to minimize the impact on the individual's privacy,
particularly the individual's personal information and dignity, while achieving the
mission of the Department of Homeland Security.

The office for Civil Rights and Civil Liberties provides legal and policy advice to
Department leadership on civil rights and civil liberties issues, investigates and
resolves complaints, and provides leadership to Equal Employment Opportunity
Programs.

The Office of Inspector General is responsible for conducting and supervising
audits, investigations, and inspections relating to the programs and operations of
the Department, recommending ways for the Department to carry out its
responsibilities in the most effective, efficient, and economical manner possible.

The Citizenship and Immigration Services Ombudsman provides
recommendations for resolving individual and employer problems with the United
States Citizenship and Immigration Services in order to ensure national security
and the integrity of the legal immigration system, increase efficiencies in
administering citizenship and immigration services, and improve customer
service.

The Office of Legislative and Intergovernmental Affairs serves as primary liaison
to members of Congress and their staffs, the White House and Executive Branch,
and to other federal agencies and governmental entities that have roles in assuring
national security.

The office of the Federal Coordinator for Recovery and Rebuilding of the Gulf
Coast Region was created to help assist the region with long-term planning and
coordinating the federal government's response to rebuild the Gulf Coast region
devastated by Hurricanes Katrina and Rita.

The Office of the General Counsel is responsible for all legal activities within
DHS, to ensure full implementation of DHS' statutory responsibilities and all
policies set forth by the Secretary and all officials of DHS. All DHS sub-unit
and agency legal offices report up to the DHS Office of General Counsel.

Freedom of Information Act
Revised Operational Improvement Plan
Page 18

The Office of Counternarcotics Enforcement provides expert advice to the Secretary and coordinate Departmental efforts to secure borders against flow of illegal drugs and to protect the United States against drug related criminal enterprises.

The Office of Public Affairs is responsible for oversight and management of all external and internal communications for the Department of Homeland Security. The Office of Public Affairs also develops and manages various public education programs, including the Ready campaign to increase citizen preparedness.

Department Components:

The Directorate for Preparedness works with State, local, and private sector partners to identify threats, determine vulnerabilities, and target resources where risk is greatest, thereby safeguarding our borders, seaports, bridges and highways, and critical information systems.

The Science and Technology Directorate is the primary research and development arm of the Department. It provides federal, state and local officials with the technology and capabilities to protect the homeland.

The Management Directorate is responsible for Department budgets and appropriations, expenditure of funds, accounting and finance, procurement; human resources, information technology systems, facilities and equipment, and the identification and tracking of performance measurements.

The Office of Policy Directorate is the primary policy formulation and coordination component for the Department of Homeland Security. It provides a centralized, coordinated focus to the development of Department-wide, long-range planning to protect the United States.

The Federal Emergency Management Directorate prepares the Nation for hazards, manages Federal response and recovery efforts following any national incident, and administers the National Flood Insurance Program.

The Office of Intelligence and Analysis is responsible for using information and intelligence from multiple sources to identify and assess current and future threats to the United States.

The Office of Operations Coordination is responsible for monitoring the security of the United States on a daily basis and coordinating activities within the Department and with governors, Homeland Security Advisors, law enforcement partners, and critical infrastructure operators in all 50 states and more than 50 major urban areas nationwide.

Freedom of Information Act
Revised Operational Improvement Plan
Page 19

The Domestic Nuclear Detection Office works to enhance the nuclear detection efforts of federal, state, territorial, tribal, and local governments, and the private sector and to ensure a coordinated response to such threats.

The Transportation Security Administration protects the Nation's transportation systems to ensure freedom of movement for people and commerce.

United States Customs and Border Protection is responsible for protecting our Nation's borders in order to prevent terrorists and terrorist weapons from entering the United States, while facilitating the flow of legitimate trade and travel.

United States Immigration and Customs Enforcement, the largest investigative arm of the Department of Homeland Security, is responsible for identifying and shutting down vulnerabilities in the nation's border, economic, transportation and infrastructure security.

The Federal Law Enforcement Training Center provides career-long training to law enforcement professionals to help them fulfill their responsibilities safely and proficiently.

United States Citizenship and Immigration Services is responsible for the administration of immigration and naturalization adjudication functions and establishing immigration services policies and priorities.

The United States Coast Guard protects the public, the environment, and U.S. economic interests in the Nation's ports and waterways, along the coast, on international waters, or in any maritime region as required to support national security.

The United States Secret Service protects the President and other high-level officials and investigates counterfeiting and other financial crimes, including financial institution fraud, identity theft, computer fraud; and computer-based attacks on our nation's financial, banking, and telecommunications infrastructure.

Freedom of Information Act
Revised Operational Improvement Plan
Page 20

**APPENDIX B: DHS ORGANIZATIONAL CHART**



Freedom of Information Act
Revised Operational Improvement Plan
Page 21

## APPENDIX C: NAMES, ADDRESSES, AND CONTACT NUMBERS FOR DHS FOIA OFFICERS

Department of Homeland Security
Catherine Papoi
Ph: 571-227-3813; Fax: 571-227-3813
Director, Disclosure & FOIA
Deputy Chief FOIA Officer
601 South 12th Street, DHS-D3
Arlington, VA 22202

Emergency Preparedness & Response
Federal Emergency Management Agency
Jeff Ovall
Ph: 202-646-3051; Fax: 202-646-4536
FOIA Officer
500 C Street, SW
Washington, D.C. 20472

United States Coast Guard
Donald Taylor
Ph: 202-267-6929; Fax: 202-267-4814
United States Coast Guard
2100 Second Street, SW
Washington, D.C. 20593

United States Secret Service
Latita Huff
Ph: 202-406-5838; Fax: 202-406-5154
Disclosure Officer
245 Murray Drive, Bldg. 410
Washington, D.C. 20223

U.S. Immigration & Customs Enforcement
Katrina Pavlik
Ph: 202-616-7498; Fax: 202-616-7612
425 I Street, N.W.
Washington, D.C. 20536-0001

Preparedness Directorate
Sandy Ford Page
Ph: 202-282-9077; Fax: 202-282-9069
Department of Homeland Security
3801 Nebraska Ave, N.W.
Nebraska Avenue Complex, Bldg 19
Washington, D.C. 20393

Federal Law Enforcement Training Center
Marty Zimmerman-Pate
Ph: 912-267-3103; Fax: 912-267-3113
OBP
Building #94
Glynco, GA 31524

U.S. Citizenship and Immigration Services
Brian Welsh
Ph: 816 350-5570; Fax: 202-272-8331
FOIA Officer
P.O. Box 648010
Lees Summit, MO 64064-8010

Transportation Security Administration
Anastasia Taylor
Ph: 571-227-2300; Fax: 571-227-1406
West Bldg, 11th Floor
601 South 12th Street
Arlington, VA 22202-4220

Customs and Border Protection
Shari Suzuki
Ph: 202-572-8720; Fax: 202-572-8727
FOIA Appeals, Policy & Litigation Branch,
1300 Pennsylvania Avenue, NW (Mint Annex)
Washington, D.C. 20229

Office of the Inspector General
Richard Reback
Ph: 202-254-4100; Fax: 202-254-4285
Department of Homeland Security
Washington, D.C. 20528

Office of the General Counsel
Michael Russell
Ph: 202-447-3526; Fax: 202-447-3111
Department of Homeland Security
Washington, D.C. 20528

Freedom of Information Act
Revised Operational Improvement Plan
Page 22

Science and Technology Directorate
Cynthia Christian
Ph: 202-254-5710; Fax: 202-254-6178
Department of Homeland Security
1120 Vermont Avenue
Washington, D.C. 20528

US-VISIT
Sophia Young
Ph: 202-298-5200; Fax: 202-298-5201
Department of Homeland Security
Washington, D.C. 20528

Office of Operations Coordination
Reginald Hudson
Ph: 202-282-8769; Fax: 202-282-9069
Department of Homeland Security
3801 Nebraska Ave, N.W.
Nebraska Avenue Complex
Washington, D.C. 20393

Office of Intelligence and Analysis
Reginald Hudson
Ph: 220-282-8769; Fax: 202-282-9069
Department of Homeland Security
3801 Nebraska Avenue, N.W.
Nebraska Avenue Complex
Washington, D.C. 20393

Office of Civil Rights and Civil Liberties
James McNeely
Ph: 202-772-9856; Fax: 202-773-9738
Department of Homeland Security
Room 5608-9
Washington, D.C. 20528

Policy Directorate
Patti Miller
Ph: 202-282-9549; Fax: 202-282-8502
Department of Homeland Security
3801 Nebraska Avenue, N.W.
Nebraska Avenue Complex
Washington, D.C. 20393

Management Directorate
Shila Ressler
Ph: 202-447-3099; Fax: 202-447-3713
3801 Nebraska Avenue, N.W.
Nebraska Avenue Complex
Washington, D.C. 20393

Freedom of Information Act
Revised Operational Improvement Plan
Page 23


## APPENDIX D: RECOMMENDATION FROM THE CIS OMBUDSMAN TO THE DIRECTOR, USCIS

| | |
|---|---|
| To: | Dr. Emilio T. Gonzalez, Director, U.S. Citizenship and Immigration Services |
| Cc: | Michael P. Jackson, Deputy Secretary, Department of Homeland Security |
| From: | Prakash I. Khatri, CIS Ombudsman |
| Date: | July 12, 2006 |
| Re: | Recommendation to USCIS to improve Freedom of Information Act operations while ensuring that information is provided timely by implementing seventeen actions and requirements which will result in a substantially reduced backlog. |

## I.     RECOMMENDATION

Recommendation to USCIS to improve Freedom of Information Act operations while ensuring that information is provided timely by implementing seventeen actions and requirements which will result in a substantially reduced backlog.

## II.     BACKGROUND

### A.     *General Information on the Freedom of Information Act (FOIA)*

The Freedom of Information Act (FOIA), 5 U.S.C. § 552, was enacted in 1966 and generally provides that any person has the right, enforceable in court, to request access to federal agency records or information. All agencies of the Executive Branch of the United States Government are required to disclose records upon receiving a written request for them, except for those records (or portions of them) that are protected from public disclosure by one of the nine exemptions or three special law enforcement record exclusions of the FOIA. NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 136 (1975).

The purpose of FOIA is to make federal agencies accountable for information disclosure policies and practices. While the FOIA does not grant an absolute right to examine government documents, it does establish the right to request records and to receive a response to the request. If a record cannot be released, the requester is entitled to be formally advised of the reason for the denial. The requester has a right to appeal the denial and to challenge it in court.

Under the FOIA statute, all federal agencies must respond to a FOIA request within twenty business days, excluding Saturdays, Sundays, and legal holidays. This time period does not begin until the request is actually received by the FOIA office that maintains the records sought. An agency is not required to send out the releasable documents by the last business day; it can send a letter informing of its decision and then send the documents within a reasonable time afterward. Under the FOIA, a component may extend the initial response time for an additional ten business days when: (1) the component needs to collect responsive records from field offices; (2) the request involves a "voluminous" amount of records that must be located, compiled, and reviewed; or (3) the component needs to consult with another agency or other components that have a

Freedom of Information Act
Revised Operational Improvement Plan
Page 24

substantial interest in the responsive information. When such a time extension is needed, the component may notify the requester in writing and offer the opportunity to modify or limit the request.

In March 2005, Congress introduced the Faster FOIA Act of 2005 that would establish a 16 member commission responsible for finding ways to reduce delays. S. 589. The Senate Judiciary Committee has approved the legislation, but still awaits full Senate consideration. On December 14, 2005, President George W. Bush issued Executive Order 13392 entitled Improving Agency Disclosure of Information in a move prompted by pending legislation. 70 Fed. Reg. 75373. On December 30, 2005, the Office of Management and Budget (OMB) issued a Memorandum for Heads of Department and Agencies that called for agencies to name a Chief FOIA Officer, to review agency FOIA operations and compile a plan to improve agency FOIA operations. M-06-04.

The Executive Order called on federal agencies to name a Chief FOIA Officer at the Assistant Secretary Level or equivalent by January 13, 2006. This individual's name should be posted on the agency's website. The Chief FOIA Officer should conduct a review of agency FOIA operations within certain timelines, and draft a plan with "concrete milestones for FY06 and FY07." The findings and the improvement plan should be sent to the Department of Justice (DOJ) and OMB and posted on agency websites by June 14, 2006. These improvement plans should not only "seek additional funding for FOIA operations," but actually address FOIA operations by making employees responsible for aiding FOIA Offices in processing documents and for reassigning existing resources to FOIA operations[8]. These plans should actually improve FOIA operations and supply FOIA employees with the financial and managerial support to process requests in a timely manner.

The Executive Order also called on federal agencies to include information on how well they have met the milestones of the plan in their FOIA reports to DOJ for FY 2006 and FY 2007. Agencies should establish a FOIA Requester Service Center that "will enable FOIA requesters to seek information concerning the status of their FOIA request and appropriate information about the agency's FOIA response." Agencies should also designate public liaisons who "will serve as supervisory officials to whom a FOIA requester can raise concerns about the service the FOIA requester has received from the Center, following an initial response from the Center staff."

**B.    *USCIS Administration of FOIA and Privacy Act (PA)***

The United States Citizenship and Immigration Services (USCIS) implemented a FOIA centralized processing program in 1997 called the FOIA and Privacy Act Information Processing System (FIPS). FIPS was created as an imaging, workflow, and case tracking system that provides online processing, redaction and release (on paper or CD) of documents for efficient movement of cases to ensure compliances with all mandates and rapid release of documents requested. FIPS was deployed for 260 users at

---

[8] Pursuant to Executive Order 13392, USCIS submitted its FOIA Operations Review Report through the Director of Departmental Disclosure & FOIA for the Chief Freedom of Information Act Officer on March 17, 2006.

Freedom of Information Act
Revised Operational Improvement Plan
Page 25

48 locations across the country and supports all the required processing in two shifts (20 hours per day) for more than 130,000 requests per year.[9]

The USCIS National Records Center (NRC) opened on November 15, 1999, and processes applicants' direct FOIA requests for alien records as well as requests received by USCIS field offices. Because FIPS can be accessed from any location, the NRC processes the primary FOIA/PA workload, while USCIS FOIA/PA in Burlington, Vermont (Vermont) processes personnel-related and contract related requests, and USCIS Headquarters (HQ) processes sensitive or high-profile records. The NRC indicated in January 2006 that they are processing 4,000 to 6,000 FOIA requests per month. The expectation is that processing times will be reduced due to processing streamlining, total dedication of FOIA/PA staff to processing, and the ability to electronically shift workload and files. However, the USCIS process of FOIA is multi-leveled. Although the FOIA request is submitted to USCIS, the request may involve other agencies, such as DOJ, Immigration and Customs Enforcement (ICE) or Customs and Border Patrol (CBP). USCIS does not have jurisdiction over other agencies, and has limited, if any, access to their databases. Thus, the acquisition of information between agencies causes delay and results in an unmet statutory mandate to process FOIA requests within 20 days.

C.    *DHS Privacy Office Analysis of USCIS FOIA/PA Requests for FY 2005*

In April 2006, the Department of Homeland Security's (DHS) Privacy Office released its Freedom of Information Act Annual Report for Fiscal Year (FY) 2005.[10] During FY 2005, 126,126 DHS FOIA and Privacy Act requests were processed as compared to 152,027 requests processed in FY 2004, reflecting a 17% decrease in requests processed. The decrease in DHS processing rates is due to several factors including complex requests, working FOIA searches into operational workload requirements, varying levels of technology used in FOIA processing and experienced staff turnover.[11]

---

[9] IMC Develops Award-winning FOIA Case Management System
http://www.imc.com/content.aspx?content_id=31

[10] Department of Homeland Security FOIA Annual Report for 2005, published April 2006.

[11] Id, p. 11, chart a, annual workload, staffing levels, and estimated processing cost comparisons.

Freedom of Information Act
Revised Operational Improvement Plan
Page 26

| **Annual Workload, Staffing Levels, and Estimated Processing Cost Comparisons** | | | | |
|---|---|---|---|---|
| | FY 2003 | FY 2004 | FY 2005 | Percentage of change FY2004-FY2005 |
| Requests Received + FY carryover | 189,860 | 197,728 | 208,717 | 5.6% |
| Requests Processed | 160,902 | 152,027 | 126,126 | -17.0% |
| Expedited Requests Processed | 187 | 692 | 1,016 | 46.8% |
| End of Year Pending Requests | 29,007 | 45,701 | 82,591 | 80.7% |
| Staffing Levels (full time) | 334 | 340.1 | 345 | 1.4% |
| Estimated Processing Costs (total) | $21,924,851 | $21,148,318 | $28,824,858 | 36.3% |

The following charts are developed from DHS Component FOIA/PA Statistical Charts to compare USCIS FOIA/PA agency requests to DHS FOIA/PA requests in an entirety:

| **Process and Receipt of FOIA Requests** | | | | | | |
|---|---|---|---|---|---|---|
| FOIA/PA Components | Pending End of 2004 | Received FY 2005 | Requests available for processing FY 2005 | Processed FY 2005 | Pending End of FY 2005 | Median Number of Days Pending |
| DHS TOTAL | 45,701 | 163,016 | 208,717 | 126,126 | 82,591 | n/a |
| USCIS | 41,197 | 138,678 | 179,875 | 104,934 | 74,941 | 73 |

The estimated costs for the decentralized DHS FOIA Program preclude an accurate accounting of search, duplication, administrative, transferal and transmitting costs.[12]

---

[12] Id, p. 12, chart c, Processing Costs.

Freedom of Information Act
Revised Operational Improvement Plan
Page 27

| FOIA Processing Costs | | | | | |
|---|---|---|---|---|---|
| **FOIA Components** | **Processing Costs** | | | | |
| | Processing (including Appeals) | Litigation Related Activities | Total Costs | Estimated Part-time FOIA/PA Support | Estimated Total Costs |
| DHS TOTAL | 17,992,169 | 481,784 | 18,473,953 | 10,350,905 | 28,824,858 |
| USCIS | 11,352,633 | 67,755 | 11,420,388 | 0 | 11,420,388 |

USCIS maximized FOIA/PA resources and increased uniformity of processing by centralizing the entire workload from 46 offices to 3 (NRC; USCISHQ; USCIS FOIA/PA Office, Burlington, Vermont).[13]

| Disposition of Initial Requests | | | | |
|---|---|---|---|---|
| **FOIA/PA Components** | **Full Release** | **Partial Release** | **Denied** | **No Records** |
| DHS TOTAL | 28,631 | 48,564 | 894 | 11,855 |
| USCIS | 19,851 | 43,921 | 221 | 9,908 |

| Median Response Times | | | | | | |
|---|---|---|---|---|---|---|
| **FOIA/PA Components** | **Simple Requests** | | **Complex Requests** | | **Expedited Requests** | |
| | Processed | Median Days to Process | Processed | Median Days to Process | Processed | Median Days to Process |
| DHS TOTAL | 95,993 | | 29,117 | | 1,016 | |
| USCIS | 85,307 | 45 | 19,532 | 55 | 95 | 15 |

---

[13] Id, p. 17, DHS Component FOIA/PA Statistical Charts, chart b, Disposition of Initial Requests.

Freedom of Information Act
Revised Operational Improvement Plan
Page 28

| FOIA/PA Staffing Level | | | |
|---|---|---|---|
| **FOIA/PA Components** | **FY 05 FOIA Staffing Levels** | | |
| | Full-Time Employee (federal & contractor) | Part-time FOIA/PA Admin Support | Total Work Years |
| DHS TOTAL | 345 | 276.6 | 621.6 |
| **USCIS** | **265** | **0** | **265** |

The existing USCIS FOIA program results show that FOIA processing is given low priority without clearly delineated accountability; thus backlogs develop or litigation ensues because of errors in processing. Oversight, insufficient resources, and budget problems have led to deficiencies such as:

- Lack of management support and accountability for the FOIA program;

- Outdated USCIS procedures and regulations implementing the FOIA;

- Lack of frequent and useful training for new and existing FOIA employees; and

- Lack of effective leadership of the national FOIA program addressing oversight, training, and policy, coordination/centralization of complex FOIA requests and billing, and determinations on requests for expedited processing and fee waivers.

Managers do not set production goals for employees. FOIA procedures do not require federal agencies to penalize employees for missing statutory deadlines. There is an absence of serious consequence either for an individual federal employee responding to a FOIA request or the federal agency. While an overhaul of the FOIA program is not required, changes should be made immediately to ensure USCIS compliance under the FOIA and the Executive Order.

## III.    JUSTIFICATION

### A.    *Accountability*

Accountability and effective prioritization are lacking. Accountability throughout USCIS is imperative for compliance with FOIA. There should be increased efforts to reduce the backlog of outstanding FOIA requests. USCIS Office of Record Services (ORS) should be designated as the lead office to oversee and administer FOIA because of its current responsibilities for FOIA policy, records management, and Privacy Act matters. Supervisors should be held responsible for ensuring compliance with the statutory requirements of FOIA. Structurally, new roles and responsibilities should be integrated into the FOIA program, and the role and importance of personnel with FOIA responsibilities should be enhanced.

Freedom of Information Act
Revised Operational Improvement Plan
Page 29

*i.*     ***Systems Issues (#1 and #2)***

1.     **Develop a web-enabled USCIS-wide FOIA Tracking System that meets statutory requirements of E-FOIA and provides document management and workflow for simultaneous reviews and multi-track assignment of FOIA requests.**

***Reason:*** FIPS is not web-enabled.[14]  The E-FOIA amendments provide for increased accountability in the tracking of USCIS FOIA requests and for a process to manage those requests on a first-in, first-out basis.  This accounting should be reported in the Annual FOIA Report to Congress. E-FOIA also requires that the Annual Report and certain categories of records, including those requested frequently, be placed in the Electronic Reading Room.  USCIS has no system that meets these requirements and that generates an accurate report within a reasonable period of time.  FIPS should incorporate a comprehensive FOIA tracking system, and USCIS FOIA staff should be vigilant about tracking and systematically processing all FOIA requests.  There should also be identification elements to correctly verify FOIA requestors conducting personal status checks in compliance with Privacy Act issues.

2.     **Replace all remaining USCIS stand-alone FOIA systems, after either importing existing electronic files into the new USCIS-wide FOIA system or establishing a link from the new system to the old system to make full use of the existing technology and electronic records.  Give FOIA Officers, FOIA Management, and other FOIA personnel, access to the new FOIA system as needed.**

***Reason:*** FIPS may be the USCIS FOIA/PA system, but it is unclear whether employees use the system to enter and respond to all requests, or if managers can track the status of requests and check employee responses times.  Due to the large volume of FOIA requests that USCIS receives and its backlog of unanswered requests, many program offices have expended funds for developing their own FOIA systems to track requests.[15]  An efficient and effective centralized FOIA system would provide for accurate tracking and reporting of requests.  USCIS recently centralized the primary FOIA workload from 46 offices to 3 (NRC; USCISHQ; Vermont).  As of the date of this recommendation, only 4 field offices (Omaha, NE; El Paso, TX; San Antonio, TX, and Halingen, TX) remain to have their FOIA workload be centralized.

---

[14] USCIS ORS "FIPS Demonstration" to CISO, November 10, 2005.

[15] GAO Exit Conference Review of USCIS Management of A-File Automation Project, January 27, 2006.

Freedom of Information Act
Revised Operational Improvement Plan
Page 30

ii.   *Reports and Pending Backlog (#3, #4, and #5)*

1.   **Provide FOIA Supervisors in each program with a copy of a monthly list of overdue FOIA requests and a bi-weekly list of pending requests, with a copy of both lists sent to the Senior Management of the FOIA/PA program.**

*Reason:* FIPS generates reports that give overdue and outstanding FOIA requests.[16] However, it is unclear how often these reports are generated and submitted. The monthly report will serve as a reminder of requests that are overdue (i.e., an initial response was not sent within the 20-day time period and no formal extension of time or alternative due date was obtained from the requester). The bi-weekly report will serve as a forecast of requests that have not yet reached their due date, but which USCIS needs to answer. Both reports will be passed on to the appropriate Senior Manager for the affected program for action.

2.   **Require FOIA management to review the list of overdue FOIA requests, verify the number of outstanding requests, and commit efficient resources to reduce the backlog. The status of this backlog-reduction effort should be reported to the ORS FOIA Office monthly.**

*Reason:* USCIS has a significant backlog of initial FOIA requests. USCIS indicated developments of a FOIA backlog reduction plan, but has not provided the CISO with any concrete details regarding these developments.[17] FOIA supervisors are aware of outstanding requests and allocate resources as necessary, but it is unclear whether these resources are efficiently and effectively resolving the pervasive problems. HQFOIA/PA and ORS are aware of the status of pending FOIA/PA requests nationwide, but it is unclear whether their backlog-reduction efforts are reported consistently to ORS. Failure to answer requests within the statutory time limits exposes USCIS to litigation and unfavorable publicity.

3.   **Require each FOIA supervisor to review the bi-weekly list of pending FOIA requests and address other FOIA issues with the same high priority given to controlled correspondence and congressional inquiries.**

*Reason:* FOIA/PA supervisors address FOIA/PA requests according to the standards and guidelines provided by DHS and DOJ as well as specified in the FOIA.[18] However, it is unclear whether the same high priority is given. It is imperative that USCIS establish at least the sensitivity to

---

[16] USCIS ORS "FIPS Demonstration" to CISO, November 10, 2005.

[17] USCIS Briefing on FOIA to CISO, August 17, 2005; CISO Issues List to USCIS, November 7, 2005; GAO Exit Conference Review of USCIS Management of A-File Automation Project, January 27, 2006.

[18] USCIS Response to CISO First Request For Information List on FOIA, September 16, 2005.

Freedom of Information Act
Revised Operational Improvement Plan
Page 31

responding timely to FOIA requests as it does for controlled
correspondence and congressional inquiries. Offices should be held
accountable for responses to FOIA requests as they are held accountable
for controlled and congressional correspondences.

iii.    *Performance Issues (#6 and #7)*

1.    **Add clearly-defined FOIA responsibilities to the performance
standards as a critical element of all USCIS managers and
supervisors.**

*Reason:* The responsible parties (District Directors, Deputy District
Directors, record supervisors) all have FOIA and PA reflected in their
Performance Work Plans.[19] However, it is unclear whether these
production duties have strict accountability and target dates. Incorporating
strict FOIA responsibilities into the performance standards of USCIS
managers, supervisors and FOIA staff ensures that appropriate attention
will be given to compliance with the requirements of FOIA. This
increases the importance that USCIS has placed on FOIA compliance by
clearly stating the performance expected of all USCIS employees.

2.    **Revise job position descriptions for FOIA Officers and
personnel to define the specific skills required to effectively
perform the duties of the position (e.g., ability to communicate
effectively in writing and orally, ability to make sound
decisions and resolve complex issues, and ability to conduct
legal research).**

*Reason:* These skills are a part of the knowledge, skills, and abilities for
the journeymen level FOIA/PA staff.[20] However, a strong base line of
uniform skills and knowledge should be established for all FOIA
personnel. FOIA duties should only be assigned to employees who have
received FOIA training and possess the institutional USCIS knowledge,
experience, and communication skills to successfully fulfill these duties.
Placing highly trained and skilled persons in FOIA roles provides
resources to resolve complex issues while ensuring compliance with
FOIA.

---

[19] USCIS Briefing on FOIA to CISO, August 17, 2005.

[20] http://www.usajobs.opm.gov/, Vacancy Announcements for FOIA/Paralegal Specialist, last checked May
2006.

Freedom of Information Act
Revised Operational Improvement Plan
Page 32

> iv. **Actions to improve FOIA training, upgrade IT, and address accountability (#8, #9, and #10)**

> 1. **Designate ORS as the lead office to administer and oversee USCIS National FOIA/PA program – to include issuing USCIS-wide guidance, procedures, policies, and operations consistent with DHS FOIA/PA, updating websites, and conducting periodic audits/ inspections of FOIA processes in the program, NRC, HQ, and Vermont.**

> *Reason:* The USCIS FOIA/PA Program is organizationally situated under ORS.[21] The USCIS FOIA/PA Program receives guidance, regulations, and policy from DHS and DOJ[22], and ensures that the policy from those organizations is interpreted and disseminated throughout USCIS. However, there should be increased accountability for the FOIA program and assurances that this accountability is at the highest levels. When it was created, ORS was given the responsibility for oversight of FOIA policy (but not FOIA operations), records management, Privacy Act, and information resource management programs. ORS should have the responsibility to coordinate the USCIS National FOIA/PA program and provide central management control and accountability.

> 2. **Require management to submit a written verification to the ORS FOIA Office that FOIA Supervisors have received FOIA training and that they possess the skills and expertise required of the position. Where the FOIA Supervisor has not received FOIA training, the office must demonstrate that the Supervisor will obtain appropriate training within a reasonable period of time.**

> *Reason:* All FOIA/PA supervisors are responsible for the requirements of the FOIA.[23] However, it is unclear whether ORS receives actual verification that FOIA supervisors adhere to the 20-day response period. This increases management accountability by ensuring critical assessment of employees' abilities prior to assigning FOIA duties. Management should ensure that personnel with FOIA job responsibilities adhere to FOIA regulations and possess the skills needed to effectively perform the duties of the position. Knowledgeable and trained personnel should significantly improve the overall efficiency and timeliness of the program's FOIA activities.

---

[21] "USCIS Approach to Records Management" Presentation to CISO, October 19, 2005.

[22] DOJ FOIA Reference Guide, http://www.uscis.gov/graphics/aboutus/foia, last modified May 2, 2006.

[23] USCIS Briefing on FOIA to CISO, August 17, 2005.

Freedom of Information Act
Revised Operational Improvement Plan
Page 33

    3.    **USCIS shall conduct a needs analysis of all FOIA programs to consider the staff and monetary resources needed to comply with the recommendations of this and various congressional reports, to reduce the backlog of outstanding FOIA requests, and to improve overall response times. Every office should have staffing levels sufficient to allow for timely processing of requests.**

    *Reason:* USCIS indicated that an updated analysis[24] is being conducted in the development of the backlog reduction plan. Pursuant to Executive Order 13392, USCIS submitted its <u>FOIA Operations Review Report</u> through the Director of Departmental Disclosure & FOIA for the Chief Freedom of Information Act Officer on March 17, 2006. The report includes an assessment of USCIS FOIA operations, and includes the use of information technology, practices with respect to requests for expedited processing, implementation of multi-track processing, and availability of public information through websites and other means. The report also identifies ways to eliminate or reduce the FOIA backlog[25]. USCIS should use this report and this recommendation to develop a comprehensive FOIA backlog reduction plan to streamline this enormous operation and make it more responsive to its requesters and to the American People.

**B.    *Centralization***

    FOIA policy and operations in HQ should be consolidated and joined organizationally with the USCIS records management program and its Privacy Officer function in ORS. A web-enabled tracking and coordinating system should be developed, which will correct problems encountered with the current system, and comply with E-FOIA. The transition to the new system should be managed in accordance with standard information technology practices. Complex FOIA requests, expedited processing, fee waiver determinations, and billing should have central oversight and a lead office designated as the point of contact with the requester.

    1.    **Consolidate HQ FOIA Policy Branch with HQ FOIA Operations Branch. Move entire FOIA Program to ORS and the HQ FOIA Supervisors to the units within the programs that provide the information resource management functions, such as records management and computer support services.**

    *Reason:* Although NRC and Burlington currently report to HQ FOIA, USCIS indicated that FOIA/PA will not consider any organizational changes at this time because the FOIA/PA Program is part of the USCIS Domestic Operations Program.[26] However, with the separation of the FOIA policy unit from FOIA Operations, there is no clear responsibility

---

[24] USCIS Response to CISO Second Request For Information List on FOIA, December 14, 2005.

[25] USCIS FOIA Operations Review Report, March 17, 2006

[26] USCIS Response to CISO Second Request For Information List on FOIA, December 14, 2005.

Freedom of Information Act
Revised Operational Improvement Plan
Page 34

for managing the USCIS FOIA program. It is unclear how USCIS operations interact with the FOIA program to respond to the backlogged requests. Severe coordination problems have resulted from the separation. FOIA personnel responsible for the day-to-day processing of requests have indicated that they lack clear direction and guidance on many issues. The separation of functions has resulted in a lack of consistency and an inability to address issues in a timely manner.

2. **Shift all Regional FOIA Officers and FOIA Supervisors within programs to the FOIA offices that provide the information resource management functions, such as records management and computer support services.**

*Reason:* In the <u>DHS FOIA 2004 Annual Report</u>[27], USCIS indicated that it was poised to implement a FOIA centralized processing system. The centralization project was proposed in July 2001 and approved 2002. After USCIS transferred to DHS, the DHS Privacy Officer endorsed the June 2002 proposal. However, the centralization still remains to be completed. To effectively administer USCIS responsibilities under FOIA for identifying and managing records, and under E-FOIA for posting certain categories of records to the USCIS website, there should be a partnership between the FOIA personnel, records management, and information resources management staff with the Privacy Act to ensure compliance with that statute and regulations.

3. **Require all USCIS programs with FOIA web sites to provide a link to NRC/ HQ/ Vermont web pages for submission of electronic FOIA requests.**

*Reason:* This will provide the public with an efficient and convenient way to electronically send in a request to the appropriate source for a response.[28]

C.   *Update/Amend Current Policies, Regulations, and Guidance*

Policies, regulations, and guidance should be frequently updated or developed to provide reliable USCIS-wide resources and address commonly encountered problems, particularly for electronic records. A FOIA training program should be uniformly developed and implemented for all employees to ensure effective compliance with FOIA and E-FOIA.

---

[27] Department of Homeland Security FOIA Annual Report for 2004, published April 2005, p. 8.

[28] USCIS ORS "FIPS Demonstration" to CISO, November 10, 2005.

Freedom of Information Act
Revised Operational Improvement Plan
Page 35

 *i.*   *Training (#14 and #15)*

   1.   **Develop an Annual Mandatory comprehensive and uniform National FOIA Training Program for all USCIS employees to include training for USCIS program staff on their FOIA responsibilities.**

*Reason:* USCIS indicated that there is a national training program available for its program staff: there are four courses on the virtual university and classroom instruction bi-annually, and Program Office staff has training on responsibilities under the FOIA and the PA.[29] However, USCIS should have workshops on FOIA exemptions that emphasize the criteria for making information-disclosure determinations and address procedural issues. There should be workshops on the Privacy Act of 1974, addressing definitions, restrictions on disclosure, requests for record access and amendment, and fair information practices.

USCIS officials who need periodic updates on FOIA case law and policy guidance developments should attend government wide FOIA programs. USCIS should hold agency wide FOIA conferences for all employees with specific emphasis on USCIS related issues, such as critical discretion when disclosing applicant immigration status information. A national training program ensures compliance with the FOIA, consistency in the application of its exemptions and in the responses to requests, and a clear understanding of USCIS records practices for the purpose of locating and providing responsive FOIA records. USCIS FOIA staff should have a thorough knowledge of FOIA resource materials, background and legislative history, disclosure mandates, exemptions to mandatory disclosure, administrative considerations, and the relationship of the FOIA to the Privacy Act of 1974. All USCIS staff should have a required annual certification of FOIA training and course completion, similar to the DHS employee required annual certification of Security training.

   2.   **Develop new standard operating procedures (FOIA Manual) that focuses on processing complex requests, multiple-office or multiple-region requests, centralized billing, and decisions on fee waivers and expedited processing; performing searches within offices, reviewing responsive records, and certifying/ documenting these steps; and for separating the releasable from withheld FOIA records at the time of initial processing to comply with FOIA and records management guidelines. Post these procedures on the USCIS intranet websites for reference by all employees.**

*Reason:* USCIS indicated that it has an online FOIA/PA handbook, but this is an old reference guide from when legacy INS belonged to DOJ.[30]

---

[29] USCIS Response to CISO Second Request For Information List on FOIA, December 14, 2005.

[30] DOJ FOIA Reference Guide, http://www.uscis.gov/graphics/aboutus/foia, last modified March 2, 2006.

Freedom of Information Act
Revised Operational Improvement Plan
Page 36

USCIS also has not developed any reference guides to govern FOIA operations, but instead uses the DOJ guide as its basis. To be consistent, all USCIS FOIA programs should require the most recent standard operating procedures and guidelines. This is important in a decentralized FOIA operation where the searches and substantive reviews are made within the program offices by persons who are experts in the subject area of the requested records, but who may know little or nothing about the FOIA. This procedure would establish some basic requirements every employee should know before answering a FOIA request.

    *ii.*    *Processing (#16 and #17)*

        1.    **Require each program to develop a plan to process FOIA requests within its respective offices that conforms with DHS and USCIS guidelines.**

        *Reason:* This action will coordinate requests with consistent application of FOIA provisions, and compliance with DHS and USCIS guidelines.[31]

        2.    **Require that all USCIS FOIA denial letters and "no records" responses include the procedures and deadline for filing an appeal, and be sent to the FOIA requester by certified mail with return receipt requested to confirm receipt of the decision letter.**

        *Reason:* USCIS currently outlines in each letter that the requester has the right to appeal a decision and provides the deadlines for such an appeal.[32] However, USCIS does not send its responses by certified mail or confirm a dated receipt of response, and thus is forced to accept FOIA appeals beyond the 30-day deadline. This requested process may significantly reduce the number of FOIA appeals.

**IV.    BENEFITS FOR USCIS AND DHS**

    *A.*    *Customer Service*

        *i.*    *Timely Receipt of Information* - Improved customer service will be realized when USCIS can deliver the FOIA product in a manner that is consistent with law and regulation and meets the requirements and expectations of the customer.

        *ii.*    *Reduced Cost- a. financially (less litigation); b. time (additional contact, follow-up, and paperwork)* - Many lawsuits are brought, not because of a denial of the request, but because USCIS failed to communicate with the requesters on a timely basis on where the request is in the FOIA process. As of November 30, 2005, USCIS has 13 FOIA cases in different stages of litigation[33]. DOJ

---

[31] USCIS Response to CISO First Request For Information List on FOIA, September 16, 2005.

[32] USCIS Response to CISO Second Request For Information List on FOIA, December 14, 2005.

[33] Id.

Freedom of Information Act
Revised Operational Improvement Plan
Page 37

> attorneys should not have to defend lawsuits where the information fits that category.

 *iii.*   ***Improved communication between USCIS and customer (more contact creates less frustration)*** - USCIS' failure of adequate communication with FOIA requesters on a timely basis is the single biggest frustration that people have with the FOIA. Customer service will vastly improve when USCIS creates a FOIA designated officer to mediate disputes between FOIA requesters and agencies.

**B.**   ***USCIS and DHS Efficiency***

 *iv.*   ***Reduce backlog*** - Actions to improve USCIS FOIA operations will substantially reduce the backlog by not allowing USCIS to utilize certain FOIA exemptions when it fails to respond to requests within the statutorily mandated response time.

 *v.*   ***Decrease cost- litigation*** - While any improvements in the USCIS FOIA system will cost money initially, substantial money will be saved by decreased litigation costs over the long run.

 *vi.*   ***Streamlined process and consistency in responses*** – USCIS will streamline responses by creating a database to contact requesters on a thirty day cycle that reports the status of the FOIA request.

 *vii.*   ***Increased efficiency because of skilled and trained FOIA officers-*** Comprehensive education and training of USCIS FOIA staff will develop proficient expertise in FOIA operations that will increase performance accountability, and thus, improve efficiency.

 *viii.*   ***Improved technology increases operational efficiency*** –The implementation of the seventeen actions will improve operational efficiency and significantly streamline the USCIS FOIA/PA Program, thereby strengthening the efficacy of the overall Departmental Disclosure and FOIA operations in the DHS Privacy Office.

**B.**   ***National Security***

Adoption of this recommendation will not adversely impact national security.

Freedom of Information Act
Revised Operational Improvement Plan
Page 38

**APPENDIX E: USCIS RESPONSE TO THE USCIS OMBUDSMAN RECOMMENDATIONS**



**U.S. Citizenship
and Immigration
Services**

To:        Prakash Khatri

           USCIS Ombudsman

From:       Dr. Emilio T. Gonzalez /s/

           Director, USCIS

Date:      October 5, 2006

Subject:   Response to Recommendation #30, To Improve Freedom of Information
           Act Operations

This is in response to your office's recommendation to improve Freedom of Information
(FOIA) operations, by implementing 17 actions and requirements. In your
recommendation, you state the following:

> "The existing USCIS FOIA program results show that FOIA processing is
> given low priority without clearly delineated accountability; thus backlogs
> develop or litigation ensues because of errors in processing. Oversight,
> insufficient resources, and budget problems have led to deficiencies..."

In 2003, when USCIS was formed, we recognized that our FOIA process was inefficient
and developed a more centralized and accountable process. We are absolutely confident
in the capabilities of the primary central location, the National Records Center (NRC) and
their approach to streamlined, automated, accountable, FOIA processing. There is no
doubt they can timely and very expediently manage the approximately 120,000 current
FOIA cases received annually by USCIS. The main issue for us now is the backlog of
approximately 82,000 cases.

**Specific Recommendations:**

Of your 17 specific recommendations, 10 have previously been accomplished by the
USCIS FOIA Program, largely due to the centralization of the work; four represent work
we have already started and are on track to complete; one is no longer applicable, again,
due to centralization; and finally, two of the recommendations we do not agree with. In
summary, we view this as a positive indication that USCIS initiatives towards FOIA

Freedom of Information Act
Revised Operational Improvement Plan
Page 39

improvements are being recognized by others as things that needed to be done and are supportive of our efforts. Each recommendation is addressed below:

1. Develop a web-enabled USCIS-wide FOIA Tracking System that meets statutory requirements of E-FOIA and provides document management and workflow for simultaneous reviews and multi-track assignment of FOIA requests.

    USCIS Response: USCIS' electronic system, Freedom of Information and Privacy Acts Processing System (FIPS), is not presently a web enabled system, but does meet the statutory requirements for E-FOIA and reporting requirement to Congress and Executive Branch components. As with many older technologies, we are in the process of converting them where appropriate to web-enabled technologies. In the case of FIPS, it is a valuable and critical tool in the processing of FOIA and we have a request for investment pending before our Senior Review Board for the transition to a web-enabled FIPS system. We anticipate that the request will be approved and FIPS will be web-enabled by the end of Fiscal Year (FY) 2007.

2. Replace all remaining USCIS stand-alone FOIA systems, after either importing existing electronic files into the new USCIS-wide FOIA system or establishing a link from the new system to the old system to make full use of the existing technology and electronic records. Give FOIA Officers, FOIA Management, and other FOIA personnel, access to the new FOIA system as needed.

    USCIS Response: FIPS is USCIS' only FOIA/PA processing system. There are no stand-alone FOIA systems. Prior to the decision to centralize FOIA, each field office had its own FIPS access, but it was tied to the main FIPS server. As the USCIS FOIA/PA program is now centralized, there is no need for FIPS stations or access at the field offices. The access to FIPS at the central locations is widely available to those who need it, from FOIA officers, to supervisors and for management reports.

3. Provide FOIA Supervisors in each program with a copy of a monthly list of overdue FOIA requests and a bi-weekly list of pending requests, with a copy of both lists sent to the Senior Management of the FOIA/PA program.

    USCIS Response: Since centralization is almost complete, the majority of the requests are processed by the National Records Center (NRC). The NRC, using FIPS report engine, does generate monthly reports (at times more often) informing the various Program and field offices of the status of the requests for responsive records. The reports are sent to the program heads and the regional records managers.

4. Require FOIA management to review the list of overdue FOIA requests, verify the number of outstanding requests, and commit efficient resources to reduce the backlog. The status of this backlog-reduction effort should be reported to the ORS FOIA Office monthly.

Freedom of Information Act
Revised Operational Improvement Plan
Page 40

USCIS Response: The NRC does track all FOIA processing, including backlog work. USCIS is committing additional resources where it is financially able to do so in conjunction with other agency priorities. We recently had a staffing model created for the FOIA/PA program to determine how many resources were required to deal with the backlog and how many were needed to keep up with receipts.

USCIS is not currently funded for any of the FOIA work, since approximately 98% of the agency's budget is derived from fee revenue. Since we do not currently charge applicants for FOIA as part of any fee, and we do not get appropriated funds for this purpose, any funding USCIS is able to divert to FOIA, is at the expense of some other activity. We have requested a fee for FOIA requests as part of the FY08 fee review process.

5. Require each FOIA supervisor to review the bi-weekly list of pending FOIA requests and address other FOIA issues with the same high priority given to controlled correspondence and congressional inquiries.

USCIS Response: As previously stated, USCIS has improved the FOIA process and is giving it a much higher priority than was done in previous years. If the program begins to receive a fee for the service given, it will greatly enhance the ability of the program to respond timely to requests.

6. Add clearly-defined FOIA responsibilities to the performance standards as a critical element of all USCIS managers and supervisors.

USCIS Response: This will be accomplished as management prepares its cascading goals under MAXHr.

7. Revise job position descriptions for FOIA Officers and personnel to define the specific skills required to effectively perform the duties of the position (e.g., ability to communicate effectively in writing and orally, ability to make sound decisions and resolve complex issues, and ability to conduct legal research).

USCIS Response: This has been accomplished.

8. Designate ORS as the lead office to administer and oversee USCIS National FOIA/PA program – to include issuing USCIS-wide guidance, procedures, policies, and operations consistent with DHS FOIA/PA, updating websites, and conducting periodic audits/inspections of FOIA processes in the program, NRC, HQ, and Vermont.

USCIS Response: This has been accomplished as part of the centralization of FOIA under the Records Division and primarily at the NRC and Headquarters components.

9. Require management to submit a written verification to the ORS FOIA Office that FOIA Supervisors have received FOIA training and that they possess the skills and expertise required of the position. Where the FOIA Supervisor has not received FOIA training, the office must demonstrate that the Supervisor will obtain appropriate training within a reasonable period of time.

Freedom of Information Act
Revised Operational Improvement Plan
Page 41

USCIS Response: The FOIA/PA Program office has conducted training throughout the year. FOIA and PA training have been afforded to both the FOIA/PA professionals and the non-FOIA/PA professionals. Additionally, USCIS will be issuing periodic electronic broadcasts reminding the workforce of its responsibilities under the PA.

10. USCIS shall conduct needs analysis of all FOIA programs to consider the staff and monetary resources needed to comply with the recommendations of this and various congressional reports, to reduce the backlog of outstanding FOIA requests, and to improve overall response times. Every office should have staffing levels sufficient to allow for timely processing of requests.

USCIS Response: This has been accomplished as part of the centralization of FOIA under the Records Division and primarily at the NRC and Headquarters components.

11. Consolidate HQ FOIA Policy Branch with HQ FOIA Operations Branch. Move entire FOIA Program to ORS and the HQ FOIA Supervisors to the units within the programs that provide the information resource management functions, such as records management and computer support services.

USCIS Response: This has been accomplished as part of the centralization of FOIA under the Records Division and primarily at the NRC and Headquarters components.

12. Shift all Regional FOIA Officers and FOIA Supervisors within programs to the FOIA offices that provide the information resource management functions, such as records management and computer support services.

USCIS Response: This has been accomplished as part of the centralization of FOIA under the Records Division and primarily at the NRC and Headquarters components.

13. Require all USCIS programs with FOIA web sites to provide a link to NRC/ HQ/ Vermont web pages for submission of electronic FOIA requests.

USCIS Response: FOIA has a web link on the main USCIS web-page. USCIS HQ will ensure that there is a connection with the NRC web page. Vermont does not have a separate webpage.

14. Develop an Annual Mandatory comprehensive and uniform National FOIA Training Program for all USCIS employees to include training for USCIS program staff on their FOIA responsibilities.

USCIS Response: This has been accomplished as part of the centralization of FOIA under the Records Division and primarily at the NRC and Headquarters components. Training is updated periodically and we will continue to refine as improvements are made to automation.

15. Develop new standard operating procedures (FOIA Manual) that focuses on processing complex requests, multiple-office or multiple-region requests, centralized billing, and decisions on fee waivers and expedited processing; performing searches within offices, reviewing responsive records, and

Freedom of Information Act
Revised Operational Improvement Plan
Page 42

certifying/documenting these steps; and for separating the releasable from
withheld FOIA records at the time of initial processing to comply with FOIA
and records management guidelines. Post these procedures on the USCIS
intranet websites for reference by all employees.

USCIS Response: USCIS does use the Department of Justice (DOJ)
reference guide as the basis for the processing. Each FOIA/PA office
receives sufficient copies of the DOJ reference guide on a biannual basis
as they are produced. USCIS also has an on-line handbook (available on
the Intranet) that is being updated. Each student who attends the formal
classroom training receives a student guide that incorporates the
requirements stated above. The instructor provides the students with a
phone number and name of individuals who can answer their questions on
a daily basis or as needed. Training is updated periodically and we will
continue to refine as improvements are made.

16. Require each program to develop a plan to process FOIA requests within its
respective offices that conforms to DHS and USCIS guidelines.

USCIS Response: Under the centralization plan, all FOIA/PA requests
will be processed at the NRC, HQ and Vermont. Only the 4 service
centers remain to be centralized. These offices have staffs dedicated
exclusively to the processing of FOIA/PA requests. All CIS FOIA
requests are processed by one of these offices.

17. Require that all USCIS FOIA denial letters and "no records" responses
include the procedures and deadline for filing an appeal, and be sent to the
FOIA requester by certified mail with return receipt requested to confirm
receipt of the decision letter.

USCIS Response: This requirement will be cost prohibitive given the
number of requests that the agency receives, an average of approximately
120,000 cases annually. Had we provided this service to-date this fiscal
year, we would have incurred an over $190,000 expense just to receipt
acknowledge those requests that might result in an appeal or litigation.
Given that less than 2% of our requests are appealed (and these are
primarily because the client feels we have not disclosed sufficient
information), this expense is cost-prohibitive.

We also concur with your assessment of the benefits to be realized for USCIS and all our
customers in terms of increased customer service, reduced costs, improved
communication, increased efficiency, improved technology and decreased (hopefully
eliminated) litigation.

Freedom of Information Act
Revised Operational Improvement Plan
Page 43

In conclusion, our main issue is the backlog. We are confident of the team, technology, and leadership going forward, but it is the backlog that remains the chokepoint. We recognize this problem and are taking steps to address it as quickly as possible, as evidenced above. Process and technology improvements alone will not suffice to eliminate the backlog - resources and funding are also needed. We are hopeful that this issue will also be resolved in the near future.

If you have any questions, or would like to discuss this further, please contact Dominick Gentile, Chief, Records Division at 202 272 8686.

EXHIBIT 7

Backlog Reduction Goals for FY08, FY09, FY10
In furtherance of E.O. 13,392, "Improving Agency Disclosure of Information"
U.S. Department of Homeland Security

U.S. Customs & Border Protection (CBP)

Initial Requests

| Fiscal Year | Number of Pending Requests at Beginning of FY | Estimated Number of Requests Incoming During FY | Agency's Goal for Number of Requests to be Processed During FY | Agency's Goal for Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at End of FY |
|---|---|---|---|---|
| 2008 | 397 | 12,151 | 12,200 | 251 |

| Fiscal Year | Projected Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at Beginning of FY | Estimated Number of Requests Incoming During FY | Agency's Goal for Number of Requests to be Processed During FY | Agency's Goal for Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at End of FY |
|---|---|---|---|---|
| 2009 | 251 | 14,095 | 14,146 | 200 |

Backlog Reduction Goals for FY08, FY09, FY10
In furtherance of E.O. 13,392, "Improving Agency Disclosure of Information"
U.S. Department of Homeland Security

**Appeals**

| Fiscal Year | Number of Pending Appeals at Beginning of FY | Estimated Number of Appeals Incoming During FY | Agency's Goal for Number of Appeals to be Processed During FY | Agency's Goal for Number of Appeals Pending Beyond Statutory Time Period (i.e., Backlog) at End of FY |
|---|---|---|---|---|
| 2008 | 185 | 175 | 200 | 148 |
| 2010 | 200 | 16,350 | 16,450 | 100 |

| Fiscal Year | Projected Number of Appeals Pending Beyond Statutory Time Period (i.e., Backlog) at Beginning of FY | Estimated Number of Appeals Incoming During FY | Agency's Goal for Number of Appeals to be Processed During FY | Agency's Goal for Number of Appeals Pending Beyond Statutory Time Period (i.e., Backlog) at End of FY |
|---|---|---|---|---|
| 2009 | 148 | 225 | 250 | 123 |

Backlog Reduction Goals for FY08, FY09, FY10
In furtherance of E.O. 13,392, "Improving Agency Disclosure of Information"
U.S. Department of Homeland Security

| | 2010 | 123 | 275 | 300 | 98 |

U.S. Coast Guard (USCG)

| Fiscal Year | Number of Pending Requests at Beginning of FY | Estimated Number of Requests Incoming During FY | Agency's Goal for Number of Requests to be Processed During FY | Agency's Goal for Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at End of FY |
|---|---|---|---|---|
| 2008 | 1690 | 7370 | 7359 | 1635 |

Backlog Reduction Goals for FY08, FY09, FY10
In furtherance of E.O. 13,392, "Improving Agency Disclosure of Information"
U.S. Department of Homeland Security

| Fiscal Year | Projected Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at Beginning of FY | Estimated Number of Requests Incoming During FY | Agency's Goal for Number of Requests to be Processed During FY | Agency's Goal for Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at End of FY |
|---|---|---|---|---|
| 2009 | 1635 | 7370 | 7499 | 1506 |
| 2010 | 1506 | 7370 | 7639 | 1237 |

Appeals

| Fiscal Year | Number of Pending Appeals at Beginning of FY | Estimated Number of Appeals Incoming During FY | Agency's Goal for Number of Appeals to be Processed During FY | Agency's Goal for Number of Appeals Pending Beyond Statutory Time Period (i.e., Backlog) at End of FY |
|---|---|---|---|---|
| 2008 | 36 | 28 | 35 | 21 |

Backlog Reduction Goals for FY08, FY09, FY10
In furtherance of E.O. 13,392, "Improving Agency Disclosure of Information"
U.S. Department of Homeland Security

| Fiscal Year | Projected Number of Appeals Pending Beyond Statutory Time Period (i.e., Backlog) at Beginning of FY | Estimated Number of Appeals Incoming During FY | Agency's Goal for Number of Appeals to be Processed During FY | Agency's Goal for Number of Appeals Pending Beyond Statutory Time Period (i.e., Backlog) at End of FY |
|---|---|---|---|---|
| 2010 | 16 | 32 | 35 | 13 |
| 2009 | 21 | 30 | 35 | 16 |

U.S. Citizenship & Immigration Services (USCIS)

| Fiscal Year | Number of Pending Requests at Beginning of FY | Estimated Number of Requests Incoming During FY | Agency's Goal for Number of Requests to be Processed During FY | Agency's Goal for Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at End of FY |
|---|---|---|---|---|
| 2008 | 70,000 | 95,000 | 125,400 | 35,600 |

Backlog Reduction Goals for FY08, FY09, FY10
In furtherance of E.O. 13,392, "Improving Agency Disclosure of Information"
U.S. Department of Homeland Security

| Fiscal Year | Projected Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at Beginning of FY | Estimated Number of Requests Incoming During FY | Agency's Goal for Number of Requests to be Processed During FY | Agency's Goal for Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at End of FY |
|---|---|---|---|---|
| 2010 | 14,700 | 114,950 | 125,400 | 4,250 |
| 2009 | 35,600 | 104,500 | 125,400 | 14,700 |

Appeals

| Fiscal Year | Number of Pending Appeals at Beginning of FY | Estimated Number of Appeals Incoming During FY | Agency's Goal for Number of Appeals to be Processed During FY | Agency's Goal for Number of Appeals Pending Beyond Statutory Time Period (i.e., Backlog) at End of FY |
|---|---|---|---|---|
| 2008 | 2997 | 1102 | 2400 | 1601 |

Backlog Reduction Goals for FY08, FY09, FY10
In furtherance of E.O. 13,392, "Improving Agency Disclosure of Information"
U.S. Department of Homeland Security

| Fiscal Year | Projected Number of Appeals Pending Beyond Statutory Time Period (i.e., Backlog) at Beginning of FY | Estimated Number of Appeals Incoming During FY | Agency's Goal for Number of Appeals to be Processed During FY | Agency's Goal for Number of Appeals Pending Beyond Statutory Time Period (i.e., Backlog) at End of FY |
|---|---|---|---|---|
| 2009 | 1601 | 1102 | 2400 | 303 |
| 2010 | 303 | 1102 | 1405 | 0 |

Backlog Reduction Goals for FY08, FY09, FY10
In furtherance of E.O. 13,392, "Improving Agency Disclosure of Information"
U.S. Department of Homeland Security

Federal Emergency Management Agency (FEMA)

| Fiscal Year | Number of Pending Requests at Beginning of FY | Estimated Number of Requests Incoming During FY | Agency's Goal for Number of Requests to be Processed During FY | Agency's Goal for Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at End of FY |
|---|---|---|---|---|
| 2008 | 262 | 700 | 773 | 150 |

| Fiscal Year | Projected Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at Beginning of FY | Estimated Number of Requests Incoming During FY | Agency's Goal for Number of Requests to be Processed During FY | Agency's Goal for Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at End of FY |
|---|---|---|---|---|
| 2009 | 150 | 800 | 927 | 23 |
| 2010 | 23 | 900 | 923 | 0 |

Backlog Reduction Goals for FY08, FY09, FY10
In furtherance of E.O. 13,392, "Improving Agency Disclosure of Information"
U.S. Department of Homeland Security

U.S. Immigration & Customs Enforcement (ICE)

| Fiscal Year | Number of Pending Requests at Beginning of FY | Estimated Number of Requests Incoming During FY | Agency's Goal for Number of Requests to be Processed During FY | Agency's Goal for Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at End of FY |
|---|---|---|---|---|
| 2008 | 227 | 4000 | 4100 | 57 |

| Fiscal Year | Projected Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at Beginning of FY | Estimated Number of Requests Incoming During FY | Agency's Goal for Number of Requests to be Processed During FY | Agency's Goal for Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at End of FY |
|---|---|---|---|---|
| 2009 | 57 | 4750 | 4800 | 7 |
| 2010 | 7 | 5500 | 5507 | 0 |

Backlog Reduction Goals for FY08, FY09, FY10
In furtherance of E.O. 13,392, "Improving Agency Disclosure of Information"
U.S. Department of Homeland Security

U.S. Secret Service (USSS)

| Fiscal Year | Number of Pending Requests at Beginning of FY | Estimated Number of Requests Incoming During FY | Agency's Goal for Number of Requests to be Processed During FY | Agency's Goal for Number of Requests Pending Beyond Statutory Time Period (i.e, Backlog) at End of FY |
|---|---|---|---|---|
| 2008 | 673 | 855 | 824 | 484 |
| Fiscal Year | Projected Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at Beginning of FY | Estimated Number of Requests Incoming During FY | Agency's Goal for Number of Requests to be Processed During FY | Agency's Goal for Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at End of FY |
| 2009 | 484 | 870 | 906 | 448 |
| 2010 | 448 | 890 | 996 | 342 |

Backlog Reduction Goals for FY08, FY09, FY10
In furtherance of E.O. 13,392, "Improving Agency Disclosure of Information"
U.S. Department of Homeland Security

**Appeals**

| Fiscal Year | Number of Pending Appeals at Beginning of FY | Estimated Number of Appeals Incoming During FY | Agency's Goal for Number of Appeals to be Processed During FY | Agency's Goal for Number of Appeals Pending Beyond Statutory Time Period (i.e., Backlog) at End of FY |
|---|---|---|---|---|
| 2008 | 25 | 70 | 70 | 19 |

| Fiscal Year | Projected Number of Appeals Pending Beyond Statutory Time Period (i.e., Backlog) at Beginning of FY | Estimated Number of Appeals Incoming During FY | Agency's Goal for Number of Appeals to be Processed During FY | Agency's Goal for Number of Appeals Pending Beyond Statutory Time Period (i.e., Backlog) at End of FY |
|---|---|---|---|---|
| 2009 | 19 | 72 | 75 | 16 |
| 2010 | 16 | 75 | 80 | 11 |

Backlog Reduction Goals for FY08, FY09, FY10
In furtherance of E.O. 13,392, "Improving Agency Disclosure of Information"
U.S. Department of Homeland Security

Transportation Security Administration (TSA)

| Fiscal Year | Number of Pending Requests at Beginning of FY | Estimated Number of Requests Incoming During FY | Agency's Goal for Number of Requests to be Processed During FY | Agency's Goal for Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at End of FY |
|---|---|---|---|---|
| 2008 | 230 | 900 | 1055 | 75 |
| Fiscal Year | Projected Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at Beginning of FY | Estimated Number of Requests Incoming During FY | Agency's Goal for Number of Requests to be Processed During FY | Agency's Goal for Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at End of FY |
| 2009 | 75 | 950 | 975 | 50 |
| 2010 | 50 | 1000 | 1025 | 25 |

Backlog Reduction Goals for FY08, FY09, FY10
In furtherance of E.O. 13,392, "Improving Agency Disclosure of Information"
U.S. Department of Homeland Security

**Appeals**

| Fiscal Year | Number of Pending Appeals at Beginning of FY | Estimated Number of Appeals Incoming During FY | Agency's Goal for Number of Appeals to be Processed During FY | Agency's Goal for Number of Appeals Pending Beyond Statutory Time Period (i.e., Backlog) at End of FY |
|---|---|---|---|---|
| 2008 | 15 | 50 | 60 | 5 |

| Fiscal Year | Projected Number of Appeals Pending Beyond Statutory Time Period (i.e., Backlog) at Beginning of FY | Estimated Number of Appeals Incoming During FY | Agency's Goal for Number of Appeals to be Processed During FY | Agency's Goal for Number of Appeals Pending Beyond Statutory Time Period (i.e., Backlog) at End of FY |
|---|---|---|---|---|
| 2009 | 5 | 50 | 53 | 2 |
| 2010 | 2 | 50 | 52 | 0 |

Backlog Reduction Goals for FY08, FY09, FY10
In furtherance of E.O. 13,392, "Improving Agency Disclosure of Information"
U.S. Department of Homeland Security

Office of Civil Rights & Civil Liberties (CRCL) – no backlog

| Fiscal Year | Number of Pending Requests at Beginning of FY | Estimated Number of Requests Incoming During FY | Agency's Goal for Number of Requests to be Processed During FY | Agency's Goal for Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at End of FY |
|---|---|---|---|---|
| 2008 | 4 | 16 | 20 | 0 |

| Fiscal Year | Projected Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at Beginning of FY | Estimated Number of Requests Incoming During FY | Agency's Goal for Number of Requests to be Processed During FY | Agency's Goal for Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at End of FY |
|---|---|---|---|---|
| 2009 | 0 | 18 | 18 | 0 |
| 2010 | 0 | 20 | 20 | 0 |

Backlog Reduction Goals for FY08, FY09, FY10
In furtherance of E.O. 13,392, "Improving Agency Disclosure of Information"
U.S. Department of Homeland Security

Federal Law Enforcement Training Center (FLETC)*

| Fiscal Year | Number of Pending Requests at Beginning of FY | Estimated Number of Requests Incoming During FY | Agency's Goal for Number of Requests to be Processed During FY | Agency's Goal for Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at End of FY |
|---|---|---|---|---|
| 2008 | 90 | 1700 | 1700 | 50 |

| Fiscal Year | Projected Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at Beginning of FY | Estimated Number of Requests Incoming During FY | Agency's Goal for Number of Requests to be Processed During FY | Agency's Goal for Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at End of FY |
|---|---|---|---|---|
| 2009 | 50 | 1850 | 1900 | 0 |
| 2010 | 0 | 2000 | 2000 | 0 |

*
FLETC, currently processing it's own FOIA appeals, maintains no appeals backlog

Backlog Reduction Goals for FY08, FY09, FY10
In furtherance of E.O. 13,392, "Improving Agency Disclosure of Information"
U.S. Department of Homeland Security

Assistant Secretary for Intelligence & Analysis (OIA)

| Fiscal Year | Number of Pending Requests at Beginning of FY | Projected Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at Beginning of FY | Estimated Number of Requests Incoming During FY | Agency's Goal for Number of Requests to be Processed During FY | Agency's Goal for Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at End of FY |
|---|---|---|---|---|---|
| 2008 | 48 | | 75 | 83 | 40 |
| 2009 | 40 | | 85 | 90 | 35 |
| 2010 | 35 | | 90 | 95 | 30 |

Backlog Reduction Goals for FY08, FY09, FY10
In furtherance of E.O. 13,392, "Improving Agency Disclosure of Information"
U.S. Department of Homeland Security

Under Secretary for Management (MGMT)

| Fiscal Year | Number of Pending Requests at Beginning of FY | Estimated Number of Requests Incoming During FY | Agency's Goal for Number of Requests to be Processed During FY | Agency's Goal for Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at End of FY |
|---|---|---|---|---|
| 2008 | 15 | 216 | 223 | 8 |
| 2009 | 8 | 221 | 223 | 6 |
| 2010 | 6 | 227 | 227 | 2 |
| Fiscal Year | Projected Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at Beginning of FY | Estimated Number of Requests Incoming During FY | Agency's Goal for Number of Requests to be Processed During FY | Agency's Goal for Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at End of FY |

Backlog Reduction Goals for FY08, FY09, FY10
In furtherance of E.O. 13,392, "Improving Agency Disclosure of Information"
U.S. Department of Homeland Security

National Protection and Programs Directorate (NPPD) & US-VISIT*

| Fiscal Year | Number of Pending Requests at Beginning of FY | Estimated Number of Requests Incoming During FY | Agency's Goal for Number of Requests to be Processed During FY | Agency's Goal for Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at End of FY |
|---|---|---|---|---|
| 2008 | 18 | 183 | 190 | 5 |
| 2009 | 5 | 219 | 222 | 2 |
| 2010 | 2 | 263 | 265 | 0 |
| Fiscal Year | Projected Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at Beginning of FY | | | Agency's Goal for Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at End of FY |

* In FY07, US-VISIT was not fully integrated into NPPD FOIA, however, this backlog reduction plan does consider US-VISIT as an office within NPPD for the upcoming years.

Backlog Reduction Goals for FY08, FY09, FY10
In furtherance of E.O. 13,392, "Improving Agency Disclosure of Information"
U.S. Department of Homeland Security

Director for Operations Coordination (OPS)

| Fiscal Year | Projected Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at Beginning of FY | Estimated Number of Requests Incoming During FY | Agency's Goal for Number of Requests to be Processed During FY | Agency's Goal for Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at End of FY |
|---|---|---|---|---|
| Fiscal Year | Number of Pending Requests at Beginning of FY | Estimated Number of Requests Incoming During FY | Agency's Goal for Number of Requests to be Processed During FY | Agency's Goal for Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at End of FY |
| 2008 | 5 | 70 | 61 | 14 |
| 2009 | 14 | 85 | 87 | 12 |
| 2010 | 12 | 88 | 93 | 7 |

Backlog Reduction Goals for FY08, FY09, FY10
In furtherance of E.O. 13,392, "Improving Agency Disclosure of Information"
U.S. Department of Homeland Security

Office of Inspector General (OIG)

| Fiscal Year | Number of Pending Requests at Beginning of FY | Estimated Number of Requests Incoming During FY | Agency's Goal for Number of Requests to be Processed During FY | Agency's Goal for Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at End of FY |
|---|---|---|---|---|
| 2008 | 101 | 200 | 221 | 80 |
| 2009 | 80 | 250 | 266 | 64 |
| 2010 | 64 | 300 | 313 | 51 |
| Fiscal Year | Projected Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at Beginning of FY | Estimated Number of Requests Incoming During FY | Agency's Goal for Number of Requests to be Processed During FY | Agency's Goal for Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at End of FY |

Backlog Reduction Goals for FY08, FY09, FY10
In furtherance of E.O. 13,392, "Improving Agency Disclosure of Information"
U.S. Department of Homeland Security

Assistant Secretary for Policy

| Fiscal Year | Projected Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at Beginning of FY | Estimated Number of Requests Incoming During FY | Agency's Goal for Number of Requests to be Processed During FY | Agency's Goal for Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at End of FY |
|---|---|---|---|---|
| Fiscal Year | Number of Pending Requests at Beginning of FY | | | |
| 2008 | 6 | 36 | 42 | 0 |
| 2009 | 0 | 45 | 45 | 0 |
| 2010 | 0 | 56 | 56 | 0 |

Backlog Reduction Goals for FY08, FY09, FY10
In furtherance of E.O. 13,392, "Improving Agency Disclosure of Information"
U.S. Department of Homeland Security

Privacy Office (PRIV)

| Fiscal Year | Number of Pending Requests at Beginning of FY | Estimated Number of Requests Incoming During FY | Agency's Goal for Number of Requests to be Processed During FY | Agency's Goal for Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at End of FY |
|---|---|---|---|---|
| 2008 | 63 | 1205 | 1240 | 20 |

| Fiscal Year | Projected Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at Beginning of FY | Estimated Number of Requests Incoming During FY | Agency's Goal for Number of Requests to be Processed During FY | Agency's Goal for Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at End of FY |
|---|---|---|---|---|
| 2009 | 20 | 1,275 | 1,270 | 15 |
| 2010 | 15 | 1,440 | 1,460 | 0 |

Backlog Reduction Goals for FY08, FY09, FY10
In furtherance of E.O. 13,392, "Improving Agency Disclosure of Information"
U.S. Department of Homeland Security

Under Secretary for Science & Technology (S&T)

| Fiscal Year | Projected Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at Beginning of FY | Estimated Number of Requests Incoming During FY | Agency's Goal for Number of Requests to be Processed During FY | Agency's Goal for Number of Requests Pending Beyond Statutory Time Period (i.e., Backlog) at End of FY |
|---|---|---|---|---|
| 2008 | 22 | 20 | 20 | 12 |
| 2009 | 12 | 61 | 61 | 10 |
| 2010 | 10 | 81 | 81 | 5 |

Backlog Reduction Goals for FY08, FY09, FY10
In furtherance of E.O. 13,392, "Improving Agency Disclosure of Information"
U.S. Department of Homeland Security

**Appeals**

DHS Office of General Counsel[*]

| Fiscal Year | Number of Pending Appeals at Beginning of FY | Estimated Number of Appeals Incoming During FY | Agency's Goal for Number of Appeals to be Processed During FY | Agency's Goal for Number of Appeals Pending Beyond Statutory Time Period (i.e., Backlog) at End of FY |
|---|---|---|---|---|
| 2008 | 242 | 450 | 474 | 218 |

| Fiscal Year | Projected Number of Appeals Pending Beyond Statutory Time Period (i.e., Backlog) at Beginning of FY | Estimated Number of Appeals Incoming During FY | Agency's Goal for Number of Appeals to be Processed During FY | Agency's Goal for Number of Appeals Pending Beyond Statutory Time Period (i.e., Backlog) at End of FY |
|---|---|---|---|---|
| 2009 | 218 | 500 | 522 | 196 |
| 2010 | 196 | 550 | 572 | 176 |

[*] Processes appeals for DHS/PRIV, CRCL, FEMA, ICE, OIG, MGMT, OIA, OPS, NPPD/US-VISIT, S&T, Policy